# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Civil Action No. 1:17-cv-01167-JEB |

## ANSWER

Defendant Federal Bureau of Investigation ("FBI" or "defendant"), through its undersigned counsel, hereby answers the Complaint (ECF No. 1) ("Complaint") filed by plaintiff Cable News Network, Inc. ("plaintiff") on June 15, 2017, in the above-captioned matter, as follows:

## FIRST DEFENSE

Plaintiff seeks information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, that is exempt from disclosure under the statute.

## SECOND DEFENSE

The Court lacks subject-matter jurisdiction over plaintiff's claim for expedited processing on the ground of mootness.

Defendant responds to the unnumbered and numbered paragraphs of plaintiff's Complaint as set forth below:

The first unnumbered paragraph consists of plaintiff's characterization of this lawsuit, to which no response is required.

1. Paragraph 1 consists of plaintiff's characterization of this suit, to which no response is required.

2. Denied.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Defendant admits the first sentence of paragraph 4. The second sentence of this paragraph consists of plaintiff's legal conclusions, to which no response is required.

5. The first sentence of paragraph 5 consists of plaintiff's characterization of this suit, to which no response is required. The remaining sentences of this paragraph consist of plaintiff's legal conclusions regarding jurisdiction, to which no response is required.

6. Paragraph 6 consists of plaintiff's legal conclusions regarding venue, to which no response is required.

7.-9. The allegations in paragraphs 7-9 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

10. Defendant admits the existence of the referenced memorandum. The remaining allegations of this paragraph consist of plaintiff's characterization of the contents of the referenced memorandum (based on former FBI Director James Comey's testimony before Congress and news reports), to which no response is required.

11. Admitted.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Defendant admits that it received a FOIA request from Greg Wallace dated May 16, 2017. The remaining allegations of paragraph 8 consists of plaintiff's characterization of the referenced FOIA request, to which no response is required. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

14. Admitted but defendant respectfully refers the Court to the referenced confirmation receipt for a full and accurate statement of its contents.

15. Admitted but defendant respectfully refers the Court to the referenced letter for a full and accurate statement of its contents.

16. Defendant admits that it sent the referenced letter. The remaining allegations of paragraph 16 consist of plaintiff's characterization of this letter, to which no response is required. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents.

17. Defendant admits that it received an appeal letter from plaintiff dated May 26, 2017. The remaining allegations of paragraph 17 consist of plaintiff's characterization of this letter and legal conclusions, to which no response is required. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents.

18. Defendant admits that it sent the referenced letter. The remaining allegations of paragraph 18 consist of plaintiff's characterization of this letter, to which no response is required. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents.

19. Admitted.

20. The allegations of paragraph 20 consist of plaintiff's characterization of the referenced prepared statement, which is a matter of public record and to which no response is required. Defendant respectfully refers the Court to the statement, which is available on the Senate Intelligence Committee website, for a full and accurate statement of its contents.

21. Defendant admits that it received the referenced email. The remaining allegations of paragraph 21 consist of plaintiff's characterization of this email, to which no response is required. Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

22. Defendant admits the first sentence of paragraph 22. The remaining allegations of this paragraph consist of plaintiff's characterizations of the referenced testimony, which is a matter of public record and to which no response is required. Defendant respectfully refers to the Court to that testimony, the video of which is available on the Senate Intelligence Committee website, for a complete and accurate statement of its contents.

23-24. The allegations in paragraphs 23-24 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

25. Defendant admits that it sent the referenced email. The remaining allegations of paragraph 25 consist of plaintiff's characterization of the referenced email, to which no response is required. Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

26. Admitted, except to note that the correct year is 2017, not 2917, and defendant respectfully refers the Court to the referenced email for a full and accurate statement of its contents.

27. Defendant admits that it sent the referenced letter. The remaining allegations of paragraph 27 consist of plaintiff's characterization of this letter, to which no response is required. Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents.

28. The allegations in paragraph 28 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

29. Denied.

30. The allegations contained in paragraph 30 consist of plaintiff's legal conclusions and argument, to which no response is required.

31. Denied as to the present date.

32. Denied except to admit that defendant has not produced any responsive records.

33. Defendant incorporates by reference its answers to paragraphs l through 32 of the Complaint.

34. The allegations contained in paragraph 34 consist of plaintiff's characterization of the cited statute and legal conclusions, to which no response is required.

35. The allegations contained in paragraph 35 consist of plaintiff's legal conclusions, to which no response is required.

36. The allegations contained in paragraph 36 consist of plaintiff's characterization of the cited statute and legal conclusions, to which no response is required.

37.     Admitted.

38.     The allegations contained in paragraph 38 consist of plaintiff's legal conclusions, to which no response is required.

39.     Denied except to admit that defendant has not produced any responsive records.

40-41.  The allegations contained in paragraphs 40-41 consist of plaintiff's legal conclusions, to which no response is required.

42-43.  Paragraphs 42-43 consist of plaintiff's characterization of the relief it requests, to which no response is required.  To the extent a response is required, defendant denies that plaintiff is entitled to any relief.

The remaining paragraphs of the Complaint contain plaintiff's requested relief, to which no response is required.  To the extent a response is required, defendant denies the allegations contained in the remaining paragraphs of the Complaint and further avers that plaintiff is not entitled to any relief.

Defendant hereby denies all allegations in the Complaint not expressly admitted or denied.

WHEREFORE, having fully answered the Complaint, defendant asserts that plaintiff is not entitled to the relief requested and respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding defendant costs and such other relief as the Court may deem appropriate.

Dated:  July 31, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Director, Civil Division

*/s/ Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendant*