**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CABLE NEWS NETWORK, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION,** <br><br> Defendant. <br><br> **[And Consolidated Matters]** | Civil Action No. 17-1167 (JEB), *et al.* |

**MEMORANDUM OPINION**

As part of the five Freedom of Information Act cases consolidated here, Plaintiff Freedom Watch, Inc. has sought records broadly related to memoranda prepared by former Federal Bureau of Investigation Director James Comey that concern certain prominent government officials. The Department of Justice now seeks judgment on the pleadings or summary judgment on this piece of the case, which Motion Plaintiff has not even opposed. As the Court agrees with DOJ that Freedom Watch did not sufficiently exhaust its request, the Motion will be granted.

**I.   Background**

Because Plaintiff did not file an opposition to the instant Motion, the Court draws the following facts from the record, accepting as true all of Defendant's supported factual assertions. See Fed. R. Civ. P. 56(e)(2); Winston & Strawn, LLP v. McLean, 843 F.3d 503, 509 (D.C. Cir. 2016).

Freedom Watch's FOIA request at issue, dated May 18, 2017, sought from the Criminal Division of DOJ: "Any and all documents and records as defined . . . which constitute, refer, or

1

relate in any way to any memoranda prepared, written and/or issue[d] by former FBI Director James Comey concerning Barack Obama, Hillary Clinton, Bill Clinton, Lieutenant General Michael Flynn, and President Donald Trump." Def. Statement of Undisputed Facts, ¶ 1 (emphasis added). On May 30, Justice acknowledged receipt of the request, but it noted that a proper FOIA request "must reasonably describe the records sought" and explained what that entailed. Id., ¶ 4. Defendant further informed Plaintiff that, absent a clarification or narrowing within 30 days, the case would be administratively closed. Id., ¶ 5. Freedom Watch did not respond. Id., ¶ 6.

Plaintiff nonetheless brought this action against DOJ and the FBI. See No. 17-1212, ECF No. 1. Justice alone has now moved for judgment on the pleadings or, in the alternative, for summary judgment. Freedom Watch, once again, remains silent.

## II. Legal Standard

As the Court decides the matter under the summary-judgment standard, it lays out the law relating only to that type of motion. Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Liberty Lobby, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The

moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

FOIA cases typically and appropriately are decided on motions for summary judgment. See Brayton v. Office of U.S. Trade Rep., 641 F.3d 521, 527 (D.C. Cir. 2011). In a FOIA case, a court may grant summary judgment based solely on information provided in an agency's affidavits or declarations when they "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted). "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)).

When the non-movant fails to file an opposition, the court may not treat the motion as conceded. See Winston & Strawn, 843 F.3d at 505-06. Rather, "a district court must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." Id. at 507 (quoting Grimes v. Dist. of Columbia, 794 F.3d 83, 95 (D.C. Cir. 2015)). In doing so, the court may, however, accept the moving party's uncontested assertions of fact as true. See Fed. R. Civ. P. 56(e)(2).

**III.    Analysis**

In seeking summary judgment here, DOJ principally argues that the overbreadth of Freedom Watch's request means that it has not complied with the agency's FOIA guidelines. Courts often talk about the need to abide by such procedures as the "exhaustion" requirement. Such "[e]xhaustion of administrative remedies is generally required before filing suit in federal court." Oglesby v. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990).  A plaintiff's "failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust" and generally subjects the case to dismissal. West v. Jackson, 448 F. Supp. 2d 207, 211 (D.D.C. 2006); see Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (affirming Rule 12(b)(6) dismissal for failure to exhaust); Hinojosa v. Dep't of Treasury, No. 06-215, 2006 WL 2927095, at *4 (D.D.C. 2006) ("Failure to file a perfected request constitutes failure to exhaust administrative remedies and subjects the requesting party's suit to dismissal."). To "maintain a civil action," a litigant must thus first "properly initiate[]" FOIA's administrative process by following each agency's "published rules" on request procedures. Brown v. FBI, 675 F. Supp. 2d 122, 126 (D.D.C. 2009); see, e.g., Oglesby, 920 F.2d at 66-67 (requiring litigant to comply with published rules on fees before proceeding); see also Lewis v. DOJ, 733 F. Supp. 2d 97, 107 (D.D.C. 2010); Calhoun v. DOJ, 693 F. Supp. 2d 89, 91 (D.D.C. 2010); Antonelli v. Fed. Bureau of Prisons, 591 F. Supp. 2d 15, 26 (D.D.C. 2008).

These are not mere formalities to be routinely ignored, some unseemly morass of bureaucratic red tape.  Rather, "[e]xhaustion has long been required in FOIA cases" as a core component of "'orderly procedure and good administration.'" Dettmann v. DOJ, 802 F.2d 1472, 1476 n.8 (D.C. Cir. 1986) (quoting United States v. Tucker Truck Lines, 344 U.S 33, 37 (1952)). Complying with the regular process allows an agency "an opportunity to exercise its discretion

and expertise on the matter and to make a factual record to support its decision." Oglesby, 920 F.2d at 61. As a result, "an agency's obligation under FOIA begins only upon receipt of a valid request." Freedom Watch v. U.S. Dep't of State, 925 F. Supp. 2d 55, 60 (D.D.C. 2013) (internal quotation marks and citation omitted).

In this case, DOJ's regulations require that a requester "describe the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort." 28 CFR § 16.3(b). "To the extent possible, requesters should include specific information that may assist a component in identifying the requested records, such as the date, title or name, author, recipient, subject matter of the record, case number, file designation, or reference number." Id. If the DOJ component "determines that [such request] does not reasonably describe the records sought, the component shall inform the requester what additional information is needed or why the request is otherwise insufficient." Id. As the D.C. Circuit recently held, such upfront procedures are permissible so long as they are "reasonable." Clemente v. FBI, 867 F.3d 111, 119 (D.C. Cir. 2017). They clearly are in this case.

Here, Justice concluded that the language "relate in any way to" certain Comey memos was too vague. Courts in this district have agreed with such an appraisal, including in cases involving this same Plaintiff. See, e.g., Freedom Watch, 925 F. Supp. 2d at 61 (holding request for "'all' records that 'relate to' each subject area" "overbroad since life, like law, is 'a seamless web,' and all documents 'relate' to all others in some remote fashion") (citation omitted); Shapiro v. CIA, 170 F. Supp. 3d 147, 155 (D.D.C. 2016) ("[T]here is a difference in kind between requests for documents that 'mention' or 'reference' a specified person or topic and those seeking records 'pertaining to,' 'relating to,' or 'concerning' the same."); Dale v. IRS, 238 F. Supp. 2d 99,

104 (D.D.C. 2002) (request for documents "that refer or relate in any way to [the plaintiff]" did not reasonably describe the records sought).

Of course, Justice here gave Freedom Watch the opportunity to narrow or rephrase its request, but Plaintiff never accepted the invitation. See Freedom Watch, 925 F. Supp. 2d at 62 (where same plaintiff ignored agency's attempts to narrow scope of request, refusal to dismiss case would "overlook agency administrative procedures for that very purpose and encourage litigating by crying wolf, which Freedom Watch did here"). The Court, accordingly, finds that Plaintiff did not sufficiently describe the documents it sought and thus did not exhaust its administrative remedies.

## IV. Conclusion

Given that Plaintiff has not exhausted its administrative remedies, the Court will grant the Motion and enter judgment on this claim in favor of Defendant.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: September 22, 2017