IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC.,<br><br>　　Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>　　Defendant. | Civil Action No. 1:17-cv-01167-JEB |
| GANNETT SATELLITE INFORMATION NETWORK, LLC, d/b/a USA TODAY, *et al.*,<br><br>　　Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　Defendant. | Civil Action No. 1:17-cv-01175-JEB |
| JUDICIAL WATCH, INC.,<br><br>　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>　　Defendant. | Civil Action No. 1:17-cv-01189-JEB |
| FREEDOM WATCH, INC.,<br><br>　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and FEDERAL BUREAU OF INVESTIGATION,<br><br>　　Defendants. | Civil Action No. 1:17-cv-01212-JEB |

| | |
|---|---|
| THE DAILY CALLER NEWS FOUNDATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>　　　　Defendant. | Civil Action No. 1:17-cv-01830-JEB |

## SECOND DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)　I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), in Winchester, Virginia. I have held this position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)　In my official capacity as Section Chief of RIDS, I supervise approximately 249 employees who staff a total of twelve (12) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive

Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 13526,[1] and the preparation of declarations in support of Exemption 1 claims asserted under the FOIA. I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 13526, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     This is my second declaration in this case and third overall declaration submitted by the FBI. It incorporates by reference and supplements my previous declaration, *see* ECF No. 22-2, as well as the *in camera* and *ex parte* declaration submitted in conjunction with the FBI's motion for summary judgment. It provides further support for the FBI's motion for summary judgment, and also supports the FBI's response to cross-motions for summary judgment by the plaintiffs.

(4)     The FBI is confident that it has identified and located the entire collection of documents comprising the "Comey Memos." To be sure, however, the FBI consulted with the Special Counsel's Office and confirmed that the records we located and processed in response to this portion of plaintiffs' requests represent the universe of "Comey Memos" that exist. Also, as explained in our first declaration, the National Security and Cyber Law Branch (NSCLB) of the FBI's Office of General Counsel was responsible for providing legal advice and guidance within the Bureau regarding the Russian interference investigation. Consequently, attorneys in NSCLB

---

[1] 75 Fed. Reg. 707 (2010).

3

were able to confirm to staff members handling these FOIA requests that the collection of memos located within the larger collection of former Director Comey's records comprised the universe of the "Comey Memos" requested by some of the plaintiffs.[2]

(5) Moreover, the FBI reviewed each of the Comey Memos on a document-by-document basis in preparing its declarations in this case.

(6) The FBI is unaware that Director Comey, during his tenure as Director, publicly shared the memos, their contents, or details about the conversations they document. The FBI has not located any documented official disclosure of the memos or their contents, or about the conversations they document. So to be clear, the information that the FBI has protected here is not currently in the public domain through any documented official public disclosure by the FBI (including by Director Comey when he was Director).

(7) Regarding the challenge to the FBI's protection of the privacy interests of its employee and the employee's relative, the FBI concluded that the employee, who is a senior-level career official, has at least more than a *de minimis* privacy interest in his or her identity being disclosed notwithstanding his or her senior level particularly in the context of the circumstances here, where the discussion at issue reflected personal opinions concerning that official. The FBI further concluded that the employee's relative has a more significant privacy interest. In this case, the employee's identity is inextricably intertwined with the employee's relative's identity, such that disclosure of one individual's identity would reveal the other, and therefore that the privacy interest to be considered in the balancing test must be that of the relative. The FBI concluded that these intertwined privacy interests are not outweighed by any public interest. The only public interest asserted here is an interest in knowing about the

---

[2] Some plaintiffs sought only a single memo.

discussion between former Director Comey and President Trump. However, "public interest" for FOIA purposes means information that would significantly increase the public's understanding of agency operations and activities. The FBI has concluded that the identities of its employee and that employee's relative referenced in the context of personal opinions about those individuals do not, themselves, significantly increase the public's understanding of the FBI's operations and activities.

(8) Regarding the timing of the classification of information in the memos: the information protected as classified in the memos, which is a small part of the overall content of the memos, was classified at the time the memos were written.

(9) Plaintiff Judicial Watch has specifically asked what exemptions apply to the single memorandum it requested. The FBI has asserted only Exemption (b)(7)(A) regarding that memorandum.

(10) Finally, the FBI has carefully considered the Comey Memos in comparison to the information officially disclosed on October 30 and December 1, 2017, regarding the criminal cases against Paul Manafort, Robert Gates, George Papadopoulos, and retired Lieutenant General Michael T. Flynn. The information officially disclosed regarding these criminal cases does not match or duplicate the information in the Comey Memos that the FBI has protected. Accordingly, the FBI has concluded that the October 30 and December 1 disclosures about the Manafort, Gates, Papadopoulos, and Flynn cases did not officially acknowledge anything contained in the Comey Memos that would now require disclosure of any information contained in the memos. Finally, the FBI conferred with the Special Counsel's Office about this issue and the Special Counsel's Office concurs with the FBI's conclusion that the October 30 and December 1 disclosures did not officially acknowledge any of the information contained in the

Comey Memos and thus do not affect the FBI's decision to withhold the Comey Memos in full.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5 day of November, 2017.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia