**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CABLE NEWS NETWORK, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 17-1167 (JEB) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| GANNETT SATELLITE INFORMATION NETWORK, LLC, d/b/a/ USA TODAY, <u>et al</u>., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 17-1175 (JEB) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 17-1189 (JEB) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

FREEDOM WATCH, INC.,

Plaintiff,

| | | |
|---|---|---|
| v. | * | Civil Action No. 17-1212 (JEB) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * | * | |
| THE DAILY CALLER NEWS FOUNDATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 17-1830 (JEB) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * | | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT**

# **Table of Contents**

FACTUAL BACKGROUND ........................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    STANDARD OF REVIEW ...................................................................................................... 2

    DOJ HAS NOT SUFFICIENTLY DEMONSTRATED THE APPROPRIATENESS
    OF ITS INVOCATION OF FOIA EXEMPTION 7(A) .................................................... 3

CONCLUSION .............................................................................................................................. 6

# Table of Authorities

### Cases

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) .................................................. 2, 3

Barnard v. Dep't of Homeland Sec., 598 F. Supp. 2d 1 (D.D.C. 2009) ......................... 4, 5

Bartko v. Dep't of Justice, 62 F. Supp. 3d 134 (D.D.C. 2014) ........................................... 5

Campbell v. Dep't of Health and Human Servs., 682 F.2d 256 (D.C. Cir. 1982) .......... 3, 4

Crooker v. Bureau of Alcohol, Tobacco & Firearms, 789 F.2d 64 (D.C. Cir. 1986) ..... 3, 4

Gray v. Army Crim. Investigation Command, 742 F. Supp. 2d 68 (D.D.C. 2010) .... 3, 4, 5

Holcomb v. Powell, 433 F.3d 889 (D.C. Cir. 2006) ........................................................... 2

James Madison Project v. Dep't of Justice, 208 F. Supp. 3d 265 (D.D.C. 2016) ............... 5

Pub. Citizen Health Research Group v. FDA, 185 F.3d 898 (D.C. Cir. 1999) ................... 2

### Rules

FRCP 56 .............................................................................................................................. 2

The Plaintiffs, Gannett Satellite Information Network, LLC, d/b/a/ USA TODAY ("USA TODAY"), Brad Heath ("Mr. Heath"), The James Madison Project ("JMP"), Garrett Graff ("Mr. Graff"), and Lachlan Markay ("Mr. Markay")(hereinafter referred to collectively as the "Plaintiffs"), brought this action under the Freedom of Information Act ("FOIA") to secure the lawful disclosure of records held by the defendant Department of Justice ("DOJ") and its component entities. Presently before this Court is DOJ's Second Partial Motion for Summary Judgment ("Motion") regarding records reflecting discussions between former FBI Director James Comey ("Director Comey") and DOJ staff concerning the now-infamous Comey Memoranda.

For the reasons set forth in detail below, this Court should deny in part DOJ's Motion.[1]

## FACTUAL BACKGROUND

The factual and procedural background of this proceeding was largely set forth in two documents: the First Amended Complaint, see Dkt. #9 (filed July 19, 2017), and DOJ's Statement of Material Facts as to which there is no genuine dispute, see Dkt. #45-4 (filed January 19, 2018)("Statement of Material Facts").

In the interest of avoiding repeating information already set forth before this Court in DOJ's Statement of Material Facts, the Plaintiffs incorporate that document herein by reference. However, the Plaintiffs are only incorporating the factual statements in relation to paragraphs 1-4, 6-7, and 9-12, and only to the extent that they do not constitute legal

---

[1] The Plaintiffs are not challenging the adequacy of the searches conducted by DOJ or the FBI. The Plaintiffs are also not challenging the appropriateness of redactions made pursuant to FOIA Exemptions 6 and 7(C).

characterizations and conclusions regarding the appropriateness of invocations of particular FOIA exemptions.

## ARGUMENT

### I. STANDARD OF REVIEW

Summary judgment pursuant to FRCP 56 should be awarded to a movant if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating the appropriateness of summary judgment, the Court must view the evidence in the light most favorable to the non-moving party, Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006), accepting the non-moving party's evidence as true and drawing "all justifiable inferences" in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, the Court need not rely on any "conclusory allegations unsupported by factual data," Pub. Citizen Health Research Group v. FDA, 185 F.3d 898, 908 (D.C. Cir. 1999) (internal quotation marks and citations omitted), and should only find that "there is a genuine issue for trial" where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249 (citation omitted).

The mere existence of some alleged factual dispute between the parties will not defeat summary judgment; the requirement is that there is no genuine issue of material fact. See Holcomb, 433 F.3d at 895 (internal quotation marks and citations omitted). A fact is "material" if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are "irrelevant or unnecessary" do not affect the summary judgment

determination. Anderson, 477 U.S. at 248. An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

## II. DOJ HAS NOT SUFFICIENTLY DEMONSTRATED THE APPROPRIATENESS OF ITS INVOCATION OF FOIA EXEMPTION 7(A)

There is no disagreement regarding the standard for evaluating Exemption 7(A) withholdings. The burden is on the agency to demonstrate that disclosure could reasonably be expected to interfere with enforcement proceedings that are pending or reasonably anticipated. See Def's Memo at 19-21.

DOJ has failed to meet its burden to demonstrate that disclosure could reasonably be expected to interfere with the enforcement proceeding. The D.C. Circuit has held that an agency invoking Exemption 7(A) must show, by more than a conclusory statement, how the particular kinds of investigatory records requested would interfere with a pending enforcement proceeding. See Campbell v. Dep't of Health and Human Servs., 682 F.2d 256, 259 (D.C. Cir. 1982). At a minimum, the agency's submissions must "focus upon categories of records encompassed by [plaintiff's] request." See Gray v. Army Crim. Investigation Command, 742 F. Supp. 2d 68, 74 (D.D.C. 2010)(quoting Campbell, 682 F.2d at 265).

In particular, the agency affidavits or declarations "must demonstrate specifically how each document or category of documents, if disclosed, would interfere with the investigation, for example, how revelation of any particular record or record category identified as responsive to [plaintiff's] request would reveal to particular targets actual or potential, the scope, direction, or focus of the [agency's] inquiry." See Gray, 742 F. Supp. 2d at 74 (quoting Campbell, 682 F.2d at 265); see also Crooker v. Bureau of Alcohol, Tobacco & Firearms, 789 F.2d 64, 67 (D.C. Cir. 1986)("The hallmark of an acceptable

Robbins category is thus that it is *functional*; it allows the court to trace a rational link between the nature of the document and the alleged likely interference)(emphasis in original).

Notwithstanding the requirements established in Crooker and Campbell, as well as those refined further in Gray, DOJ has provided this Court with little in the way of non-conclusory information upon which to determine the appropriateness of its categorical FOIA Exemption 7(A) invocations. See Dkt. #45-2 at ¶¶35-36 (filed January 19, 2018). Just like it did in its first dispositive motion concerning the Comey Memoranda in and of themselves, see Dkt. #22-2 at ¶70 (filed October 13, 2017), DOJ is not attempting to hide this fact. The Hardy Declaration unapologetically admits that the "FBI is limited in the amount of information it can provide publicly about the Special Counsel's investigation may be adversely affected by disclosure of the additional records concerning he Comey Memos that were located … without the explanation itself risking harm to the investigation or revealing information exempt under one or more other exemptions." Dkt. #45-2 at ¶36. Instead, DOJ again appears to be relying heavily upon the additional detail that purportedly exists in a separate *in camera*, *ex parte* declaration that it is seeking to submit to this Court through its contemporaneous motion for leave. Id. at ¶36.[2]

Even assuming *arguendo* that this Court has the authority to render its decision on DOJ's categorical FOIA Exemption 7(A) invocation relying almost exclusively upon *ex parte* information, the Plaintiffs once again respectfully urge that this Court exercise utmost hesitation and caution in doing so. See Barnard v. Dep't of Homeland Sec., 598 F. Supp. 2d 1, 16 (D.D.C. 2009)(noting that *in camera* declaration should be avoided *unless*

---

[2] The Plaintiffs take no position on DOJ's separate Motion for Leave to Submit Second *In Camera, Ex Parte* Declaration. See Dkt. #46 (filed January 19, 2018).

*truly necessary*)(emphasis added); see also Bartko v. Dep't of Justice, 62 F. Supp. 3d 134, 147 (D.D.C. 2014)("Until the FBI provides something approaching this level of specificity – and perhaps certain sensitive information *may* be provided *in camera* – the Court will not be in a position to consider its argument for summary judgment on Exemption 7(A).")(emphasis added).

The interests of public policy support the conclusion that this Court should require that DOJ provide, at an absolute minimum, supplemental declarations (both public and *in camera*) justifying their FOIA Exemption 7(A) invocation. See James Madison Project v. Dep't of Justice, 208 F. Supp. 3d 265, 292 (D.D.C. 2016)(finding CIA's refusal to "identify why the disclosure of the specific category of records would interfere with enforcement proceedings" required conclusion that the agency had failed to adequately justify invocation of FOIA Exemption 7(A)); see also Gray, 742 F. Supp. 2d at 75 ("However, these conclusory, boilerplate statements, without reference to specific documents or even categories of documents, fail to support the agency's motion for summary judgment on the basis of Exemption 7(A)). To permit the categorical withholding of these three pages of responsive materials – documentation regarding which it is axiomatic are of *significant* public interest – based entirely upon *ex parte* information runs contrary to the spirit of FOIA.

Furthermore, given this Court's willingness to require submission of the Comey Memoranda themselves for *in camera* review, see January 11, 2018, Minute Order, the Plaintiffs request that this Court review the three pages of responsive materials *in camera* as well. It would be more than reasonable for this Court to view that minimal amount of

5

additional information to be relevant and worthy of *in camera* consideration just as was done for the Comey Memoranda.

It may ultimately come to pass that DOJ can justifiably invoke FOIA Exemption 7(A) in such a categorical fashion. This Court should not countenance that action, however, without first mandating a more detailed public accounting of the nature of the risk to the investigation that is reasonably likely to occur if the three pages of responsive material are released, as well as conducting its own *in camera* review of the three pages of responsive materials.

## **CONCLUSION**

For the foregoing reasons, the Defendant's Second Partial Motion for Summary Judgment should be denied in part.

Date: February 2, 2018

                                               Respectfully submitted,

                                                 /s/
                                               _____
                                               Bradley P. Moss, Esq.
                                               D.C. Bar #975905
                                               Mark S. Zaid, Esq.
                                               D.C. Bar #440532
                                               Mark S. Zaid, P.C.
                                               1250 Connecticut Avenue, N.W.
                                               Suite 200
                                               Washington, D.C. 20036
                                               (202) 454-2809
                                               (202) 330-5610 fax
                                               Brad@MarkZaid.com
                                               Mark@MarkZaid.com

                                               Attorneys for the Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CABLE NEWS NETWORK, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 17-1167 (JEB) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |
| * * * * * * * | * | |
| GANNETT SATELLITE INFORMATION NETWORK, LLC, d/b/a/ USA TODAY, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 17-1175 (JEB) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |
| * * * * * * * | * | |
| JUDICIAL WATCH, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 17-1189 (JEB) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |
| * * * * * * * | * | |
| FREEDOM WATCH, INC., | * | |
| Plaintiff, | * | |

|  |  |  |
|---|---|---|
| v. | * | Civil Action No. 17-1212 (JEB) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| THE DAILY CALLER NEWS FOUNDATION, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 17-1830 (JEB) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \*

## RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to Local Rule 7.1 (h), the plaintiffs Gannett Satellite Information Network, LLC, d/b/a/ USA TODAY ("USA TODAY"), Brad Heath ("Mr. Heath"), The James Madison Project ("JMP"), Garrett Graff ("Mr. Graff"), and Lachlan Markay ("Mr. Markay")(hereinafter referred to collectively as the "Plaintiffs") respectfully respond to the defendants Department of Justice's Statement of Material Facts as to which there is no Genuine Dispute.

1. The Plaintiffs do not dispute this statement.

2. The Plaintiffs do not dispute these statements.

3. The Plaintiffs do not dispute this statement.

4. The Plaintiffs do not dispute these statements.

5. The Plaintiffs dispute these statements in so much as they implicate a legal conclusion being challenged in this litigation, namely the extent to which there have been additional, material official disclosures of information.

6. The Plaintiffs do not dispute these statements.

7. The Plaintiffs do not dispute these statements.

8. The Plaintiffs do not dispute these statements except to the extent they implicate a legal conclusion being challenged in this litigation, namely the extent to which there have been additional, material official disclosures of information.

9. The Plaintiffs do not dispute this statement, although the Plaintiffs submit that the language of the document speaks for itself. Dkt. #22-2 at ¶14.

10. The Plaintiffs do not dispute this statement.

11. The Plaintiffs do not dispute this statement, although the Plaintiffs submit that the language of the document speaks for itself. Dkt. #9 at ¶¶27, 35-36

12. The Plaintiffs do not dispute this statement, although the Plaintiffs submit that the language of the document speaks for itself. Id. at ¶¶43-44, 50-51.

13. The Plaintiffs do not dispute this statement.

14. The Plaintiffs do not dispute the recitation of these statements except to the extent that they implicate legal conclusions regarding the appropriateness of withholdings, which is a legal question being challenged in this litigation.

15. The Plaintiffs do not dispute the recitation of these statements except to the extent that they implicate legal conclusions regarding the appropriateness of withholdings, which is a legal question being challenged in this litigation.

16. The Plaintiffs do not dispute this statement.

17. The Plaintiffs do not dispute these statements.

18. No response needed.

19. No response needed.

20. No response needed.

21. No response needed.

22. The Plaintiffs dispute these statements, as they implicate a legal question being challenged in this litigation.

23. The Plaintiffs dispute this statement, as it implicates a legal question being challenged in this litigation.

Date:   February 2, 2018

Respectfully submitted,

/s/

_____
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CABLE NEWS NETWORK, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 17-1167 (JEB) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| GANNETT SATELLITE INFORMATION NETWORK, LLC, d/b/a/ USA TODAY, <u>et al</u>., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 17-1175 (JEB) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 17-1189 (JEB) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

FREEDOM WATCH, INC.,

Plaintiff,

|                                |   |                                |
|--------------------------------|---|--------------------------------|
| v.                             | * | Civil Action No. 17-1212 (JEB) |
|                                | * |                                |
| DEPARTMENT OF JUSTICE,         | * |                                |
|                                | * |                                |
| Defendant.                     | * |                                |
|                                | * |                                |
| *   *   *   *   *   *   *      | * |                                |
|                                | * |                                |
| THE DAILY CALLER NEWS          | * |                                |
| FOUNDATION,                    | * |                                |
|                                | * |                                |
| Plaintiff,                     | * |                                |
|                                | * |                                |
| v.                             | * | Civil Action No. 17-1830 (JEB) |
|                                | * |                                |
| DEPARTMENT OF JUSTICE,         | * |                                |
|                                | * |                                |
| Defendant.                     | * |                                |
|                                | * |                                |
| *   *   *   *   *   *   *      | * |                                |

## **ORDER**

Upon consideration of Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Second Motion for Partial Summary Judgment, and the entire record herein, it is this _____ day of _____ 2018, hereby

ORDERED, that defendant's Motion is denied in part.

_____
UNITED STATES DISTRICT JUDGE

2