**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Civil Action No. 1:17-cv-01167-JEB |
| GANNETT SATELLITE INFORMATION NETWORK, LLC, d/b/a USA TODAY, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 1:17-cv-01175-JEB |
| JUDICIAL WATCH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 1:17-cv-01189-JEB |
| FREEDOM WATCH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendants. | Civil Action No. 1:17-cv-01212-JEB |

<table>
<tr><td>

THE DAILY CALLER NEWS
FOUNDATION,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,

      Defendant.

</td><td>

Civil Action No. 1:17-cv-01830-JEB

</td></tr>
</table>

**DEFENDANTS' REPLY IN RESPONSE TO PLAINTIFFS' OPPOSITION (DKT. NO. 50)
TO DEFENDANTS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

These consolidated cases focus on Freedom of Information Act ("FOIA") requests for the

memoranda written by former Federal Bureau of Investigation ("FBI") Director James B. Comey

documenting his conversations with President Donald J. Trump (the "Comey Memos").  That

part of these cases was recently resolved on February 2, 2018, with the Court upholding the

government's assertion of Exemption 7(A) to protect the entirety of the Comey Memos from

disclosure.  *See* Mem. Op. (Dkt. No. 49).  Exemption 7(A) protects documents compiled for law

enforcement purposes where their disclosure "could reasonably be expected to interfere with

enforcement proceedings," 5 U.S.C. § 552(b)(7)(A), and the Court found that the government

had met its burden of making this showing.  The Court's decision followed its *in camera*, *ex

parte* review of two declarations submitted by the FBI (in addition to two public declarations

filed on the docket), an *ex parte* proffer by an attorney from the Special Counsel's Office, and

review of the documents themselves.

At issue in the present motion for partial summary judgment are the remaining parts of

FOIA requests submitted by the plaintiffs in Civil Action Nos. 17-1175 ("the *Gannett* plaintiffs")

2

and 17-1212 (Freedom Watch), seeking additional related documents.  The FBI located three

pages of documents responsive to these requests, specifically, three pages of emails referring or

relating to the Comey Memos.  Third Hardy Decl. ¶ 30.  As set forth in the government's

opening memorandum, the FBI and the Special Counsel determined that the disclosure of these

records at the current time, while the Special Counsel's sensitive and high-profile investigation

remains ongoing, could reasonably be expected to adversely affect the integrity of that

investigation for the same reasons that disclosure of the Comey Memos could reasonably be

expected to harm the investigation's integrity.  *Id.* ¶¶ 30-38.  Accordingly, the Court should

conclude, as it did with regard to the Comey Memos themselves, that these documents have also

been properly withheld in full pursuant to FOIA Exemption 7(A).

      In addition, the government has withheld limited amounts of information in these

documents pursuant to Exemptions 6 and 7(C).  The *Gannett* plaintiffs do not contest the

withholdings pursuant to these exemptions.[1]  Pls.' Opp. at 1 n.1 (Dkt. No. 50).  The *Gannett*

plaintiffs also do not contest the adequacy of the government's searches.  *Id.*  As the adequacy of

the search is the only issue at stake with regard to the Department of Justice Office of

Information and Privacy's ("OIP's") processing of the request submitted to it, that office is

entitled to summary judgment in its favor without further ado.  To the extent that the *Gannett*

plaintiffs oppose the government's motion for summary judgment as to the FBI's withholding of

---

[1] Freedom Watch (No. 17-1212) has not timely filed a cross-motion and/or opposition to
defendants' second motion for partial summary judgment, *see* Minute Order (Nov. 9, 2017), and
therefore this reply responds only to arguments raised in the *Gannett* plaintiffs' opposition (Dkt.
No. 50).

the three pages of email under Exemption 7(A), those arguments should be rejected as addressed further below.

## <u>ARGUMENT</u>

The *Gannett* plaintiffs argue that the government should not be allowed to meet its burden to establish the applicability of Exemption 7(A) to the documents at issue here by principally relying on an *in camera*, *ex parte* declaration, that is, the Second Declaration of David W. Archey, Deputy Assistant Director with the FBI's Counterintelligence Division.  *See* Defs.' Mot. for Leave to Submit Second *In Camera, Ex Parte* Decl., at 1 (Dkt. No. 46).  The *Gannett* plaintiffs contend that the public declaration submitted by the government to justify withholding (the Third Declaration of David M. Hardy, Section Chief, Record/Information Dissemination Section, FBI) is too conclusory and for the Court to permit the "categorical withholding of these three pages" "based entirely upon *ex parte* information runs contrary to the spirit of FOIA."  Pls.' Opp'n at 5 (Dkt. No. 50).  The *Gannett* plaintiffs request that defendants be ordered to provide "supplemental declarations (both public and *in camera*) justifying their FOIA Exemption 7(A) invocation."  *Id.*

Although the government submitted Deputy Assistant Director Archey's *in camera*, *ex parte* declaration to provide additional explanation of the harm to the investigation from release of these records, the public declaration of David Hardy is not as "conclusory" as the *Gannett* plaintiffs characterize it.  Section Chief Hardy identifies the specific type of records at issue, *i.e.*, three pages of emails, and explains that these emails "refer/relate to the Comey Memos."  Third Hardy Decl. ¶ 35.  He further explains that disclosure of these three pages could reasonably be expected to adversely affect the pending investigation by disclosing non-public information

4

about the memos that the FBI has protected in the first instance to prevent harm to the investigation. *Id.* He asserts that these three pages "if disclosed, would highlight particular activities, interactions, and individuals, which in turn would draw attention to them in relation to the impending investigation." *Id.* These assertions are by themselves sufficient to support the claimed exemption here, particularly in light of the Court's recent analysis of the government's Exemption 7(A) claim with regard to the Comey Memos themselves and the materials submitted to support that claim.

In any event, it is entirely appropriate for the Court to also consider the additional detail and explanation provided in Deputy Assistant Director Archey's *in camera*, *ex parte* declaration. As the Court's February 2, 2018, decision indicates, consideration by the Court of such *in camera*, *ex parte* declarations is appropriate where Exemption 7(A) is claimed. *See* Mem. Op. at 9 ("'[W]here, as here, an agency indicates that no additional information concerning an investigation may be publicly disclosed without revealing precisely the information that the agency seeks to withhold,' the Court can properly resolve the issue by *in camera* review." (quoting *Barnard v. Dep't of Homeland Sec'y*, 598 F. Supp. 2d 1, 16 (D.D.C. 2009))); *see also* Mem. Op. at 14 (describing materials reviewed *in camera* and *ex parte*). To be sure, the Court recognized that, in such cases, plaintiffs might be "somewhat hamstrung" in their arguments by their inability to review the *in camera*, *ex parte* declarations themselves. *Id.* at 11. But the Court also recognized that the Court itself must be more than just a "rubber stamp" for the agency's conclusions. *Id.* at 13. Accordingly, the Court undertook to analyze and test the government's assertions itself, in addition to addressing plaintiffs' contentions. Specifically, in addressing the withholding of the Comey Memos, the Court, acting *ex parte*, (1) reviewed the First Archey

Declaration; (2) reviewed the Comey Memos themselves; (3) asked an attorney from the Special Counsel's Office to make an on-the-record proffer about the investigation; and (4) reviewed an additional declaration, the Third Archey Declaration. *Id.* at 12. This process probed beneath any of the government allegations deemed by the Court to be too conclusory and is sufficient to ensure that the Court's decision was adequately supported and justified on the facts.

Here, the withholding of the three pages of emails is sufficiently supported by the Third Hardy Declaration and the Second Archey Declaration, taken together with the materials reviewed by the Court in its consideration of the withholding of the Comey Memos themselves. Nevertheless, to clarify the date of the compilation of these three pages of emails into the Special Counsel's investigation, the government is submitting herewith a further public declaration, the Fourth Hardy Declaration. In addition, should the Court believe that further additional information is necessary from the government, the government is willing to provide whatever additional information or materials the Court may wish, *ex parte* if necessary. This commitment should address the complaints set forth in the *Gannett* plaintiffs' opposition memorandum regarding the procedures followed in these cases and should provide more than adequate information for the Court to uphold the withholding here.

## CONCLUSION

For the foregoing reasons and for the reasons stated in the defendants' opening memorandum (Dkt. No. 45), the Court should grant the government's second motion for partial summary judgment.

6

Dated:  February 9, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Director, Civil Division

*/s/Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Civil Action No. 1:17-cv-01167-JEB |
| GANNETT SATELLITE INFORMATION NETWORK, LLC, d/b/a USA TODAY, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 1:17-cv-01175-JEB |
| JUDICIAL WATCH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 1:17-cv-01189-JEB |
| FREEDOM WATCH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendants. | Civil Action No. 1:17-cv-01212-JEB |

THE DAILY CALLER NEWS
FOUNDATION,

     Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,

     Defendant.

Civil Action No. 1:17-cv-01830-JEB

## FOURTH DECLARATION OF DAVID M. HARDY

    I, David M. Hardy, declare as follows:

    (1)    I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), in Winchester, Virginia. I have held this position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

    (2)    In my official capacity as Section Chief of RIDS, I supervise approximately 246 employees who staff a total of twelve (12) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive

2

Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of Plaintiffs' FOIA requests that are at issue in this litigation. The following lawsuits have been consolidated under Civil Action No. 17-cv-1167 (D.D.C.): *CNN v. FBI,* 17-cv-1167 (D.D.C.); *Gannett Satellite Information Network et al. v. DOJ*, 17-cv-1175 (D.D.C.); *Judicial Watch v. DOJ*, 17-cv-1189 (D.D.C.); *Freedom Watch v. DOJ & FBI*, 17-cv-1212 (D.D.C.); and *Daily Caller v. DOJ*, 17-cv-1830 (D.D.C.). *See* Civil Action No. 17-cv-1167 (D.D.C.), Minute Order dated July 26, 2017 (consolidating all lawsuits except the Daily Caller lawsuit) and Minute Order dated September 7, 2017 (consolidating the Daily Caller lawsuit).

(4)     On August 15, 2017 and November 9, 2017, the Court entered schedules in this case that effectively bifurcated briefing, with briefing on the appropriateness of the FBI's search for and withholdings of the so-called "Comey Memos" occurring first, to be followed by briefing on the appropriateness of the FBI's search for and withholdings of records responsive to the remaining portions of FOIA requests submitted by Plaintiffs Gannett Satellite Information Network and Brad Heath, James Madison Project and Garrett Graff ("JMP/Graff"), James Madison Project and Lachlan Markay ("JMP/Markay"), and Freedom Watch. *See* Minute Orders in 17-cv-01167 (D.D.C.) (Aug. 15, 2017 and Oct. 9, 2017). On February 2, 2018, the FBI's

3

motion for summary judgment regarding the Comey Memos was granted. *See* ECF No. 49, Memorandum Opinion (Feb. 2, 2018).

(5)     This declaration is being submitted in support of the FBI's motion for partial summary judgment as to the remaining portions of the FOIA requests at issue in the consolidated cases. This declaration incorporates by reference my previous declarations in this case, *see* ECF No. 22-2, Declaration of David M. Hardy (October 13, 2017) ("First Hardy Declaration"), ECF No. 36-1, Second Declaration of David M. Hardy (November 5, 2017) ("Second Hardy Declaration"), and ECF No. 45-2, Third Declaration of David M. Hardy (January 19, 2018) ("Third Hardy Declaration"); the *in camera* and *ex parte* declaration being submitted in conjunction with the partial motion for partial summary judgment on January 31, 2018, *see In Camera, Ex Parte* Declaration of David Archey (January 19, 2018); the *in camera* and *ex parte* declarations previously submitted in support of the FBI's motion for partial summary judgment regarding the Comey Memos (ECF No. 22). *See In Camera, Ex Parte* Declaration of the FBI (October 13, 2017); Third *In Camera, Ex Parte* Declaration of David W. Archey (January 31, 2018); and the sealed on-the-record, *ex parte* proffer of Michael R. Dreeben, Counsel to the Special Counsel. *See* ECF No. 49, Memorandum Opinion, at p. 5.

(6)     As noted in my third declaration, the three pages of records here meet the Exemption (b)(7) threshold. *See* ECF No. 45-2, Third Hardy Declaration, at ¶ 33. More particularly, these records have themselves been compiled for law enforcement purposes, just as the Comey Memos were. *See* ECF No. 49, Memorandum Opinion, at p. 10-12; *In Camera, Ex Parte* Declaration of the FBI (October 13, 2017). I have confirmed that like the Comey Memos, they were so compiled by or before June 16, 2017.

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed this _8th_ day of February, 2018.

David M. Hardy
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia