APPEAL,CLOSED,CONSOL,TYPE I–FOIA

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:17–cv–01167–JEB</u>
### *Internal Use Only*

| | |
|---|---|
| CABLE NEWS NETWORK, INC. v. FEDERAL BUREAU OF INVESTIGATION | Date Filed: 06/15/2017 |
| | Date Terminated: 02/26/2018 |
| Assigned to: Judge James E. Boasberg | Jury Demand: None |
| Member cases: | Nature of Suit: 895 Freedom of |
|    1:17–cv–01175–JEB | Information Act |
|    1:17–cv–01212–JEB | Jurisdiction: U.S. Government Defendant |
|    1:17–cv–01189–JEB | |
|  Case:  1:17–cv–01830–JEB | |
|  Case in other court:  USCA, 18–05041 | |
|                18–05043 | |
| Cause: 05:552 Freedom of Information Act | |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **CABLE NEWS NETWORK, INC.** | represented by | **Charles D. Tobin** |
| | | BALLARD SPAHR LLP |
| | | 1909 K Street, NW |
| | | 12th Floor |
| | | Washington, DC 20006 |
| | | (202) 661–2218 |
| | | Fax: (202) 661–2299 |
| | | Email: tobinc@ballardspahr.com |
| | | *ATTORNEY TO BE NOTICED* |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **GANNETT SATELLITE INFORMATION NETWORK, LLC** | represented by | **Bradley Prescott Moss** |
| *17–cv–1175* | | LAW OFFICES OF MARK S. ZAID, P.C. |
| *doing business as* | | 1250 Connecticut Avenue, NW |
| USA TODAY | | Suite 200 |
| | | Washington, DC 20036 |
| | | (202) 454–2809 |
| | | Fax: (202) 330–5610 |
| | | Email: brad@markzaid.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Mark Steven Zaid** |
| | | LAW OFFICES OF MARK S. ZAID, P.C. |
| | | 1250 Connecticut Avenue, NW |
| | | Suite 200 |
| | | Washington, DC 20036 |
| | | (202) 454–2809 |
| | | Fax: (202) 330–5610 |

Email: Mark@MarkZaid.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BRAD HEATH**
*17−cv−1175*
*doing business as*
USA TODAY

represented by **Bradley Prescott Moss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Steven Zaid**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LACHLAN MARKAY**
*17−cv−1175*

represented by **Bradley Prescott Moss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Steven Zaid**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**GARRETT GRAFF**
*17−cv−1175*

represented by **Bradley Prescott Moss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Steven Zaid**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JUDICIAL WATCH, INC.**
*17−cv−1189*

represented by **Paul J. Orfanedes**
JUDICIAL WATCH, INC.
425 Third Street, SW
Suite 800
Washington, DC 20024
(202) 646−5172
Fax: (202) 646−5199
Email: porfanedes@judicialwatch.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FREEDOM WATCH, INC.**
*17−cv−1212*

represented by **Larry E. Klayman**
KLAYMAN LAW FIRM
2020 Pennsylvania Avenue, NW
Suite 345
Washington, DC 20006
(561) 558−5536
Fax: (310) 275−4963
Email: leklayman@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DAILY CALLER NEWS FOUNDATION**

represented by **Michael Bekesha**
JUDICIAL WATCH, INC.
425 Third Street, SW
Suite 800
Washington, DC 20024
(202) 646−5172
Fax: (202) 646−5199
Email: mbekesha@judicialwatch.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FEDERAL BUREAU OF INVESTIGATION**
*17−cv−1167 and 17−cv−1212*

represented by **Carol Federighi**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
(202) 514−1903
Email: carol.federighi@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEPARTMENT OF JUSTICE**
*17−cv−1175, 17−cv−1189 and 17−cv−1212*

represented by **Carol Federighi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF JUSTICE**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/15/2017 | 1 | | COMPLAINT against FEDERAL BUREAU OF INVESTIGATION ( Filing fee $ 400 receipt number 0090−4991998) filed by CABLE NEWS NETWORK, |

| | | | |
|---|---|---|---|
| | | | INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Civil Cover Sheet, # 11 Summons, # 12 Summons, # 13 Summons)(Tobin, Charles) Modified on 6/15/2017 (zrdj). (Entered: 06/15/2017) |
| 06/15/2017 | 2 | | Corporate Disclosure Statement by CABLE NEWS NETWORK, INC.. (Tobin, Charles) (Entered: 06/15/2017) |
| 06/15/2017 | | | Case Assigned to Judge James E. Boasberg. (zsb) (Entered: 06/15/2017) |
| 06/15/2017 | 3 | | SUMMONS (3) Issued Electronically as to FEDERAL BUREAU OF INVESTIGATION, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Consent Form)(zsb) (Entered: 06/15/2017) |
| 07/05/2017 | 4 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General June 15, 2017. (Tobin, Charles) (Entered: 07/05/2017) |
| 07/05/2017 | 5 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. FEDERAL BUREAU OF INVESTIGATION served on 6/15/2017 (Tobin, Charles) (Entered: 07/05/2017) |
| 07/05/2017 | 6 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 6/15/2017. Answer due for ALL FEDERAL DEFENDANTS by 7/15/2017. (Tobin, Charles) (Entered: 07/05/2017) |
| 07/10/2017 | 7 | | NOTICE of Appearance by Carol Federighi on behalf of FEDERAL BUREAU OF INVESTIGATION (Federighi, Carol) (Entered: 07/10/2017) |
| 07/12/2017 | 8 | | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint, by FEDERAL BUREAU OF INVESTIGATION (Attachments: # 1 Text of Proposed Order)(Federighi, Carol) (Entered: 07/12/2017) |
| 07/13/2017 | | | MINUTE ORDER GRANTING Unopposed 8 Motion for Extension of Time to File. The Court ORDERS that Defendant shall respond to the Complaint on or before July 31, 2017. Signed by Judge James E. Boasberg on 7/13/17. (lcjeb2) (Entered: 07/13/2017) |
| 07/13/2017 | | | Set/Reset Deadlines: Respond due by 7/31/2017. (nbn) (Entered: 07/13/2017) |
| 07/25/2017 | 9 | | Unopposed MOTION to Consolidate Cases by FEDERAL BUREAU OF INVESTIGATION (Attachments: # 1 Text of Proposed Order)(Federighi, Carol) (Entered: 07/25/2017) |
| 07/26/2017 | | | MINUTE ORDER: The Court ORDERS that: (1) Defendant's 9 Unopposed Motion to Consolidate Cases is GRANTED; (2) the cases Cable News Network, Inc. v. Federal Bureau of Investigation, No. 17–1167; Gannett Satellite Information Network LLC v. Department of Justice, No. 17–1175; Judicial Watch, Inc., v. Department of Justice, No. 17–1189; and Freedom Watch, Inc., v. Department of Justice, No. 17–1212, shall be CONSOLIDATED; (3) all filings in these consolidated cases shall be made only in the first–filed case, 17–1167; and (4) the Clerk is directed to administratively close any of the open cases that are being consolidated. Signed by Judge James E. Boasberg on 7/26/17. (lcjeb2) (Entered: 07/26/2017) |

| 07/31/2017 | 10 | ANSWER to Complaint by FEDERAL BUREAU OF INVESTIGATION.(Federighi, Carol) (Entered: 07/31/2017) |
|---|---|---|
| 07/31/2017 | | MINUTE ORDER: The Court ORDERS that all parties in this consolidated case shall meet, confer, and submit a proposed briefing schedule on or before August 14, 2017. Signed by Judge James E. Boasberg on 7/31/17. (lcjeb2) (Entered: 07/31/2017) |
| 08/01/2017 | | Set/Reset Deadlines: Proposed Briefing Schedule due by 8/14/2017 (lsj) (Entered: 08/01/2017) |
| 08/02/2017 | 11 | ANSWER to Complaint *in No. 17–1175* by DEPARTMENT OF JUSTICE.(Federighi, Carol) (Entered: 08/02/2017) |
| 08/03/2017 | | NOTICE OF ERROR re 11 Answer to Complaint; emailed to carol.federighi@usdoj.gov, cc'd 13 associated attorneys –– The PDF file you docketed contained errors: 1. In future, also include lead case number on all documents. Do not refile. (znmw, ) (Entered: 08/03/2017) |
| 08/08/2017 | 12 | NOTICE of Appearance by Mark Steven Zaid on behalf of GANNETT SATELLITE INFORMATION NETWORK, LLC, GARRETT GRAFF, BRAD HEATH, LACHLAN MARKAY, GANNETT SATELLITE INFORMATION NETWORK, LLC, GARRETT GRAFF, BRAD HEATH, JAMES MADISON PROJECT, LACHLAN MARKAY Associated Cases: 1:17–cv–01167–JEB, 1:17–cv–01175–JEB(Zaid, Mark) (Entered: 08/08/2017) |
| 08/14/2017 | 13 | PROPOSED BRIEFING SCHEDULE re Order *(Joint)* by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION. (Federighi, Carol) (Entered: 08/14/2017) |
| 08/15/2017 | | MINUTE ORDER: Per the parties' 13 Proposed Briefing Schedule, the Court ORDERS that: (1) As to the Comey memos, Defendants shall file their motion for summary judgment and *Vaughn* declaration on or before October 11, 2017; Plaintiffs shall file their opposition and cross–motion for summary judgment on or before November 1, 2017; Defendants shall file their reply and opposition to the cross–motion on or before November 21, 2017; and Plaintiffs shall file their reply on or before December 6, 2017; (2) As to Freedom Watch's request to DOJ's Criminal Division, Defendants shall file their motion for judgment on the pleadings or for summary judgment on or before August 18, 2017; Freedom Watch shall file its opposition on or before September 1, 2017; and Defendants shall file their reply on or before September 15, 2017; (3) As to the remainder of Plaintiffs' FOIA requests, the parties shall submit a further status report on or before September 18, 2017. Signed by Judge James E. Boasberg on 8/15/17. (lcjeb2, ) (Entered: 08/15/2017) |
| 08/15/2017 | | Set/Reset Deadlines: Summary Judgment motions due by 10/11/2017. Response to Motion for Summary Judgment due by 11/1/2017. Reply to Motion for Summary Judgment due by 11/21/2017. Replies due by 12/6/2017. Motion for judgment on the pleadings or for summary judgment by 8/18/2017. Opposition due by 9/1/2017. Reply due by 9/15/2017. Status Report due by 9/18/2017. (nbn) (Entered: 08/16/2017) |
| 08/18/2017 | 14 | MOTION for Judgment on the Pleadings *or, in the Alternative, for Summary Judgment* by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (Attachments: # 1 Memorandum in Support, # 2 Statement |

| | | |
|---|---|---|
| | | of Facts, # 3 Declaration of Gail Brodfuehrer, # 4 Text of Proposed Order, # 5 Text of Proposed Order)(Federighi, Carol). Added MOTION for Summary Judgment on 8/21/2017 (znmw). (Entered: 08/18/2017) |
| 09/07/2017 | 15 | Unopposed MOTION to Consolidate Cases by THE DAILY CALLER NEWS FOUNDATION (Attachments: # 1 Text of Proposed Order)(Bekesha, Michael) (Entered: 09/07/2017) |
| 09/07/2017 | | MINUTE ORDER: The Court ORDERS that: 1) Plaintiff DCNF's 15 Motion to Consolidate is GRANTED; 2) Case No. 17–1830 is CONSOLIDATED with No. 17–1167 and the other cases already consolidated therein; (3) All filings in these consolidated cases shall be made only in the first–filed case, No. 17–1167; (4) DCNF shall abide by all previously established deadlines; and (5) The Clerk is directed to administratively close No. 17–1830. Signed by Judge James E. Boasberg on 9/7/2017. (lcjeb2) (Entered: 09/07/2017) |
| 09/13/2017 | 16 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/11/2017. ( Answer due for ALL FEDERAL DEFENDANTS by 10/11/2017.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 9/11/2017., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. DEPARTMENT OF JUSTICE served on 9/11/2017 (Attachments: # 1 Affidavit of Cristina Rotaru)(Bekesha, Michael) (Entered: 09/13/2017) |
| 09/18/2017 | 17 | Joint STATUS REPORT by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION. (Federighi, Carol) (Entered: 09/18/2017) |
| 09/19/2017 | | MINUTE ORDER: Per the parties' 17 Joint Status Report, the Court ORDERS that the parties shall submit a status report or a proposed briefing schedule on or before October 25, 2017. Signed by Judge James E. Boasberg on 9/19/2017. (lcjeb2) (Entered: 09/19/2017) |
| 09/19/2017 | | Set/Reset Deadlines: Brief due by 10/25/2017. (nbn) (Entered: 09/19/2017) |
| 09/22/2017 | 18 | ORDER GRANTING Defendant Department of Justice's 14 Motion for Summary Judgment and ENTERING JUDGMENT as to that Defendant in Case No. 17–1212 only. Signed by Judge James E. Boasberg on 9/22/2017. (lcjeb2) (Entered: 09/22/2017) |
| 09/22/2017 | 19 | MEMORANDUM OPINION re 18 Order on Motion for Summary Judgment. Signed by Judge James E. Boasberg on 9/22/2017. (lcjeb2) (Entered: 09/22/2017) |
| 10/05/2017 | 20 | Unopposed MOTION for Extension of Time to *File Motion for Summary Judgment* by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (Attachments: # 1 Text of Proposed Order)(Federighi, Carol) (Entered: 10/05/2017) |
| 10/06/2017 | | MINUTE ORDER GRANTING 20 Motion for Extension of Time to File. The Court ORDERS that: (1) Defendants shall file their motion for summary judgment and Vaughn declaration as to the Comey memos on or before October 13, 2017; (2) Plaintiffs shall file their opposition and cross–motion for summary judgment on or before November 3, 2017; (3) Defendants shall file their reply |

| | | |
|---|---|---|
| | | and opposition to the cross–motion on or before November 29, 2017; and (4) Plaintiffs shall file their reply on or before December 14, 2017. So ORDERED by Judge James E. Boasberg on 10/6/2017. (lcjeb2) (Entered: 10/06/2017) |
| 10/06/2017 | | Set/Reset Deadlines: Summary Judgment motions due by 10/13/2017. Response to Motion for Summary Judgment due by 11/3/2017. Reply to Motion for Summary Judgment due by 11/29/2017. Plaintiffs' Replies due by 12/14/2017. (lsj) (Entered: 10/06/2017) |
| 10/11/2017 | 21 | ANSWER to Complaint *in No. 17–1830* by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION.(Federighi, Carol) (Entered: 10/11/2017) |
| 10/13/2017 | 22 | MOTION for Partial Summary Judgment *(Partial)* by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (Attachments: # 1 Memorandum in Support, # 2 Declaration of David Hardy, # 3 Exhibit to Hardy Decl (CNN–A to CNN–F), # 4 Exhibit to Hardy Decl (USA Today–A to USA Today–D), # 5 Exhibit to Hardy Decl (JMPGraff–A to JMPGraff–F), # 6 Exhibit to Harcy Decl (JMPMarkay–A to JMPMarkay–E), # 7 Exhibit to Hardy Decl (Judicial Watch–A to Judicial Watch–D), # 8 Exhibit to Hardy Decl (Freedom Watch–A to Freedom Watch–D), # 9 Exhibit to Hardy Decl (Daily Caller–A to Daily Caller–F), # 10 Statement of Facts, # 11 Text of Proposed Order)(Federighi, Carol) Modified event title on 10/16/2017 (znmw). (Entered: 10/13/2017) |
| 10/13/2017 | 23 | MOTION for Leave to File */Submit In Camera, Ex Parte Declaration* by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (Attachments: # 1 Text of Proposed Order)(Federighi, Carol) (Entered: 10/13/2017) |
| 10/18/2017 | 24 | Joint STATUS REPORT *(Second)* by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION. (Federighi, Carol) (Entered: 10/18/2017) |
| 10/19/2017 | | MINUTE ORDER: Per the parties' 24 Status Report, the Court ORDERS that they shall, by November 8, 2017, submit a further joint report, which may include a proposed briefing schedule. So ORDERED by Judge James E. Boasberg on 10/19/2017. (lcjeb2) (Entered: 10/19/2017) |
| 10/19/2017 | | Set/Reset Deadlines: Joint Status Report due by 11/8/2017. (nbn) (Entered: 10/19/2017) |
| 11/03/2017 | 25 | Cross MOTION for Summary Judgment by CABLE NEWS NETWORK, INC. (Attachments: # 1 Declaration of Charles D. Tobin, # 2 Tobin Decl., Ex. 1, # 3 Tobin Decl., Ex. 2, # 4 Tobin Decl., Ex. 3, # 5 Tobin Decl., Ex. 4, # 6 Tobin Decl., Ex. 5, # 7 Tobin Decl., Ex. 6, # 8 Tobin Decl., Ex. 7, # 9 Tobin Decl., Ex. 8, # 10 Tobin Decl., Ex. 9, # 11 Tobin Decl., Ex. 10, # 12 Tobin Decl., Ex. 11, # 13 Tobin Decl., Ex. 12, # 14 Tobin Decl., Ex. 13, # 15 Tobin Decl., Ex. 14, # 16 Tobin Decl., Ex. 15, # 17 Tobin Decl., Ex. 16, # 18 Tobin Decl., Ex. 17, # 19 Tobin Decl., Ex. 18, # 20 Tobin Decl., Ex. 19, # 21 Text of Proposed Order, # 22 Text of Proposed Order)(Tobin, Charles) (Entered: 11/03/2017) |
| 11/03/2017 | 26 | Memorandum in opposition to re 23 MOTION for Leave to File */Submit In Camera, Ex Parte Declaration*, 22 MOTION for Partial Summary Judgment filed by CABLE NEWS NETWORK, INC.. (Attachments: # 1 Declaration of |

| | | |
|---|---|---|
| | | Charles D. Tobin, # 2 Tobin Decl., Ex. 1, # 3 Tobin Decl., Ex. 2, # 4 Tobin Decl., Ex. 3, # 5 Tobin Decl., Ex. 4, # 6 Tobin Decl., Ex. 5, # 7 Tobin Decl., Ex. 6, # 8 Tobin Decl., Ex. 7, # 9 Tobin Decl., Ex. 8, # 10 Tobin Decl., Ex. 9, # 11 Tobin Decl., Ex. 10, # 12 Tobin Decl., Ex. 11, # 13 Tobin Decl., Ex. 12, # 14 Tobin Decl., Ex. 13, # 15 Tobin Decl., Ex. 14, # 16 Tobin Decl., Ex. 15, # 17 Tobin Decl., Ex. 16, # 18 Tobin Decl., Ex. 17, # 19 Tobin Decl., Ex. 18, # 20 Tobin Decl., Ex. 19, # 21 Text of Proposed Order, # 22 Text of Proposed Order)(Tobin, Charles) (Entered: 11/03/2017) |
| 11/03/2017 | 27 | Memorandum in opposition to re 22 MOTION for Partial Summary Judgment filed by DAILY CALLER NEWS FOUNDATION. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Bekesha, Michael) (Entered: 11/03/2017) |
| 11/03/2017 | 28 | Cross MOTION for Summary Judgment by DAILY CALLER NEWS FOUNDATION (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Bekesha, Michael) (Entered: 11/03/2017) |
| 11/03/2017 | 29 | Memorandum in opposition to re 22 MOTION for Partial Summary Judgment filed by GANNETT SATELLITE INFORMATION NETWORK, LLC, GARRETT GRAFF, BRAD HEATH, LACHLAN MARKAY. (Attachments: # 1 Exhibit 1 – Moss Declaration, # 2 Statement of Facts Response, # 3 Text of Proposed Order)(Moss, Bradley) (Entered: 11/03/2017) |
| 11/03/2017 | 30 | Cross MOTION for Summary Judgment *(Partial)* by GANNETT SATELLITE INFORMATION NETWORK, LLC, GARRETT GRAFF, BRAD HEATH, LACHLAN MARKAY (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Text of Proposed Order)(Moss, Bradley) (Entered: 11/03/2017) |
| 11/03/2017 | 31 | Memorandum in opposition to re 22 MOTION for Partial Summary Judgment filed by JUDICIAL WATCH, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Orfanedes, Paul) (Entered: 11/03/2017) |
| 11/03/2017 | 32 | Cross MOTION for Summary Judgment by JUDICIAL WATCH, INC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Orfanedes, Paul) (Entered: 11/03/2017) |
| 11/03/2017 | 33 | RESPONSE re 22 MOTION for Partial Summary Judgment *and Motion Under Federal Rules of Civil Procedure 56(d)* filed by FREEDOM WATCH, INC.. (Attachments: # 1 Affidavit)(Klayman, Larry) (Entered: 11/03/2017) |
| 11/08/2017 | 34 | Joint STATUS REPORT *(Third)* by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION. (Federighi, Carol) (Entered: 11/08/2017) |
| 11/09/2017 | | MINUTE ORDER: Per the parties' 34 Joint Status Report, the Court ORDERS that: (1) Defendants shall file their motion for summary judgment and *Vaughn* declaration on or before January 12, 2018; (2) Plaintiffs shall file their cross–motion for summary judgment and opposition on or before February 2, 2018; (3) Defendants shall file their opposition and reply brief on or before February 23, 2018; and (4) Plaintiffs shall file their reply brief on or before March 9, 2018. So ORDERED by Judge James E. Boasberg on 11/09/2017. (lcjeb2) (Entered: 11/09/2017) |
| 11/09/2017 | | |

| | | | |
|---|---|---|---|
| | | | Set/Reset Deadlines: Summary Judgment motions due by 1/12/2018. Response to Motion for Summary Judgment due by 2/2/2018. Reply to Motion for Summary Judgment due by 2/23/2018. Replies due by 3/9/2018. (nbn) (Entered: 11/09/2017) |
| 11/22/2017 | 35 | | MOTION for Extension of Time to File Response/Reply as to 23 MOTION for Leave to File *Submit In Camera, Ex Parte Declaration*, 22 MOTION for Partial Summary Judgment, 25 Cross MOTION for Summary Judgment , 32 Cross MOTION for Summary Judgment , 28 Cross MOTION for Summary Judgment , 30 Cross MOTION for Summary Judgment *(Partial)* by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (Federighi, Carol) (Entered: 11/22/2017) |
| 11/28/2017 | | | MINUTE ORDER GRANTING Defendants' 35 Motion for Extension of Time to File. The Court ORDERS that Defendants' Opposition and Reply shall be due December 6, 2017, and that Plaintiffs' Replies shall be due December 21, 2017. So ORDERED by Judge James E. Boasberg on 11/28/2017. (lcjeb2) (Entered: 11/28/2017) |
| 11/29/2017 | | | Set/Reset Deadlines: Responses due by 12/6/2017. Replies due by 12/21/2017. (nbn) (Entered: 11/29/2017) |
| 12/06/2017 | 36 | | Memorandum in opposition to re 25 Cross MOTION for Summary Judgment , 28 Cross MOTION for Summary Judgment , 32 Cross MOTION for Summary Judgment , 30 Cross MOTION for Summary Judgment *(Partial)* filed by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION. (Attachments: # 1 Declaration Second Hardy Declaration, # 2 Response to CNN SOMF, # 3 Response to Gannett SOMF, # 4 Response to JW SOMF, # 5 Response to DCNF SOMF, # 6 Text of Proposed Order)(Federighi, Carol) (Entered: 12/06/2017) |
| 12/06/2017 | 37 | | REPLY to opposition to motion re 23 MOTION for Leave to File *Submit In Camera, Ex Parte Declaration*, 22 MOTION for Partial Summary Judgment filed by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION. (Attachments: # 1 Second Hardy Declaration)(Federighi, Carol) (Entered: 12/06/2017) |
| 12/07/2017 | 38 | | RESPONSE re 30 Cross MOTION for Summary Judgment *(Partial) Statement of Material Facts* filed by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION. (Federighi, Carol) (Entered: 12/07/2017) |
| 12/13/2017 | 39 | | REPLY to opposition to motion re 32 Cross MOTION for Summary Judgment filed by JUDICIAL WATCH, INC.. (Orfanedes, Paul) (Entered: 12/13/2017) |
| 12/18/2017 | 40 | | REPLY to opposition to motion re 30 Cross MOTION for Summary Judgment *(Partial)* filed by GANNETT SATELLITE INFORMATION NETWORK, LLC, GARRETT GRAFF, BRAD HEATH, LACHLAN MARKAY. (Moss, Bradley) (Entered: 12/18/2017) |
| 12/21/2017 | 41 | | REPLY to opposition to motion re 28 Cross MOTION for Summary Judgment filed by DAILY CALLER NEWS FOUNDATION. (Bekesha, Michael) (Entered: 12/21/2017) |
| 12/21/2017 | 42 | | REPLY to opposition to motion re 25 Cross MOTION for Summary Judgment filed by CABLE NEWS NETWORK, INC.. (Attachments: # 1 Declaration |

| | | |
|---|---|---|
| | | Second Declaration of Charles D. Tobin, # 2 Exhibit A to the Second Decl. of C. Tobin, # 3 Exhibit B to the Second Decl. of C. Tobin, # 4 Exhibit C to the Second Decl. of C. Tobin, # 5 Exhibit D to the Second Decl. of C. Tobin, # 6 Exhibit E to the Second Decl. of C. Tobin, # 7 Exhibit F to the Second Decl. of C. Tobin, # 8 Exhibit G to the Second Decl. of C. Tobin, # 9 Exhibit H to the Second Decl. of C. Tobin)(Tobin, Charles) (Entered: 12/21/2017) |
| 12/21/2017 | 43 | NOTICE *of Joinder to Replies Filed* by FREEDOM WATCH, INC. (Klayman, Larry) (Entered: 12/21/2017) |
| 01/09/2018 | 44 | Unopposed MOTION for Extension of Time to File *Second Motion for Partial Summary Judgment* by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (Federighi, Carol) (Entered: 01/09/2018) |
| 01/10/2018 | | MINUTE ORDER GRANTING 44 Motion for Extension of Time to File. The Court ORDERS that Defendants shall file their Second Motion for Partial Summary Judgment on or before January 19, 2018. So ORDERED by Judge James E. Boasberg on 01/10/2018. (lcjeb2) (Entered: 01/10/2018) |
| 01/10/2018 | | Set/Reset Deadlines: Second Motion for Partial Summary Judgment due by 1/19/2018. (nbn) (Entered: 01/10/2018) |
| 01/11/2018 | | MINUTE ORDER: The Court ORDERS that: 1) The Government's 23 Motion is GRANTED, and it shall file its *Ex Parte* Declaration by January 18, 2018; and 2) By the same date, the Government shall submit all withheld documents for the Court's *in camera* review. So ORDERED by Judge James E. Boasberg on 01/11/2018. (lcjeb2) (Entered: 01/11/2018) |
| 01/11/2018 | | Set/Reset Deadlines: Ex Parte Declaration due by 1/18/2018. (nbn) (Entered: 01/12/2018) |
| 01/19/2018 | 45 | Second MOTION for Partial Summary Judgment by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (Attachments: # 1 Memorandum in Support, # 2 Exhibit A: Third Hardy Declaration, # 3 Exhibit B: Castellano Declaration, # 4 Statement of Facts, # 5 Text of Proposed Order)(Federighi, Carol) Modified event title on 1/22/2018 (znmw). (Entered: 01/19/2018) |
| 01/19/2018 | 46 | MOTION for Leave to File */Submit Second In Camera, Ex Parte Declaration* by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION (Attachments: # 1 Text of Proposed Order)(Federighi, Carol) (Entered: 01/19/2018) |
| 02/01/2018 | 47 | NOTICE *of Submission of Third In Camera, Ex Parte Declaration* by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION re 22 MOTION for Partial Summary Judgment (Federighi, Carol) (Entered: 02/01/2018) |
| 02/02/2018 | 48 | ORDER: The Court ORDERS that: 1) Defendants' 22 Motion for Partial Summary Judgment is GRANTED; 2) Plaintiffs' 25 28 30 32 Cross–Motions for Summary Judgment are DENIED; 3) Plaintiff Freedom Watch's 33 Motion under Rule 56(d) is DENIED; and 4) Judgment is ENTERED in favor of Defendants in Case Nos. 17–1167, 17–1189, and 17–1830. Signed by Judge James E. Boasberg on 2/2/2018. (lcjeb3) (Entered: 02/02/2018) |
| 02/02/2018 | 49 | |

| | | | |
|---|---|---|---|
| | | | MEMORANDUM OPINION re 48 Order Granting Defendants' Motion for Partial Summary Judgment. Signed by Judge James E. Boasberg on 2/2/2018. (lcjeb3) (Entered: 02/02/2018) |
| 02/02/2018 | 50 | | Memorandum in opposition to re 45 MOTION for Partial Summary Judgment filed by GANNETT SATELLITE INFORMATION NETWORK, LLC, GARRETT GRAFF, BRAD HEATH, LACHLAN MARKAY. (Attachments: # 1 Statement of Facts Response, # 2 Text of Proposed Order)(Moss, Bradley) (Entered: 02/02/2018) |
| 02/05/2018 | 51 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 49 Memorandum & Opinion, 48 Order on Motion for Partial Summary Judgment, by DAILY CALLER NEWS FOUNDATION, JUDICIAL WATCH, INC.. Filing fee $ 505, receipt number 0090−5318360. Fee Status: Fee Paid. Parties have been notified. (Orfanedes, Paul) (Entered: 02/05/2018) |
| 02/05/2018 | 52 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 48 Order on Motion for Partial Summary Judgment, by CABLE NEWS NETWORK, INC.. Filing fee $ 505, receipt number 0090−5318719. Fee Status: Fee Paid. Parties have been notified. (Tobin, Charles) (Entered: 02/05/2018) |
| 02/06/2018 | 53 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 51 Notice of Appeal to DC Circuit Court. (znmw) (Entered: 02/06/2018) |
| 02/06/2018 | 54 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 52 Notice of Appeal to DC Circuit Court. (znmw) (Entered: 02/06/2018) |
| 02/09/2018 | 55 | | REPLY to opposition to motion re 45 MOTION for Partial Summary Judgment filed by DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION. (Attachments: # 1 Declaration of David Hardy (Fourth))(Federighi, Carol) (Entered: 02/09/2018) |
| 02/13/2018 | | | MINUTE ORDER: The Court ORDERS that: 1) Defendants' 46 Motion for Leave to Submit Second In Camera Declaration is GRANTED; and 2) By February 16, 2018, Defendants shall submit such Declaration in camera along with the withheld pages themselves. SO ORDERED by Judge James E. Boasberg on 2/13/2018. (lcjeb2) (Entered: 02/13/2018) |
| 02/13/2018 | | | Set/Reset Deadlines: Defendants shall submit such Declaration in camera along with the withheld pages themselves by 2/16/2018. (nbn) (Entered: 02/14/2018) |
| 02/15/2018 | | | USCA Case Number 18−5041 for 52 Notice of Appeal to DC Circuit Court filed by CABLE NEWS NETWORK, INC. (zrdj) (Entered: 02/15/2018) |
| 02/15/2018 | | | USCA Case Number 18−5042 for 51 Notice of Appeal to DC Circuit Court, filed by DAILY CALLER NEWS FOUNDATION, JUDICIAL WATCH, INC.. (td) (Entered: 02/23/2018) |
| 02/15/2018 | | | USCA Case Number 18−5043 for 51 Notice of Appeal to DC Circuit Court, filed by DAILY CALLER NEWS FOUNDATION, JUDICIAL WATCH, INC.. (td) (Entered: 02/28/2018) |

| 02/23/2018 | 56 | 16 | ORDER GRANTING Defendants' 45 Motion for Partial Summary Judgment. The Court ORDERS that: (1) Defendants Motion for Summary Judgment is GRANTED, provided that the Government shall produce to Plaintiffs the redacted version of one document; and (2) Judgment is ENTERED for Defendants against all Plaintiffs in case number 17–1175, and Freedom Watch, Inc. in case number 17–1212. Signed by Judge James E. Boasberg on 2/23/18. Associated Cases: 1:17–cv–01167–JEB, 1:17–cv–01175–JEB, 1:17–cv–01189–JEB, 1:17–cv–01212–JEB(lcjeb1) (Entered: 02/23/2018) |
|---|---|---|---|
| 02/23/2018 | 57 | 17 | MEMORANDUM OPINION re 56 Order. Signed by Judge James E. Boasberg on 2/23/18. Associated Cases: 1:17–cv–01167–JEB, 1:17–cv–01175–JEB, 1:17–cv–01189–JEB, 1:17–cv–01212–JEB(lcjeb1) (Entered: 02/23/2018) |
| 02/26/2018 | 58 | 15 | CLERK'S JUDGMENT in favor of the Defendants and against the Plaintiffs. Signed by Judge James E. Boasberg on 2/26/18. (lsj) (Entered: 02/26/2018) |
| 03/15/2018 | 59 | 13 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 58 Clerk's Judgment by DAILY CALLER NEWS FOUNDATION, JUDICIAL WATCH, INC.. Filing fee $ 505, receipt number 0090–5374494. Fee Status: Fee Paid. Parties have been notified. (Bekesha, Michael) (Entered: 03/15/2018) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CABLE NEWS NETWORK, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1167-JEB |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| *Defendant.* | ) | |
| GANNETT SATELLITE INFORMATION | ) | |
| NETWORK, LLC, d/b/a USA TODAY, *et al.* | ) | |
| | ) | |
| *Plaintiffs,* | ) | Civil Action No. 17-1175-JEB |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| *Defendant.* | ) | |
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 17-1189-JEB |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| *Defendant.* | ) | |
| FREEDOM WATCH, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 17-1212-JEB |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE | ) | |
| and FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| *Defendants.* | ) | |

THE DAILY CALLER NEWS      )
FOUNDATION,               )
                              )
        *Plaintiff,*        )
                              )     Civil Action No. 17-1830-JEB
v.                        )
                              )
U.S. DEPARTMENT OF JUSTICE,    )
                              )
        *Defendant.*      )
                              )

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Judicial Watch, Inc. and Daily Caller News Foundation, plaintiffs in the above-named case, hereby appeal to the U.S. Court of Appeals for the District of Columbia Circuit from the final judgment entered against them in this action on the 26th day of February 2018.

Dated:  March 15, 2018                          Respectfully submitted,

                                             */s/ Paul J. Orfanedes*
                                           Paul J. Orfanedes
                                           D.C. Bar No. 429716
                                           Judicial Watch, Inc.
                                           425 Third Street, S.W., Suite 800
                                           Washington, DC 20024
                                           (202) 646-5172

                                           *Counsel for Judicial Watch, Inc.*

                                         */s/ Michael Bekesha*
                                           Michael Bekesha
                                           D.C. Bar No. 995749
                                           JUDICIAL WATCH, INC.
                                           425 Third Street, S.W., Suite 800
                                           Washington, DC 20024
                                           (202) 646-5172

                                           *Counsel for The Daily Caller
                                           News Foundation*

AO 450 (Rev 01/09, DC-03/10)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| <u>CABLE NEWS NETWORK, INC., et al</u> ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.  17-1167 (JEB) |
| <u>FEDERAL BUREAU OF INVESTIGATION , et al</u> ) | |
| *Defendant* ) | |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

❑ the plaintiff *(name)* _____ recover from the
defendant *(name)* _____ the amount of
_____ dollars ($ _____ ), which includes prejudgment
interest at the rate of _____ %, plus postjudgment interest at the rate of _____ %, along with costs.

❑ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____
_____ recover costs from the plaintiff *(name)* _____
_____ .

❑ other:


This action was *(check one)*:

❑ tried by a jury with Judge _____ presiding, and the jury has
rendered a verdict.

❑ tried by Judge _____ without a jury and the above decision
was reached.

☑ decided by Judge   JAMES E. BOASBERG _____ on a motion for
      DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT


Date:  **2/26/18** _____

                                    *ANGELA D. CAESAR, CLERK OF COURT*


                                    _____
                                    *Signature of Clerk or Deputy Clerk*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CABLE NEWS NETWORK, INC.,**

    **Plaintiff,**

    **v.**

**FEDERAL BUREAU OF INVESTIGATION,**

    **Defendant.**

**(And Consolidated Cases)**

**Civil Action Nos. 17-1167, 17-1175, 17-1189, 17-1212, 17-1830 (JEB)**

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the Court

ORDERS that:

1. Defendants' Motion for Summary Judgment is GRANTED, provided that the Government shall produce to Plaintiffs the redacted version of one document; and

2. Judgment is ENTERED for Defendants against all Plaintiffs in case number 17-1175, and Freedom Watch, Inc. in case number 17-1212.

    **SO ORDERED.**

                    */s/ James E. Boasberg*
                    JAMES E. BOASBERG
                    United States District Judge

Date:  February 23, 2018

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CABLE NEWS NETWORK, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action Nos. 17-1167, 17-1175,** |
| | **17-1189, 17-1212,** |
| **FEDERAL BUREAU OF** | **17-1830 (JEB)** |
| **INVESTIGATION,** | |
| **Defendant.** | |
| **(And Consolidated Cases)** | |

<u>**MEMORANDUM OPINION**</u>

These five consolidated cases pertain to Freedom of Information Act requests by assorted media and non-profit organizations, mainly seeking any memoranda prepared by former Federal Bureau of Investigation Director James Comey about his conversations with President Donald Trump.  On February 2, 2018, this Court granted a partial Motion for Summary Judgment in favor of Defendants FBI and Department of Justice, holding that the Government was not required to disclose the Memos.  <u>See</u> <u>Cable News Network, Inc. v. FBI</u>, 2018 WL 692921 (D.D.C. Feb. 2, 2018).  Defendants now seek to get rid of the little that remains: requests from a group of reporters and organizations (collectively, USA Today) and from Freedom Watch, Inc. for documents related to the memos about Trump and for any memos by Comey (or related documents) about other specific prominent figures.  Finding that a valid exemption again shields most of the information from release, the Court will largely grant the Motion.

1

I.      **Background**

As the prior Opinion provides the full background, id. at *1-2, the Court only briefly recites some essential facts here.  On May 9, 2017, the President fired Comey as Director of the FBI.  Id. at *1.  One week later, Acting Attorney General Rod Rosenstein appointed Robert Mueller as Special Counsel to investigate "(i) any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump; and (ii) any matters that arose or may arise directly from the investigation; and (iii) any other matters within the scope of 28 C.F.R. § 600.4(a)."  Id. at *5 (quoting DOJ Order No. 3915–2017 (May 17, 2017)).

The day before Mueller was appointed, the New York Times published a report about an earlier meeting between then-Director Comey and the President, claiming to rely on a contemporaneous memo written by Comey.  Id. at *5.  Following that story, it soon came out that the former Director had "[c]reat[ed] written records immediately after one-on-one conversations with" Trump.  Id. at *1 (citation omitted).  With that revelation, the "Comey Memos" entered the American lexicon and, subsequently, this Court's docket.  Five Plaintiffs submitted FOIA requests to the FBI and/or DOJ seeking the Memos.  In addition, USA Today and Freedom Watch sought other records related to the former Director.  USA Today requested from both the FBI and DOJ "[a]ny records reflecting discussions" between Comey and FBI or DOJ staff regarding the Comey Memos.  Gannett Satellite Info. Network, LLC v. DOJ, No. 17-1175, ECF No. 9 (Amended Complaint), ¶ 27.  Freedom Watch asked the FBI for all documents and records that "relate in any way to any memoranda prepared, written and/or issued by former FBI Director James Comey concerning Barack Obama, Hillary Clinton, Bill Clinton, Lieutenant General Michael Flynn, and President Donald Trump."  Freedom Watch v. DOJ, No. 17-1212, ECF No. 1, Exh. A at 2.  Defendants and the Court have construed that latter request to include

2

(1) the Comey Memos themselves; (2) other records that relate to the Memos; and (3) any Comey-penned memoranda or related documents concerning Obama, the Clintons, or Flynn. The Government denied all of Plaintiffs' requests, claiming that release of any responsive documents would interfere with the Special Counsel's investigation.

Undeterred, Plaintiffs separately brought suit, which the Court consolidated. See Minute Order of July 26, 2017. In October 2017, Defendants moved for partial summary judgment only as to the requests for the actual Comey Memos. See ECF No. 22. In addition to the briefing, the Court reviewed the Memos themselves in camera, conducted a sealed, on-the-record ex parte proffer session with a member of the Special Counsel's Office, and received an ex parte declaration from the Government detailing how the Comey Memos related to the ongoing Russia investigation. CNN, 2018 WL 692921, at *1, 3. Ultimately, the Court determined that the Government had carried its burden to show that release of the Memos "could reasonably be expected to interfere" with the Special Counsel's investigation, id. at *7 (quoting 5 U.S.C. § 552(b)((7)(A)), and "at least for now, [they would] remain in the hands of the Special Counsel and not the public." Id. at *1.

The Government now seeks summary judgment on the remaining portion of Plaintiffs' FOIA suits — namely, documents related to the Comey Memos (USA Today) as well as Comey memoranda and related documents concerning other specific individuals (Freedom Watch). In support of their Motion, Defendants each filed two public declarations, and the FBI also sought leave to submit an ex parte declaration, which the Court granted. See ECF Nos. 45, Exhs. A, B; 46; Minute Order of February 13, 2018. Additionally, the Court ordered the Bureau to submit the three withheld pages for in camera review. See Minute Order of February 13, 2018.

3

Briefing on these issues is now complete, though only USA Today responded to the Government's Motion.

## II.     Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. See Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

FOIA cases typically are decided on motions for summary judgment. See Brayton v. Office of U.S. Trade Rep., 641 F.3d 521, 527 (D.C. Cir. 2011). In a FOIA case, the Court may accept an "agency's affidavits, without pre-summary judgment discovery, if the affidavits are made in good faith and provide reasonably specific detail concerning the methods used to produce the information sought." Broaddrick v. Exec. Office of the President, 139 F. Supp. 2d 55, 64 (D.D.C. 2001). "Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal

4

quotation marks and citation omitted).  "Summary judgment may not be appropriate without *in camera* review," however, "when agency affidavits in support of a claim of exemption are insufficiently detailed."  Armstrong v. Exec. Office of the President, 97 F.3d 575, 578 (D.C. Cir. 1996).  In such a circumstance, "district court judges [have] broad discretion in determining whether *in camera* review is appropriate."  Id. at 577-78.

**III.    Analysis**

As with most FOIA cases, the Court must answer two central questions: did the Government adequately search for the requested documents, and did the FBI lawfully withhold three pages of responsive material?  Although USA Today does not contest that the search was adequate, see Opp. at 1 n.1, because Freedom Watch chose not to respond at all to the Government's Motion, the Court is in the odd position of having to nonetheless consider the search.  This is so because the Court of Appeals recently forbade district courts from regarding the failure to even respond as a concession.  See Winston & Strawn, LLP v. McLean, 843 F.3d 503, 506 (D.C. Cir. 2016).

A.    Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'"  Valencia-Lucena v. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)); see also Steinberg v. DOJ, 23 F.3d 548, 551 (D.C. Cir. 1994).  The Government may do so through affidavit.  See Oglesby v. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  The adequacy of an agency's search for documents under FOIA "is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case."  Weisberg v. DOJ, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

5

Here, the FBI's Records Management Division first determined that any responsive records "would likely be found either in hard copy within the collection of former Director Comey's records that were inventoried and stored in FBI Headquarters . . . or in his e-mails." MSJ, Exh. A (Third Declaration of David M. Hardy), ¶ 22.  The agency used an inventory to search the hard-copy records and found nothing responsive.  Id., ¶ 23.  The FBI also used software to search Comey's classified and unclassified emails for messages between the time he became FBI Director (July 1, 2015) and the date on which he was fired (May 9, 2017) with the terms "Memo AND Obama," "Memo AND Clinton," and "Memo AND Flynn" — *i.e.*, the names of the other individuals about whom Freedom Watch sought memos.  Id., ¶¶ 24-25.  That search yielded two of the same three responsive pages the FBI found (and withheld) in response to USA Today's FOIA request.  Id., ¶¶ 26-27.  "In re-reviewing the records to prepare" its summary-judgment motion, "the FBI has concluded that all three pages of the records it located in response to [USA Today's] request and ultimately deemed to be responsive to the request, could also be responsive to Freedom Watch's request."  Id., ¶ 27.  In the end, then, the FBI's search uncovered three pages that were responsive to both Plaintiffs' requests: a one-page email and a two-page email chain.

Based on the Government's "reasonably detailed affidavit, setting forth the search terms and the type of search performed," the Court is satisfied that the search was adequate.  See Oglesby, 920 F.2d at 68.  Hardy "aver[red] that all files likely to contain responsive materials were searched," id., and the "search terms were reasonably calculated to lead to responsive documents."  Agility Pub. Warehousing Co. K.S.C. v. NSA, 113 F. Supp. 3d 313, 340 (D.D.C. 2015); see Third Hardy Decl., ¶ 29 ("[T]he FBI searched the locations where responsive records

6

were likely to be maintained.").  And, as pointed out, Freedom Watch deemed it unnecessary to even respond to the Motion.

      B.    <u>Withholdings</u>

      Next, the Court assesses whether the Government properly withheld these documents pursuant to a valid exemption.  Here, as with the Comey Memos, the agency invoked Exemption 7(A), which protects from disclosure "records or information compiled for law enforcement purposes" if publicly revealing them "could reasonably be expected to interfere with enforcement proceedings."  5 U.S.C. § 552(b)(7)(A).  The three pages here "all relate to and concern the Comey Memos."  Third Hardy Decl., ¶ 30.  As "the Comey Memos themselves could reasonably be expected to risk harm to the [Special Counsel's] investigation," the Government similarly concluded that "disclosure of contemporaneous records relating to the same subject matter as those memos would similarly risk harm to the pending investigation."  <u>Id.</u> USA Today argues that the Government's public assertions are too conclusory to carry its burden.

      "[J]udicial review of an asserted Exemption 7 privilege requires a two-part inquiry."  <u>FBI v. Abramson</u>, 456 U.S. 615, 622 (1982).  As a threshold matter, the Court must determine whether the withheld "records or information" were "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7).  If the agency so establishes, it must then, in the 7(A) context, demonstrate that release of those records "could reasonably be expected to interfere with enforcement proceedings."  <u>Id.</u> § 552(b)(7)(A).  As discussed below, the Court finds that the Government has proved both.

      *1. Exemption 7 Threshold*

      USA Today does not challenge the first part of the Exemption 7 inquiry — *viz.*, that the records were compiled for law-enforcement purposes.  <u>See</u> Opp. at 3.  Because Freedom Watch

did not file an Opposition, however, the Court must again ensure that the Government has met its

burden.

There is little doubt that the Special Counsel's investigation into Russian interference in

the election serves law-enforcement needs. See CNN, 2018 WL 692921, at *5. Further, the

documents "sought merely must have been 'compiled' when the Government invokes the

Exemption." John Doe Agency v. John Doe Corp., 493 U.S. 146, 153 (1989); see Pub. Emps.

for Environmental Responsibility v. U.S. Sec., Int'l Boundary and Water Comm'n, U.S.-Mexico,

740 F.3d 195, 203 (D.C. Cir. 2014) ("[T]he term 'compiled' in Exemption 7 requires that a

document be created, gathered, or used by an agency for law enforcement purposes at some time

before the agency invokes the exemption."). The FBI has met this burden via its *ex parte*

declaration. Exemption 7's threshold requirement is thus satisfied. See Clemente v. FBI, 867

F.3d 111, 120 (D.C. Cir. 2017) (FBI's assertion that records were compiled for law-enforcement

purposes entitled to deference).

        *2. Exemption 7(A)*

The Court turns now to whether releasing the three pages "could reasonably be expected

to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). The parties do not dispute

that the ongoing Special Counsel's investigation is an "enforcement proceeding[]" within the

definition of the statute. See Opp. at 3-5. Rather, USA Today argues that the Government has

not provided enough evidence to satisfy 7(A)'s interference prong.

In evaluating the applicability of the exemption to the emails here, the Court must

balance FOIA's "goal of broad disclosure," Milner v. Dep't of Navy, 562 U.S. 562, 571 (2011)

(citation omitted), with exemption 7(A)'s purpose recognizing "law enforcement agencies['] . . .

legitimate needs to keep certain records confidential, lest the agencies be hindered in their

investigations." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 224 (1978). This Court

must also "give deference to an agency's predictive judgment of the harm that will result from disclosure of information."  CREW v. DOJ, 746 F.3d 1082, 1098 (D.C. Cir. 2014).

In an ongoing criminal investigation such as the Special Counsel's, the Government must be somewhat obscure in its public filings about the effect of disclosure so as not to risk spilling the very information it seeks to keep secure.  See, e.g., Shapiro v. CIA, 247 F. Supp. 3d 53, 65 (D.D.C. 2017) (accepting as "sufficient" FBI's argument that disclosing documents "could expose potential leads and/or suspects the FBI identified in relation to an on-going domestic terrorism investigation and releasing the concealed information . . . could harm the on-going investigation by impeding the FBI's efforts to locate the fugitive") (internal quotation marks and citations omitted).  That said, contrary to USA Today's assertions, the Government has not simply made "conclusory, boilerplate statements, without reference to specific documents or even categories of documents."  Opp. at 5 (quoting Gray v. Army Crim. Investigation Command, 742 F. Supp. 2d 68, 75 (D.D.C. 2010)).  Instead, "[t]he FBI has offered sufficient explanations." Shapiro, 247 F. Supp. 3d at 65.  Its public declaration states that the three pages "relate to and concern the Comey Memos," Third Hardy Decl., ¶ 30, documents that the Court has already held are exempt under 7(A).  See CNN, 2018 WL 692921, at *6-7.  Next, the FBI explained that releasing the emails could "reveal[] non-public information about the memos that the FBI protected in the first instance to prevent harm to the investigation."  Third Hardy Decl., ¶ 35. Disclosing the records "would highlight particular activities, interactions, and individuals," which could assist subjects or targets of the investigation in shaping their testimony.  Id., ¶ 36. These averments meet the specificity required for 7(A).  See, e.g., Dillon v. DOJ, 102 F. Supp. 3d 272, 292-93 (D.D.C. 2015) (accepting similar statements from FBI in asserting Exemption 7(A)).

9

More significantly, the Court has conducted an *in camera* review of the three pages. After doing so, it easily concludes, just as with the Memos themselves, that disclosure would interfere with law-enforcement proceedings.  See CNN, 2018 WL 692921, at *7.

C.     Segregability

Finally, the Court must assess whether "[a]ny reasonably segregable portion" of the records could be produced "after deletion of the portions which are exempt."  5 U.S.C. § 552(b); see Morley v. CIA, 508 F.3d 1108, 1123 (D.C. Cir. 2007) (district court has "an affirmative duty to consider" segregability and must "make[] an express finding on segregability" before granting Government summary judgment).  The FBI asserts that "no non-exempt information exists that can be reasonably segregated and released to plaintiffs" because "all information in the responsive three pages . . . is inextricably intertwined with exempt information such that segregation is not reasonably possible; or, if segregated, nothing but disjointed words or phrases lacking in substantive content would be available for disclosure."  Third Hardy Decl., ¶ 45.  The Court does not entirely agree, as there are a few non-exempt sentences in one of the documents that make sense standing alone.

The Court first notes that "email can pose special challenges" for segregability "because it is not unusual for an email chain to traverse a variety of topics having no relationship to the subject of a FOIA request."  Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review, 830 F.3d 667, 678 (D.C. Cir. 2016) (citation omitted).  Such is the case here.  One responsive document includes two separate conversational threads, one of which relates to the Comey Memos and the other of which is a wholly distinct discussion regarding a meeting with a senator.  Although the only non-exempt information — *i.e.*, the senator discussion — is not responsive to Plaintiffs' requests, the Bureau must nonetheless produce it because "once an agency . . . identifies a particular document or collection of material — such as a chain of emails

10

— as a responsive 'record,' the only information the agency may redact from that record is that falling within one of the statutory exemptions." Id. at 678-79.  In other words, the information's non-responsiveness is now irrelevant.  Under the clear language of the statute and Circuit precedent, it must be disclosed.  See 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a record shall be provided . . . after deletion of the portions which are exempt.").  The Court will, accordingly, return a redacted version of one document to the FBI, which then must turn it over to Plaintiffs.  Other very minor redactions are appropriate under Exemption 7(c).

IV.     **Conclusion**

For the foregoing reasons, the Court will grant Defendants' Motion for Partial Summary Judgment and order that the FBI produce a redacted version of one record.  A contemporaneous Order to that effect will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  February 23, 2018

11