**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CABLE NEWS NETWORK, INC.,

     Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 1:17-cv-1167-JEB

## DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel, declare as follows:

(1)     I am currently the Assistant Section Chief ("ASC") of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD") of the Federal Bureau of Investigation ("FBI") in Winchester, Virginia, and, in the absence of RIDS Section Chief, David M. Hardy, I serve as Acting Section Chief for RIDS.

(2)     I joined the FBI in September 2011, and, prior to my current position, I was the Unit Chief, RIDS Litigation Support Unit, from November 2012 to June 2016; and an Assistant General Counsel, FBI Office of the General Counsel, Freedom of Information Act ("FOIA") Litigation Unit, from September 2011 to November 2012. In those capacities, I had management oversight or agency counsel responsibility for FBI FOIA and Privacy Act ("PA") litigation cases nationwide. Prior to my joining the FBI, I served as a Senior Attorney at the U.S. Drug Enforcement Administration ("DEA") from September 2006 to September 2011, where among myriad legal responsibilities, I advised on FOIA/PA matters and served as agency counsel representing the DEA in FOIA/PA lawsuits nationwide. I also served as a U.S. Army Judge Advocate General's Corps Officer in various assignments from 1994 to September 2006,

1

culminating in my assignment as Chief, General Litigation Branch, U.S. Army Litigation Division, where I oversaw FOIA/PA litigation for the U.S. Army. I am an attorney registered in the State of Ohio (inactive status) and the District of Columbia (active status).

(3)     In my official capacity as Acting Section Chief of RIDS, I supervise approximately 234 employees who staff a total of twelve Federal Bureau of Investigation Headquarters ("FBIHQ") units and three field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(4)     Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of the FOIA requests to the FBI at issue in this litigation, which was originally consolidated under Civil Action No. 17-cv-1167 (D.D.C.), to include the following lawsuits: *CNN v. FBI,* 17-cv-1167 (D.D.C.); *Gannett Satellite Information Network et al. v. DOJ*, 17-cv-1175 (D.D.C.); *Judicial Watch v. DOJ*, 17-cv-1189 (D.D.C.); *Freedom Watch v. DOJ & FBI*, 17-cv-1212 (D.D.C.); and *Daily Caller v. DOJ*, 17-cv-1830 (D.D.C.). *See* Civil Action No. 17-cv-1167 (D.D.C.), Minute Order dated July 26, 2017 (consolidating all lawsuits

2

except the Daily Caller lawsuit) and Minute Order dated September 7, 2017 (consolidating the Daily Caller lawsuit).

(5)     The only remaining plaintiff in the consolidated cases is CNN.

(6)     This declaration incorporates by reference and supplements all prior declarations submitted in this case: ECF No. 22-2, Declaration of David M. Hardy (October 13, 2017) ("First Hardy Declaration"); ECF No. 36-1, Second Declaration of David M. Hardy (November 5, 2017) ("Second Hardy Declaration"); ECF No. 45-2, Third Declaration of David M. Hardy (January 19, 2018) ("Third Hardy Declaration"); ECF No. 55-1, Fourth Declaration of David M. Hardy (February 8, 2018) ("Fourth Hardy Declaration"); ECF No. 69-2, Fifth Declaration of David M. Hardy (December 14, 2018) ("Fifth Hardy Declaration"); the *in camera* and *ex parte* declaration previously submitted in support of the FBI's motion for partial summary judgment regarding the Comey Memos (ECF No. 22), *see In Camera, Ex Parte* Declaration of the FBI (October 13, 2017); the *in camera* and *ex parte* declaration submitted in conjunction with the FBI's second motion for partial summary judgment (ECF No. 45), *see In Camera, Ex Parte* Declaration of David Archey (January 19, 2018); the *in camera* and *ex parte* declaration submitted in further support of the FBI's first motion for partial summary judgment (ECF No. 47), *see* Third *In Camera, Ex Parte* Declaration of David Archey (January 31, 2018); and the sealed on-the-record, *ex parte* proffer of Michael R. Dreeben, Counsel to the Special Counsel. *See* ECF No. 49, Memorandum Opinion, at p. 5.

(7)     This declaration is being submitted in conjunction with the FBI's reply in support of its renewed motion for summary judgment in this case. This declaration is also being submitted in support of the FBI's Opposition to Plaintiff's Motion for Access to Sealed Judicial Records.

(8)     In the Fifth Hardy Declaration, the FBI explained that it had considered whether any of the minimal redactions that remain in the Comey Memos had been the subject of any official documented public disclosures. *See* ECF No. 69-2, Fifth Hardy Declaration, p. 21. Since then, additional official public disclosures have been made in the prosecution of Lieutenant General Flynn and the FBI released, in part, the document that plaintiff refers to as the "synopsis" (which the FBI refers to as Annex A) in response to FOIA litigation brought by the James Madison Project and Josh Gerstein, *JMP et al. v. DOJ*, 17-cv-0144 (D.D.C.). In light of these subsequent disclosures, the FBI considered whether these disclosures affected the withholding determinations as to any of the remaining redactions in the Comey Memos, and particularly information withheld under Redaction Blocks 9, 10-15, and 18. As a result, the FBI reaffirms that the information redacted in the Comey Memos does not match information that has been the subject of official public disclosures by the FBI or DOJ, including the particular disclosures made in the Flynn prosecution and of Annex A that occurred between the filing of the FBI's renewed motion for summary judgment in this case and the date of this declaration, and that continued redaction is necessary to protect national security and law enforcement interests, as outlined in the Fifth Hardy Declaration.

(9)     Plaintiff has also sought access to the two *in camera* and *ex parte* declarations submitted in support of the FBI's original motion for partial summary judgment regarding the Comey Memos (ECF No. 22), *see In Camera, Ex Parte* Declaration of the FBI (October 13, 2017), and Third *In Camera, Ex Parte* Declaration of David Archey (January 31, 2018), as well as sealed on-the-record, *ex parte* proffer of Michael R. Dreeben, Counsel to the Special Counsel, which were referenced previously in paragraph 5. The FBI has reviewed the above-identified *in camera, ex parte* declarations and has concluded that they can be published in part on the public

docket. The redacted versions of the declarations are attached hereto as Exhibits A and B. However, portions of both declarations must remain undisclosed to avoid adversely affecting the pending investigation currently being conducted by Special Counsel Mueller's office. Specifically, the portions of the two declarations that have been redacted would reveal information about the focus and scope of the Special Counsel Office's investigation that have not been officially publicly disclosed, and which if disclosed now could reasonably be expected to cause the types of harms generally outlined in those declarations themselves. The FBI cannot provide any further details publicly about the potential harms because such disclosure would also risk those harms occurring.

(10)     The redacted versions of the two *in camera, ex parte* declarations are attached hereto as Exhibits A and B.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A and B attached hereto are true and correct copies.

Executed this 28th day of February , 2019.

MICHAEL G. SEIDEL
Acting Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CABLE NEWS NETWORK, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>        Defendant. | Civil Action No. 1:17-cv-1167-JEB |

<u>**DECLARATION OF MICHAEL G. SEIDEL**</u>

# EXHIBIT A

UNCLASSIFIED//~~LES~~

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Civil Action No. 1:17-cv-01167-JEB |
| GANNETT SATELLITE INFORMATION NETWORK, LLC, d/b/a USA TODAY, *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 1:17-cv-01175-JEB |
| JUDICIAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 1:17-cv-01189-JEB |
| FREEDOM WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE and FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendants. | Civil Action No. 1:17-cv-01212-JEB |

UNCLASSIFIED//~~LES~~

UNCLASSIFIED/~~LES~~.

THE DAILY CALLER NEWS
FOUNDATION,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,

      Defendant.

Civil Action No. 1:17-cv-01830-JEB

## THIRD *IN CAMERA, EX PARTE* DECLARATION OF DAVID W. ARCHEY

(U) I, DAVID W. ARCHEY, declare as follows:

(1)    (U) I have been a Special Agent with the Federal Bureau of Investigation (FBI) for approximately seventeen (17) years. I was assigned to the Counterintelligence Division at FBI Headquarters as a Deputy Assistant Director in August 2017 to supervise all FBI personnel assigned to the Special Counsel's investigation.[1] Before then, I served as the Deputy Assistant Director of the Weapons of Mass Destruction Directorate at FBI Headquarters. Prior to that, I was a Section Chief in the Counterintelligence Division at FBI Headquarters, where I supported counterintelligence operations since 2014.

(2)    (U) The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith. I have been advised about plaintiffs'

---

[1] (U) On May 17, 2017, Deputy Attorney General Rod Rosenstein named former FBI Director Robert S. Mueller, III as Special Counsel to conduct the investigation into Russia's interference with the 2016 Presidential election. DOJ Order No. 3915-2017, Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters (May 17, 2017).

UNCLASSIFIED/~~LES~~

UNCLASSIFIED/~~/LES~~

Freedom of Information Act ("FOIA") requests to the FBI that are the subject of this litigation

concerning former FBI Director James B. Comey's memoranda memorializing his conversations

with President Donald J. Trump (*i.e.*, the "Comey Memos"), and that the FBI denied those

requests in full.

      (3)     (U) This declaration supplements and incorporates by reference my first

declaration in this case – *In Camera, Ex Parte* Declaration of the FBI (October 13, 2017).

      (4)     ~~(U//LES)~~ In my prior declaration, I explained that the Comey Memos have been

incorporated into a pending investigation and thus compiled as investigative records. *See In*

*Camera, Ex Parte* Declaration of the FBI (October 13, 2017) at fn. 2. Regarding when this

compilation occurred, on or by ▮▮▮▮▮▮▮ following the termination of former Director

Comey, the Comey Memos – which were previously maintained by the Director's staff – were

▮▮▮▮▮▮▮▮▮▮▮▮, at which point they were compiled as investigative records

into the FBI's case file. It is my understanding that the FBI invoked FOIA Exemption (b)(7)(A)

and declined to produce the Comey Memos in response to plaintiffs' FOIA requests on June 23,

2017, after the date they were compiled as investigative records. *See John Doe Agency v. John*

*Doe Corp.*, 493 U.S. 146, 155 (1989) ("Under the statute, documents need only to have been

compiled when the response to the FOIA request must be made.").

UNCLASSIFIED/~~/LES~~

3

UNCLASSIFIED/~~/LES~~

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of January, 2018.

DAVID W. ARCHEY
Deputy Assistant Director
Counterintelligence Division
Federal Bureau of Investigation
Washington D.C.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CABLE NEWS NETWORK, INC.,

      Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

Civil Action No. 1:17-cv-1167-JEB

## DECLARATION OF MICHAEL G. SEIDEL

# EXHIBIT B

UNCLASSIFIED/~~/LES~~

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>     Defendant. | Civil Action No. 1:17-cv-01167-JEB |
| GANNETT SATELLITE INFORMATION NETWORK, LLC, d/b/a USA TODAY, *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>     Defendant. | Civil Action No. 1:17-cv-01175-JEB |
| JUDICIAL WATCH, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>     Defendant. | Civil Action No. 1:17-cv-01189-JEB |
| FREEDOM WATCH, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and FEDERAL BUREAU OF INVESTIGATION,<br><br>     Defendants. | Civil Action No. 1:17-cv-01212-JEB |

UNCLASSIFIED/~~/LES~~

1

UNCLASSIFIED/~~/LES~~

THE DAILY CALLER NEWS
FOUNDATION,

     Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,

     Defendant.

Civil Action No. 1:17-cv-01830-JEB

## *IN CAMERA, EX PARTE* DECLARATION OF THE FBI

(U//LES) I, DAVID W. ARCHEY, declare as follows:

(1)    (U//LES) I have been a Special Agent with the Federal Bureau of Investigation

(FBI) for approximately sixteen and a half (16.5) years.  I was assigned to the

Counterintelligence Division at FBI Headquarters as a Deputy Assistant Director in September

2017 to supervise all FBI personnel assigned to the pending Special Counsel investigation into

Russia's interference with the 2016 Presidential election.[1]  Before then, I served as the Deputy

Assistant Director of the Weapons of Mass Destruction Directorate at FBI Headquarters.  Prior

to that, I was a Section Chief in the Counterintelligence Division at FBI Headquarters, where I

supported counterintelligence operations since 2014.

(2)    (U)  To my knowledge, at this time no FBI personnel currently assigned to the

Russian interference investigation are publicly known. Because of the high profile and sensitive

nature of the investigation, and to avoid any potential interference with the ongoing

investigation, my identity and association with the investigation cannot be disclosed on the

---

[1] On May 17, 2017, Deputy Attorney General Rod Rosenstein named former FBI Director Robert S. Mueller, III as Special Counsel to conduct the investigation into Russia's interference with the 2016 Presidential election. DOJ Order No. 3915-2017, Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters (May 17, 2017)).

public record.

(3)     (U) The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.  I have been advised about plaintiffs' Freedom of Information Act ("FOIA") requests to the FBI for all memos or other documents by former FBI Director James B. Comey discussing or memorializing conversations with President Donald J. Trump, and that the FBI denied those requests in full.  This declaration is being submitted to supplement the public declaration of David M. Hardy, Section Chief (SC) of the FBI's Record/Information Dissemination Section ("RIDS"), and to support the FBI's motion for partial summary judgment.

### FOIA Exemption (b)(7)(A) – Pending Enforcement Proceedings

(4)     (U) SC Hardy explained in his public declaration that the FBI is withholding in full the records responsive to plaintiffs' request – *i.e.*, the "Comey Memos" – because disclosure could reasonably be expected to adversely affect the pending investigation into Russia's interference in the 2016 Presidential election.  However, little explanation of the reason for this conclusion could be provided publicly without causing the very harms that the FBI is trying to avoid.  Additional details about the harms to the pending investigation are provided below.

(5)     ~~(U//LES)~~ The FBI and the Special Counsel's Office have determined that disclosure of the Comey Memos – or any portions of them – could reasonably be expected to adversely affect the pending Russia investigation. Former FBI Director James B. Comey is █████

█████████████████████. The Comey Memos are his contemporaneous notes about incidents that are of interest in that investigation (*i.e.*, the records sought here), and are

████████████████████████████████ in the Russia investigation.[2]

(6)    ~~(U//LES)~~ Consistent with its standard practices, the FBI has not publicly disclosed information and evidence collected in its pending Russia investigation, including the Comey Memos, nor has the Special Counsel done so.  Indeed, beyond the FBI's general acknowledgment of an investigation into Russia's interference in the 2016 Presidential election, details about the targets, witnesses, focus, scope, and nature of the investigation have not been publicly disclosed, confirmed, or denied by either the FBI or the Special Counsel.

(7)    ~~(U//LES)~~ In the context of the pending Russia investigation, disclosing the Comey Memos risks █████████████████████████████████████

████████████████████████████████████████████

contained therein.  Disclosing ████████████████████ especially when those statements identify ████████████████████, also reveals aspects of specific, non-public areas of investigative interest.  Disclosure would further suggest a map of possible investigative activity, which could reasonably be expected to result in a race to the evidence pertinent to such activity.

(8)    ~~(U//LES)~~ The FBI has considered whether former Director Comey's public testimony before Congress in June 2017 would alleviate or overcome the normal concerns associated ████████████ during pending investigations, and have concluded that it would not.  Notwithstanding former Director Comey's testimony – as a private citizen – to the Senate Select Committee on Intelligence ("SSCI") on June 8, 2017, revealing the memos

---

[2] ~~(U//LES)~~  The fact that the Comey Memos *in toto* have been incorporated into the pending investigation and thus recompiled as investigative records satisfies Exemption (b)(7)'s threshold requirement – *i.e.*, "records or information compiled for law enforcement purposes."

UNCLASSIFIED/~~/LES~~

themselves risks substantial harm to the investigation because former Director Comey did not

publish the memos, nor did his testimony cover everything contained in the memos. Disclosure

of the memos, in any capacity, would provide substantially more information about his recorded,

contemporaneous recollections than his testimony provided, thereby increasing the effectiveness

of any potential efforts to impede or compromise the Russia investigation. For example, the

memos discuss sensitive details regarding the progress of the pending Russia investigation as of

the dates of the meetings or conversations memorialized in them. Specifically, ██████████

██████████ and a confidential human source is identified ██████████

██████ as well as evidence obtained therefrom, and investigative steps taken or not yet taken in

the investigation as of the dates of the meetings memorialized in the memos are revealed. The

memos also identify at least one investigative target and reflect aspects of the investigation as of

those dates. In short, the memos include highly sensitive information from the pending

investigation. None of this information was the subject of former Director Comey's testimony.

Former Director Comey did not ██████████ or confidential source;

describe the information provided by the source or the FBI's investigative interest in it; or

otherwise explicitly describe the pending investigation. Disclosure of any of this non-public

information would cause the harms discussed above.

(9)    (U//LES) The FBI has specifically considered whether we can release those

portions of the Comey Memos about which he testified before SSCI on June 8, 2017, and we

have concluded that we cannot. Former Director Comey's testimony was not an official public

release by the FBI because he was no longer the FBI Director or a government official at the

time. But aside from there being no waiver of the content of the memos for this reason,

disclosing those portions of the Comey Memos that are the same or substantially similar to

UNCLASSIFIED/~~/LES~~

5

UNCLASSIFIED/~~LES~~

former Director Comey's testimony could reasonably be expected to harm the pending

investigation, notwithstanding that very testimony, again, due to the harms described above.

(10)   ~~(U//LES)~~   Finally, in addition to not being able to disclose the Comey Memos –

in whole or in part – without risking adverse effects on the pending Russia investigation, the FBI

also cannot disclose the total number of Comey Memos or the total number of pages of memos

without risking harm to the investigation.  While former Director Comey testified publicly about

having nine conversations with President Trump and documenting all or almost all of them, he

did not explicitly disclose the total number of memos he authored or provide any specific

information about the level of detail they do or do not contain.  The FBI and the Special Counsel

also have not publicly stated how many Comey Memos exist or whether one exists for each

conversation.  Moreover, neither the FBI nor the Special Counsel has disclosed any information

suggesting the length of the memos, individually or in total, or any other information about them,

such as the detail and extent to which they document the meetings that they memorialize.  Public

and official confirmation by the FBI about whether each conversation was documented or

whether only a subset of them was, could reasonably be expected to affect the testimony of

people knowledgeable about the conversations – *e.g.*, what and how much they tell investigators,

whether they try to hide or fabricate information – based on what is already known (or not

known) by the investigators.  Similarly, the volume of the records would tend to show the public

– and also potential subjects of the investigation – how detailed former Director Comey's

recollections of the meetings were, and the extent to which his public testimony was a

comprehensive review of his memos or only a partial disclosure.  As with disclosing the total

number of Comey Memos, disclosing the volume of pages comprising the memos could

reasonably be expected to affect the testimony of people knowledgeable about the conversations

UNCLASSIFIED/~~LES~~

UNCLASSIFIED//LES

by revealing to them information suggestive of how much investigators already know – or do not know – about the conversations.

### FOIA EXEMPTION (b)(1) – CLASSIFIED INFORMATION

(11)   ~~(U//LES)~~ As explained in SC Hardy's public declaration, the Comey Memos contain some information that is classified under subsections 1.4(c) and 1.4(d) of EO 13526, in order to protect intelligence activities, sources, and methods and foreign relations or activities of the United States.  More particularly, the memos contain classified discussions concerning: ██████████████████████ the ████████ identity of a confidential source, as well as details of foreign intelligence information obtained from and through this source by the FBI ███████████████; information about whether the FBI initiated coverage through the Foreign Intelligence Surveillance Act (FISA) on a particular individual; ████████████████████████ ████████████████; the sources and methods used in the investigation; and information concerning the President's foreign-policy decisionmaking.  This information is currently and properly classified pursuant to § 1.4(c).

(12)   ~~(U//LES)~~ The memos also identify specific foreign governments and officials, and reflect particular, non-public interactions between them and the United States Government, the public disclosure of which could reasonably be expected to affect the United States' relationships with those countries.  In addition, the revelation of the confidential source's name would identify the confidential source's ████████████████ ██████████████████████ ████████, and would restrict the ability of the FBI to continue to investigate and collect evidence in the Russian interference investigation.  Accordingly, this information is

UNCLASSIFIED//LES

UNCLASSIFIED//~~LES~~

currently and properly classified pursuant to § 1.4(d).

### FOIA EXEMPTION (b)(7)(E) – LAW ENFORCEMENT TECHNIQUES AND PROCEDURES

(13)    (U)  SC Hardy explained in his public declaration that the Comey Memos contain information about law enforcement techniques and procedures utilized in the investigation of Russia's interference in the 2016 Presidential election that the FBI has protected pursuant to Exemption (b)(7)(E).  However, he could not provide any further information about the protected techniques or procedures without undermining the FBI's use of them and/or causing harm protected against by Exemption (b)(7)(A).

(14)    ~~(U//LES)~~ The FBI is protecting its use of at least one particular technique or procedure in the pending Russia investigation, which is discussed in the Comey Memos – *i.e.*, use of confidential sources.  Neither DOJ, the FBI, nor the Special Counsel has publicly acknowledged the use of confidential sources in the investigation, and disclosure of this information could reasonably be expected to undermine the effectiveness of their use and jeopardize the particular source referenced in the memos.  Negating the effectiveness of this technique generally and of this source specifically could reasonably be expected to adversely affect the investigation.[3]

(15)    ~~(U//LES)~~ Use of confidential sources is a vital investigative tool used by the FBI, but key to the utility of the technique is maintaining the confidentiality of the sources.  If the FBI were to release information about and provided by its sources, they could be subjected to efforts to curtail their cooperation or undermine their assistance, as well as retaliation, intimidation, and physical or mental harm.  This would have a chilling effect on the pending investigation, not

---

[3] ~~(U//LES)~~ The use and identity of the confidential source here is also covered by Exemptions (b)(1) and (b)(3), which protect intelligence sources and methods.

UNCLASSIFIED//LES

only with respect to these particular sources' continued cooperation but also with respect to the cooperation of other witnesses or sources, who would reasonably fear exposure. It is implicit in investigations such as the pending Russian interference investigation that a source's identity and the information/assistance he/she/it provided will be afforded confidentiality. The FBI goes to great lengths to protect and maintain its sources' confidentiality because sources are an integral part of successful investigations and prosecutions.

(16)    (U//LES) Disclosing information in the Comey Memos reflecting the FBI's use of confidential sources in relation to the Russia investigation could also reasonably be expected to reveal the confidential source's ability to access information, allowing adversaries the opportunity to take steps to undermine or counteract that access, and thereby stop an effective means of foreign intelligence and evidence gathering used by the FBI.

(17)    (U) For the preceding reasons, disclosure of the FBI's use of this technique at this time would risk circumvention of the law. And for the same reasons, it could reasonably be expected to adversely affect the pending investigation.

(18)    (U//LES) Moreover, this information independently would be subject to FOIA Exemption (b)(7)(D). However, publicly asserting Exemption (b)(7)(D) would reveal the very information that the FBI is protecting under Exemptions (b)(7)(A) and (b)(7)(E) – *i.e.*, the use of confidential sources in this investigation. Accordingly, the FBI concluded that the only way to avoid these harms was to raise Exemption (b)(7)(D) only *in camera* and *ex parte* as part of its Exemption (b)(7)(E) explanation.

(19)    (U//LES) FOIA Exemption (b)(7)(D) protects records or information compiled for law enforcement purposes when disclosure:

UNCLASSIFIED//LES

UNCLASSIFIED//~~LES~~

> could reasonably be expected to disclose the identity of a
> confidential source, including a State, local or foreign agency or
> authority or any private institution which furnished information on
> a confidential basis, and, in the case of a record or information
> compiled by a criminal law enforcement authority in the course of
> a criminal investigation or by an agency conducting a lawful
> national security intelligence investigation, information furnished
> by the confidential source.

5 U.S.C. § 552(b)(7)(D). Exemption (b)(7)(D) provides categorical protection for the identities

of confidential sources, as well as information provided by such a source in a criminal or

national security investigation. No balancing of interests is required and the public's interest in

the information is not a factor. Rather, once the FBI establishes that the source provided

information under express or implied assurances of confidentiality, the identity of the source and

all information the source provided in a criminal or national security investigation are exempt

under Exemption (b)(7)(D).

    (20)   (U//~~LES~~ Here, the information subject to Exemption (b)(7)(D) in the Comey

Memos consists of ███████████████████ confidential source, as well as information

provided by the source, ███████████████████████████████████

███████████████████ . ████████ sources operate under express assurances of

confidentiality. This alone entitles this information to protection under Exemption (b)(7)(D).

Moreover, the information provided by the confidential source is entitled to protection under the

second clause of Exemption (b)(7)(D). Consequently, both the identity of the source, ████████

████████ , and the information provided by this source, are entitled to protection under

Exemption (b)(7)(D).

UNCLASSIFIED/~~/LES~~

### WAIVER AND SEGREGATION

(21)   (U/~~/LES~~) Official Government statements and comments have been carefully reviewed and compared against the Comey Memos to determine whether there is any information in the memos that is as exact as information already made public in official statements or comments.  The FBI has concluded that no official Government statements or comments have been made that precisely match anything in the Comey Memos.  While there are some similarities, there are no exact matches and any particular words from official statements or comments that seem to match information in the Comey Memos is inextricably intertwined with non-matching words and contents such that waiver has not occurred and segregation is not reasonably possible.

UNCLASSIFIED/~~LES~~

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of October, 2017.

DAVID W. ARCHEY
Deputy Assistant Director
Counterintelligence Division
Federal Bureau of Investigation
Washington D.C.

UNCLASSIFIED/~~LES~~