**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>      Defendant. | Civil Action No. 1:17-cv-01167-JEB |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ACCESS TO
SEALED JUDICIAL RECORDS**

**INTRODUCTION**

This action involves a request submitted by plaintiff Cable News Network ("CNN" or plaintiff) to defendant Federal Bureau of Investigation ("FBI") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff requested records created by then-Director of the FBI, James B. Comey, documenting his interactions with President Donald J. Trump; these records have been referred to as the "Comey Memos."  On February 2, 2018, this Court held that the FBI had conducted an adequate search for the Comey Memos and had properly withheld them in full under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), which protects documents compiled for law enforcement purposes where their disclosure "could reasonably be expected to interfere with enforcement proceedings."  *Cable News Network v. FBI* ("*CNN v. FBI*"), 293 F. Supp. 3d 59 (D.D.C. 2018).  CNN appealed but, while the appeal was pending, redacted versions of the Comey Memos were made public.  The court of appeals subsequently remanded the appeal to

this Court for it to consider the propriety of the limited redactions made to the public version of the memos, which this Court had not previously considered.

In the course of defending its prior assertion of FOIA Exemption 7(A) over the entirety of the "Comey Memos," the FBI submitted two declarations for this Court's *in camera* and *ex parte* review—the *In Camera, Ex Parte* Declaration of the FBI, *see* Dkt. No. 23 (later identified as being written by David W. Archey, Deputy Assistant Director in the Counterintelligence Division of the FBI), and the Third Declaration of David W. Archey, *see* Dkt. No. 47.[1]  On the Court's request, the FBI also presented a sealed, on-the-record *ex parte* proffer from an attorney from the Special Counsel's Office. *CNN v. FBI*, 293 F. Supp. 3d at 67.  In the present motion, plaintiff seeks access to these materials.

In recognition that circumstances have changed since the Archey Declarations were originally submitted to the Court, namely, that the Comey Memos have been released with only limited redactions, the FBI has reviewed the First and Third Archey Declarations and determined that these also can also be released with limited redactions.  The redacted declarations are attached to the declaration of Michael Seidel, Acting Section Chief of the Record/Information Dissemination Section of the Information Management Division of the FBI, submitted with the FBI's combined opposition to plaintiff's cross-motion for summary judgment and reply in further support of the FBI's motion for summary judgment.  The FBI has determined that certain portions of the declarations should continue to be withheld in order to avoid adversely affecting the ongoing investigation by the Special Counsel's Office into Russian interference in the 2016

---

[1] The Second Declaration of David W. Archey, also filed *in camera and ex parte*, *see* Dkt. No. 46, concerned records other than the Memos; these other records were responsive to the requests at issue in the other cases consolidated with this case.  The Second Archey Declaration is not at issue in plaintiff's present motion.

election. *See* Seidel Decl. ¶ 8. As the Court is aware, the on-the-record proffer also contains highly sensitive information about the Special Counsel's investigation, the release of which would adversely affect the investigation. The Court should continue to keep the material redacted from the declarations and the proffer in confidence and should deny plaintiff's motion for access.

The government recognizes that *ex parte* submissions of information are disfavored and, accordingly, has sought to release as much of the original declarations as possible. However, the continued protection of a limited amount of the *ex parte* material is necessary to accommodate the government's compelling interest in protecting law-enforcement sensitive information and the ongoing investigation. Because the disputed submissions are limited and justified, plaintiff's motion for access to these submissions should be denied.

## ARGUMENT

### PLAINTIFF'S MOTION FOR ACCESS TO THE COMPLETE *IN CAMERA, EX PARTE* DECLARATIONS AND THE HEARING PROFFER SHOULD BE DENIED

As stated above, the FBI has determined that release of large portions of the First and Third *in camera, ex parte* Archey Declarations is now appropriate and is producing those declarations herewith in redacted form. The FBI assumes for the purposes of this opposition memorandum that plaintiff will continue to request access to the redacted portions of these declarations, as well as to the record of the *ex parte* hearing. These requests should be denied.

#### A. The Submission of *In Camera, Ex Parte* Declarations is Well Accepted in FOIA Cases, Such As Here Where Law Enforcement Sensitive Information is at Issue

The submission of *in camera, ex parte* declarations is well accepted in FOIA cases where circumstances warrant, in particular where classified information is at issue or where, as here, Exemption 7(A) is asserted. The courts have recognized, in such circumstances, it may be

3

necessary for the government to submit additional explanation *in camera* and *ex parte* about why release of the material at issue would harm national security or a pending law enforcement investigation, because revealing such explanation on the public record would disclose the very information that the agency is seeking to withhold. Where "an agency indicates that no additional information concerning an investigation may be publicly disclosed without revealing precisely the information that the agency seeks to withhold, the receipt of *in camera* declarations is appropriate." *Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 16 (D.D.C. 2009); *see also Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 767 (D.C. Cir. 2000) (noting that, in FOIA cases, the government can request "that the court review the index or the requested documents in camera, on the grounds that the production and disclosure of a *Vaughn* index will in fact disclose the very information the government seeks to protect"); *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983) ("the receipt of *in camera* affidavits is . . . , when necessary, part of a trial judge's procedural arsenal," including in cases involving Exemption 7(A) (internal quotation marks and citation omitted.).

Accordingly, *in camera* submissions are routinely permitted and relied upon in such FOIA cases. *See Elec. Privacy Info. Ctr. v. Dep't of Justice Crim. Div.*, 82 F. Supp. 3d 307, 315 n.4, 321 (D.D.C. 2015) (upholding assertion of Exemption 7(A) based in part on *in camera, ex parte* declaration); *Barnard*, 598 F. Supp. 2d at 20 (same); Minute Order, *Judicial Watch, Inc. v. CIA*, Case No. 17-cv-397 (TSC) (D.D.C. Sept. 30, 2017) (granting leave for defendants to "redact law enforcement sensitive information on the publicly filed version of the FBI's filings and [to] file unredacted versions of the FBI's filings ex parte and in camera"); Order Granting Motion For Leave to File In Camera, *Leopold v. Dep't of Treasury*, Case No. 16-cv-1827 (KBJ) (D.D.C. Aug. 1, 2017), Dkt. No. 20, at 3 ("Defendants have adequately demonstrated the need for *in*

*camera* review of redacted submissions by representing that redaction of the information that Defendants intend to make available for *in camera* inspection is necessary to prevent interference with Special Counsel Mueller's investigation, and that revealing more about the redacted information on the public record would disclose the very information that Defendants seek to withhold"); *see also Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1388 (D.C. Cir. 1979) (relying on affidavit submitted for *in camera* review to support Exemption 1 claim that "spells out the[] factors [addressed in the public affidavits] with greater specificity").

The government's submission of *in camera, ex parte* declarations in the present case is consistent with these longstanding principles concerning procedures in FOIA cases. The government further attempted to minimize any prejudice to plaintiff (or the interested public) by filing as much as it could (including other declarations) on the public docket and by seeking leave to file the additional materials through motions that were also publicly filed, even though neither D.C. Circuit authority nor the Local Rules required it to do so. *See* Dkt. Nos. 23, 47. Further, the government has now chosen to release large portions of these declarations. *See* Seidel Decl., Exs. A & B. Thus, the government's reliance on *in camera, ex parte* declarations to provide further explanation of why release of the information subject to plaintiff's FOIA request would harm a pending law enforcement investigation has been appropriately limited in scope as circumstances dictate.

Plaintiff's request for access to the remaining redactions in these materials would risk harm to the ongoing investigation by the Special Counsel. Specifically, the portions of the two declarations that have been redacted would reveal information about the focus and scope of the Special Counsel Office's investigation that have not been officially publicly disclosed, and which if disclosed now could reasonably be expected to cause the types of harms generally

outlined in those declarations themselves. Seidel Decl. ¶ 9. The FBI cannot provide any further details publicly about the potential harms because such disclosure would also risk those harms occurring. *Id.* Plaintiff's request for access to these materials should therefore be denied.

### B. Plaintiff's Request for Access to The *Ex Parte* Proffer Should Also Be Denied

Plaintiff's request for access to the proffer provided in the live, *ex parte* hearing should also be denied. The proffer contains the same category of material as provided in the *in camera, ex parte* declarations, that is, explanation of how release of the redacted information could harm a pending law enforcement investigation. As the Court is aware, this proffer consisted of highly sensitive information about the Special Counsel's investigation that had not been officially disclosed by the government at the time and has not been officially disclosed since; likewise, disclosure of this information now would still adversely affect the investigation. This is particularly true given the "degree of media scrutiny" in this case, which means that a risk exists that even a partial provision of the proffered information would nonetheless invite damaging conjecture and speculation. *In re Application of WP Co. LLC*, 201 F. Supp. 3d 109, 128 (D.D.C. 2016); *see also United States v. Index Newspapers LLC,* 766 F.3d 1072, 1095 (9th Cir. 2014) (describing circumstances in which redaction of sealed materials may not be appropriate); *In re Search Warrant for Secretarial Area Outside Office of Gunn ("Gunn")*, 855 F.2d 569, 574 (8th Cir. 1988) (agreeing that "line-by-line redaction of the sealed documents was not practicable"); *United States v. Pirk*, 282 F. Supp. 3d 585, 602-03 (W.D.N.Y. 2017) (holding that "decision not to order the disclosure of even a redacted copy of the search warrant affidavit is neither clearly erroneous nor contrary to law").

For the reasons detailed above and below, plaintiff has not established that it has any right to the proffer and the Court should therefore continue to keep the proffer in confidence as

well.  Should the Court determine that more detailed consideration and briefing regarding the withholding of the proffer (or regarding any of the remaining redactions to the declarations) is warranted, the government respectfully requests that it be given the opportunity to file a supplemental declaration, *in camera* and *ex parte* if necessary, that addresses issues involved in withholding this material in more detail.

### C. The First Amendment Right of Access Does Not Apply to *In Camera* and/or *Ex Parte* Materials in FOIA Cases

Plaintiff asserts that it is entitled to access to the *in camera* and/or *ex parte* materials either under the First Amendment or the common-law right of access.  Neither authority compels release of such material in the context of a FOIA suit, however.  At the outset, it is crucial to recognize that plaintiff is not requesting access to the records *as a party to this case* but rather as a member of the public (or, rather, as a press organization that will make any releases public).  Thus, plaintiff argues that the material it seeks should be released in full "*so that ... the public can evaluate the government's complete rationale for keeping the memos secret for so long and, as is now clear, for no public benefit.*"  Pl.'s Access Mot. 1 [Dkt. No. 72].  Plaintiff does not assert any specific need for the documents in connection with the present litigation.

As plaintiff recognizes, "[n]either the Supreme Court nor [the D.C. Circuit] has applied the [First Amendment right of access] outside the context of criminal judicial proceedings or the transcripts of such proceedings." *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 935 (D.C. Cir. 2003); *see also* Pl.'s Access Mot. 9 n.2 (citing *Dhiab v. Trump*, 852 F.3d 1087, 1104 (D.C. Cir. 2017) (the D.C. Circuit has "never *found* a qualified First Amendment right [of access to judicial records] outside the criminal context," though the court has "never categorically ruled it out" and "many other circuits have concluded that such a right exists in


civil and even administrative matters") (Williams, J., concurring)). The D.C. Circuit has found a qualified First Amendment right of access only to judicial proceedings that are part of the criminal trial process. *See Dhiab*, 852 F.3d at 1092 (declining to apply *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9 (1986) ("*Press-Enterprise II*") because "[u]nlike Dhiab's case, which was civil in nature, the underlying action in *Press-Enterprise II* was a criminal prosecution [and this] distinction makes a difference"); *Ctr. for Nat'l Sec. Studies*, 331 F.3d at 935 (declining to find First Amendment right of access to the identities of individuals detained following 9-11 and information concerning their detention); *Washington Post v. Robinson*, 935 F.2d 282, 290 (D.C. Cir. 1991) (holding that First Amendment protects public access to plea agreement on which judgment has been entered). Plaintiff cites no case in which a court in this Circuit has held that the First Amendment right of access applies in a civil FOIA suit. *See* Pl.'s Access Mot. 10 (citing cases from other circuits).

Even if the First Amendment did apply here, it would not require public access to *in camera* or *ex parte* proceedings *in a FOIA case*. The "experience and logic" test of *Press-Enterprise II* is used to determine when a qualified First Amendment right of access exists. This test does not indicate that a right of access applies to *in camera, ex parte* submissions in FOIA cases. With regard to "experience," such submissions are, as detailed above, historically accepted in FOIA cases. *See Dhiab*, 852 F.3d at 1095 (finding "experience" prong not met in habeas case involving classified information because "there is no tradition of publicizing secret national security information involved in civil cases, or for that matter, in criminal cases"); *United States v. El–Sayegh*, 131 F.3d 158, 160-61 (D.C. Cir. 1997) (finding no First Amendment right of access to withdrawn plea agreement because "it is impossible to say that access to such a document has historically been available"). With regard to "logic," FOIA cases challenge the

government's claim to an exemption from public release, and *in camera, ex parte* submissions are made in such cases when a public filing would reveal the very information for which the exemption is claimed. It would be entirely *illogical* to require a government agency to reveal the very information sought to be protected in order to defend its claim to protection.

Finally, even if the Court were to find a qualified First Amendment right in these materials, plaintiff would still not be entitled to access. The records may still be protected if "essential to preserve higher values and … narrowly tailored to serve that interest." *Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1984); *see also* Pl.'s Access Mot. 11 (breaking this test into four prongs). As discussed above, the limited withholdings still at issue are narrowly tailored to serve the "compelling government interest" in protecting a legitimate, ongoing law enforcement investigation. *Gunn*, 855 F.2d at 574; *see also Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 579 (4th Cir. 2004) ("We note initially our complete agreement with the general principle that a compelling governmental interest exists in protecting the integrity of an ongoing law enforcement investigation."); *Robinson,* 935 F.2d at 291 (noting that a threat to an "ongoing criminal investigation" may justify sealing a plea agreement). Plaintiff's argument that the government's withholdings are not "narrowly tailored" (Pl.'s Access Mot. 11-14) were written before release of the First and Third Archey Declarations in their present form. Acting Section Chief Seidel explains in his declaration filed with the FBI's combined opposition and reply memorandum that the limited remaining redactions to these declarations are necessary to avoid adversely affecting the still-ongoing investigation, even in light of the information that is currently publicly known about the investigation. Seidel Decl. ¶ 9. The proffer likewise consists of highly sensitive investigative information that had not been officially disclosed by the government at the time and has not been officially disclosed since,

disclosure of which would still adversely affect the investigation. The Court should therefore uphold the government's withholdings in their current form on the ground that these withholdings are essential to preserve higher values.

### D. The Common-Law Right of Access Does Not Confer Rights Upon the Public to Review *In Camera* and/or *Ex Parte* Materials Filed in FOIA Cases

In the alternative, plaintiff also asserts that the common law right of access to judicial records entitles it to the materials it seeks. The applicability of the common-law right turns as well on a multipronged test. *See United States v. Hubbard*, 650 F.2d 293, 316-323 (D.C. Cir. 1980). Two of the *Hubbard* prongs, the strength of the generalized property and privacy interests asserted (prong four) and the possibility of prejudice (prong five), *id.* at 320-21, weigh against disclosure here for the reasons stated above, the risk that disclosure could harm the investigation.

In addition, here, as in *Hubbard*, another "important element" in this test is "the purposes for which the documents were introduced" (prong six). 650 F.2d at 321. In *Hubbard*, the documents at issue were materials seized from a third party that were introduced by the criminal defendants for the sole purpose of demonstrating the unlawfulness of the search and seizure. In other words, defendants sought to introduce the documents to argue that their privacy interests and those of the third party had been violated. The court concluded this consideration weighed conclusively against public dissemination of the contents because such dissemination would "impair the very privacy rights [defendants] seek to vindicate, regardless of the use ultimately made of the documents by the court." *Id.*

The same general principles apply here. FOIA provides an extensive statutory regime for public access to records and provides for certain exemptions. Moreover, the FOIA statute itself

expressly provides that a court "may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section." 5 U.S.C. § 552(a)(4)(B). FOIA therefore expressly contemplates that some withholdings might not be able to be sufficiently explained on the public record. It would make no sense for Congress to have enacted this balanced scheme of disclosure and exemption, but then for the courts to mandate that all justifications and explanations for application of the exemptions must be publicly disclosed. In other words, requiring disclosure of the *in camera* and/or *ex parte* materials explaining the FBI's assertion of Exemption 7(A) would "impair the very [Exemption] the[ FBI] seek[s] to vindicate." On the other hand, plaintiff's arguments that the release of the unredacted materials would shed light on the memos themselves or on the Court's decision are without merit and, in any event, uninformed by the subsequent release (with this brief) of the redacted versions of the declarations.

In sum, the Court should decline to find that the common-law right of access upends the ordered statutory scheme of FOIA and decline to order disclosure of the unredacted *in camera* and/or *ex parte* materials.

## CONCLUSION

For the reasons stated above, plaintiff's motion for access to sealed judicial records should be denied.

Dated: March 1, 2019

Respectfully submitted,

CHAD A. READLER
Principal Deputy Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Director, Civil Division

*/s/Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Civil Action No. 1:17-cv-01167-JEB |

## [PROPOSED] ORDER

Upon consideration of Plaintiff's Motion for Access to Sealed Judicial Records [Dkt. No. 72], the opposition thereto, and the entire record herein, and for good cause shown, it is hereby

**ORDERED** that Plaintiff's Motion is **DENIED**.

So ordered on this _____ day of _____, 2019.

_____
James E. Boasberg
United States District Judge