**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CABLE NEWS NETWORK, INC.,

            Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

            Defendant.

Case No. 1:17-cv-01167-JEB

**Oral Argument Requested**

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
PLAINTIFF'S RENEWED CROSS-MOTION FOR SUMMARY JUDGMENT**

BALLARD SPAHR LLP

Charles D. Tobin (#455593)
Adrianna C. Rodriguez (#1020616)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
rodriguezac@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Plaintiff Cable News Network, Inc.*

Dated:  March 22, 2019

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT.................................................................................................................................2

I.      THE FBI HAS NOT JUSTIFIED CONTINUING TO WITHHOLD ANY
PORTION OF THE COMEY MEMOS UNDER EXEMPTIONS 1 OR 3.........................3

II.     THE FBI HAS NOT JUSTIFIED CONTINUING TO WITHHOLD ANY
PORTION OF THE COMEY MEMOS UNDER EXEMPTIONS 7(E)
OR 7(A) .....................................................................................................................10

CONCLUSION............................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*ACLU v. Dep't of Def.*,
   628 F.3d 612 (D.C. Cir. 2011) ...............................................................................1

*Church of Scientology of Cal., Inc. v. Turner*,
   662 F.2d 784 (D.C. Cir. 1980) ...............................................................................8

*CREW v. Dep't of Justice*,
   746 F.3d 1082 (D.C. Cir. 2014) ............................................................................11

*Dep't of Air Force v. Rose*,
   425 U.S. 352 (1976).............................................................................................2, 3

*Garvey v. NTSB*,
   190 F.3d 571 (D.C. Cir. 1999) ...............................................................................1

*Gray v. U.S. Army Criminal Investigation Command*,
   742 F. Supp. 2d 68 (D.D.C. 2010) .......................................................................11

*James Madison Project v. Dep't of Justice*,
   320 F. Supp. 3d 143 (D.D.C. 2018) .......................................................................6

*Larson v. Dep't of State*,
   565 F.3d 857 (D.C. Cir. 2009) .......................................................................1, 6, 8

*Pub. Citizen, Inc. v. OMB*,
   598 F.3d 865 (D.C. Cir. 2010) ...............................................................................2

*Rosenberg v. Department of Defense*,
   342 F. Supp. 3d 62 (D.D.C. 2018) .................................................................3, 4, 10

*Wolf v. CIA*,
   473 F.3d 370 (D.C. Cir. 2007) ...............................................................................1

**Statutes**

5 U.S.C. § 552...................................................................................................... *passim*

## PRELIMINARY STATEMENT

In its opposition ("Opp."), the FBI makes three principal errors that completely undermine its own case for continuing to withhold any portions of the "Comey Memos," which are vitally important public records.

First, the FBI overreaches in its blanket argument that this Court is simply incapable of overruling the FBI's withholdings under Exemption 1. *E.g.*, Opp. 7 ("[T]he classification authority has determined that release of these statements would impact our relations with other countries, and neither plaintiff, *nor this Court*, can second guess that decision.") (emphasis added). The D.C. Circuit, however, has clearly held that the district courts do not abdicate all responsibility in favor of the Executive Branch: "Deference, of course, does not mean blind obedience." *Garvey v. NTSB*, 190 F.3d 571, 580 (D.C. Cir. 1999). No matter the FOIA exemption at issue, "an agency's justification for invoking [that] exemption" must be "logical or plausible." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (internal marks and citations omitted). Because CNN has shown that the FBI's justifications for redacting the Comey Memos are illogical and implausible, this Court has both the constitutional and statutory authority to overrule the FBI's withholdings and order the release of fully unredacted memos.

Second, the FBI erroneously chides CNN for not "properly apply[ing] the 'official acknowledgment' doctrine," Opp. 3, even though CNN did not raise that doctrine in its renewed cross-motion ("Mot."). The official acknowledgment doctrine provides that "when information has been officially acknowledged, its disclosure may be compelled even over an agency's otherwise valid exemption claim," *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007) (internal marks and citation omitted), but it applies only when "the information requested . . . match[es] the information previously disclosed," *ACLU v. Dep't of Def.*, 628 F.3d 612, 620 (D.C. Cir. 2011). CNN makes a wholly different argument here, namely that the FBI's basis for continuing

1

to withhold portions of the memos is illogical and implausible in part because of the vast amount of *related* information "about the memos and the Special Counsel's investigation released to the public over the past year."  Mot. 6.  Rather than respond to this position, the FBI attempts to sidestep it, reproaching CNN for "point[ing] to publicly available information on the same general topics, only some of which has been officially disclosed and which is not in any event specific information that matches the withheld information exactly."  Opp. 4.  The Court should see right through such an obvious straw man and consider CNN's argument on its merits.

Third, the FBI seems to forget that the Court has already reviewed the memos *in camera*. Mem. Op. 5, 14.  For example, CNN noted that, based on context, it appears redaction blocks 22 and 23 simply identify the leader of Jordan.  Mot. 16.  The FBI responds that "even if [CNN] has guessed correctly, a guess based on surmise is very different from official acknowledgment, and the latter may well harm relations where the former did not."  Opp. 12.  But the relevant question is not *whether* CNN has guessed correctly, it is whether the FBI has made a plausible argument that disclosing this information could cause the harms that the relevant FOIA exemptions aim to prevent *even if* CNN has guessed correctly.  The Court knows what the FBI has withheld in each of these redaction blocks.  Despite the FBI's claims otherwise, the Court is empowered to overrule its redactions if, with the benefit of its *in camera* review of the memos, the Court agrees that the FBI's arguments for withholding are illogical and implausible.

For all the reasons set forth below and in CNN's opening brief, the Court should release unredacted copies of the Comey Memos and award CNN its reasonable attorney's fees and costs.

## ARGUMENT

FOIA's objective is "'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny,'" and the statute has a "presumption in favor of disclosure." *Pub. Citizen, Inc. v. OMB*, 598 F.3d 865, 869 (D.C. Cir. 2010) (quoting *Dep't of Air Force v.*

*Rose*, 425 U.S. 352, 360-61 (1976)).  Because the FBI has failed to rebut this presumption as to

the remaining redactions, the Court should direct it to promptly release the memos in full.

**I.     THE FBI HAS NOT JUSTIFIED CONTINUING TO WITHHOLD ANY
         PORTION OF THE COMEY MEMOS UNDER EXEMPTIONS 1 OR 3.**

Before discussing the individual redactions, the FBI's claim that CNN "misreads" the

recent decision in *Rosenberg v. Department of Defense*, 342 F. Supp. 3d 62 (D.D.C. 2018), bears

addressing.  There, the government withheld material under Exemption 1, including records that

reflected "the reactions of [Guantánamo] detainees upon learning of their transfer" to other

countries.  *Id.* at 86.  The government asserted that releasing this information would cause

"significant national security risks," but the court characterized that argument as "tenuous at

best," explaining that it could not "discern, even affording due deference to the agency on

national security matters as required, a *logical* connection between the disclosure of [the

requested information] and a risk to the national security."  *Id.* (emphasis added).  The court

therefore denied the government's motion for summary judgment as to those withholdings.  *Id.* at

96-97.

In challenging CNN's discussion of *Rosenberg*, the FBI first tries to distinguish the case

on its facts, noting that "this type of information, that is, the 'feelings and thoughts' *of third

parties*, is not at issue here."  Opp. 4.  But that says nothing about the legal question at issue in

*Rosenberg*—and here.  As *Rosenberg* makes clear, a court should overrule Exemption 1

withholdings when the government fails to demonstrate a logical or plausible connection

between disclosure and a risk to national security or foreign relations, even affording the

government all due deference in its forecast of harm.  Next, the FBI states that "[o]therwise, this

decision discussed and applied the 'official acknowledgment' doctrine and made clear that a

requestor must strictly satisfy the requirements" of that doctrine.  *Id.* at 4-5.  But the *Rosenberg*

plaintiffs did *not* make that argument with respect to the records reflecting detainees' reactions to their transfers—the issue in *Rosenberg* that supports CNN here.  342 F. Supp. 3d at 83-87. Rather, the court's ruling with respect to the detainee-reaction records rested entirely on the government's failure to make a logical showing of harm under Exemption 1.  *Id.* at 86.  The FBI, not CNN, has misread *Rosenberg*.

Turning to the redactions at issue, FBI plainly has not carried its burden under Exemption 1, because it fails to demonstrate a *plausible* link between release of the withheld information and any risk of harm to national security or foreign relations, or under Exemption 3, because it has not shown that release of the redacted information could *reasonably* be expected to lead to unauthorized disclosure of intelligence sources and methods.

**Redaction Blocks 1-7:**  Redaction blocks 1-5 and 7 appear to withhold the name of a foreign country and its leader who was the first head of state to call President Trump after his inauguration.  As CNN has explained, it is implausible that releasing these names would *adversely* affect national security or foreign relations, because the information would show only that the President thought that particular country and its leader are important.  Mot. 8-9.  The FBI responds that "even if release of such positive information does not harm the United States' relations with *that* particular country, it is logical and plausible that it could hurt our relations with *other* countries."  Opp. 5-6.  This asserted link between release of responsive material and harm to foreign relations is even more tenuous than the one the court found insufficient in *Rosenberg*.  Indeed, that link is plausible only if this Court is willing to think of the international community as toddlers invited to a birthday party who might become upset at seeing another child receive a present.

Similarly, redaction block 6 appears to withhold the name of a country or leader who President Trump offhandedly characterized as less important than the country or leader who called him first.  CNN explained that such an extemporaneous comment, made two years ago, cannot plausibly be expected to affect foreign relations today – especially given President Trump's caustic rhetoric in other settings towards so many countries and leaders.  Mot. 9.  In response, the FBI asserts that the information redacted in block 6 "*could* further confirm negative views that were subsequently expressed or lend a more positive (or negative) gloss to those statements."  Opp. 6 (emphasis added).  This Court need not engage in the FBI's speculation, however, because it already has seen the redacted information *in camera*, and it can therefore determine for itself whether it is plausible that release of the information could harm foreign relations.  Perhaps sensing that the Court may do just that, the FBI also claims that since it has "determined that release of these statements would impact our relations with other countries," no one – not even the Court – may "second guess that decision."  Opp. 7.  This Court should reject the invitation to serve as a rubber stamp for the Executive and instead make its own plausibility assessments.

**Redaction Block 8**: This redaction withholds the name of an individual in the White House who received a "defensive briefing" in February 2017.  As CNN has explained, given that White House officials are obviously targets of foreign surveillance efforts, it is not plausible that releasing this years-old information would have any effect on national security, because it would merely identify which particular White House official happened to receive a warning about such efforts on that particular day.  Mot. 9-10.  The FBI responds that, "when pieced together with other information," this information "*could*" allow "hostile actors" to take steps detrimental to our national security.  Opp. 7-8 (emphasis added).  Because this Court already knows the identity

in question, it need not simply defer to the FBI, but rather the Court can decide for itself whether it is plausible that releasing this information would cause any effect at all on national security.

**Redaction Block 9**:  This redaction block withholds a piece of "information known to the FBI concerning Lieutenant General Flynn as of a particular date."  Opp. 8.  CNN has explained that this withholding is improper for two reasons.  For one, the FBI's initial brief did not satisfy this Circuit's requirement that an agency provide "*reasonably specific* detail" to "demonstrate that the information withheld logically falls within the claimed exemption."  Mot. 10 (quoting *Larson*, 565 F.3d at 862 (emphasis added)).  The FBI offers only the lukewarm response that its statements were "*fairly* specific" and that "*not much* more can be said without revealing the information for which protection is sought."  Opp. 8 (emphasis added).  The FBI also states that releasing this information "would risk harm to national security," Opp. 9, but that assertion also suffers from a lack of "reasonably specific detail."  For another, the fact that so much information about the Flynn investigation is already public makes it highly implausible that the release of this additional piece of information would harm national security.  Mot. 10-11.  The FBI replies that this now-public information "does not match" the redacted information, Opp. 9—but, again, fails to respond to CNN's argument that no logical or plausible harm has been demonstrated in light of the information that is already public.

**Redaction Blocks 10-15 & 18**: As CNN noted in its opening brief, from context it is clear that these redactions refer to the "Trump Dossier" – a "compilation of memoranda prepared by former British intelligence officer Christopher Steele concerning Russian efforts to influence the 2016 presidential election and alleged ties between Russia and then candidate Trump" – or a government synopsis of it.  Mot. 11-12 (citing *James Madison Project v. Dep't of Justice*, 320 F. Supp. 3d 143, 145 (D.D.C. 2018)).  CNN has explained that, because so much information about

that Dossier already is available to the public, it is implausible that release of this additional information could affect national security.  *Id.*  The FBI responds by refusing to confirm or deny "that these redactions pertain to the Dossier or the synopsis," and by repeating the irrelevant point that CNN "provides no evidence that the redactions from the memorandum 'match' passages from the dossier, the synopsis, or any other document."  Opp. 9-10.

As discussed above, the question before this Court is not *whether* these redactions relate to the Dossier and/or its synopsis.  The question is, if the redactions *do* relate to the Dossier and/or the synopsis, has the FBI shown that removing these redactions would plausibly harm national security?  The answer can only be no, given the wealth of records about and discussions concerning these documents already in the public record.  President Trump has tweeted about the Dossier dozens of times.[1]  Former Associate Deputy U.S. Attorney General and current Justice Department official Bruce Ohr also provided recently-released testimony to Congress about the Dossier and the relationship between Steele and the FBI.[2]  Even if none of this information "matches" the redacted portions of the memos, it is nevertheless clear that releasing these additional pieces of information could not plausibly harm national security.

**Redaction Blocks 16-17**:  This set of redactions would reveal whether the FBI obtained a FISA warrant to surveil Flynn, and CNN has explained that this piece of information cannot plausibly harm national security because the public already knows from records released in the course of the Flynn prosecution that the FBI obtained verbatim records of Flynn's communications with the Russian Ambassador.  Mot. 13-14.  The FBI responds that those

---

[1] The results of a search for President Trump's use of the term "Dossier" on Twitter is available at https://twitter.com/search?l=&q=dossier%20from%3Arealdonaldtrump&src=typd.

[2] A transcript of Ohr's August 28, 2018 testimony before a joint Executive Session of the House Committee on the Judiciary and House Committee on Government Reform and Oversight is available at https://dougcollins.house.gov/sites/dougcollins.house.gov/files/Ohr%20Interview%20Transcript%208.28.18.pdf.

released documents did not "use the phrase 'verbatim records,'" Opp. 11, even though the FBI

later concedes the records reveal "that, in their interview with Lieutenant General Flynn, the FBI

'used the exact words' Flynn had used in his contact with the Russian ambassador,'" *id.* at 18.

The FBI adds that CNN's "guess as to the source of the information that is discussed in the Flynn

filing is not the same as official acknowledgment of that fact." *Id.* at 11.  Once again, however,

the official acknowledgment doctrine is not at issue.  Government records reveal that the FBI

knew "the exact words" exchanged between Flynn and a representative of a foreign power.

Merely confirming whether the FBI used a FISA warrant to obtain that information, in and of

itself, cannot plausibly harm national security.

    **Redaction Block 19**:  With respect to this redaction, the FBI has asserted only that it

"would reveal another intelligence method used to gather particular information."  Opp. 11-12

(internal marks omitted).  As CNN explained, that plainly fails to satisfy this Circuit's threshold

requirement that an agency provide "*reasonably specific* detail" to "demonstrate that the

information withheld *logically* falls within the claimed exemption."  *Larson*, 565 F.3d at 862

(emphasis added).  In response, the FBI asserts that its mere invocation of the term "intelligence

method" is enough to carry its burden under Exemptions 1 and 3.  But the D.C. Circuit has

"consistently maintained that vague, conclusory affidavits, or those that merely paraphrase the

words of a statute, do not allow a reviewing judge to safeguard the public's right of access to

government records."  *Church of Scientology of Cal., Inc. v. Turner*, 662 F.2d 784, 787 (D.C.

Cir. 1980).  Perhaps anticipating that its argument on this redaction is too threadbare for that

reason, the FBI asks "[i]n the alternative" for "the opportunity" to file another "*in camera*, *ex

parte* declaration further explaining this redaction."  Opp. 11-12.  For all the same reasons set

forth in CNN's Motion for Access to Sealed Judicial Records, Dkt. 72, as well as CNN's reply in

further support of that motion, filed contemporaneously herewith, the Court should not permit the FBI to evade the adversarial process yet again by allowing it to make still more arguments about the memos in secret.[3]

**Redaction Block 20**:  This redaction block withholds President Trump's "observation about responding to a question he was asked about Russian President Putin."  Opp. 12.  As CNN has explained, it is implausible that releasing this information could affect foreign relations given the wide spectrum of statements that President Trump has made about Putin over the years. Mot. 15.  The FBI responds that CNN's argument on this point "is entitled to no weight in view of the expert opinion of the FBI declarant that official acknowledgment of the statement included in the redacted portion would affect those relations."  Opp. 12.  Whatever deference the Court accords the FBI, obviously it can decide for itself if CNN has the better of the argument, particularly with the benefit of *in camera* review of the relevant memo itself.

**Redaction Blocks 21-24**:  This final set of redactions relates to President Trump's discussion with Comey about a November 2016 terror attack in Jordan and an April 2017 series of bombings in Egypt.  Mot. 15-16.  As discussed, it appears from context that blocks 22 and 23 simply identify the leader of Jordan, and CNN has explained how disclosing that mere fact cannot plausibly affect foreign relations.  *Id.*  In response, the FBI argues that "even if [CNN] has guessed correctly, a guess based on surmise is very different from official acknowledgment, and the latter may well harm relations where the former did not."  Opp. 12.  But assuming CNN *has* guessed correctly, which this Court can determine just by looking at the memo, the FBI has provided no explanation for how this piece of information could *plausibly* be expected to affect

---

[3] If the FBI is permitted to submit another sealed declaration, the Court should order the agency to simultaneously file a redacted version on the public docket.  CNN reserves the right to then challenge any redactions pursuant to the constitutional and common law rights of access.

foreign relations.  As to blocks 21 and 24, the FBI has likewise failed to show a *plausible* link between release of this information and any risk of harm to foreign relations.  Instead, it merely rebukes CNN for "attempt[ing] to second guess the FBI's conclusion," Opp. 12-13, which neither suffices to carry its burden with respect to Exemption 1 nor obliges this Court to take the FBI's conclusions as given.

For all of these redactions, the link between releasing information and any risk of harm to the interests protected by Exemptions 1 and 3 is "tenuous at best."  *Rosenberg*, 342 F. Supp. 3d at 86.  The FBI therefore cannot withhold any portion of the memos under those exemptions.

## II.   THE FBI HAS NOT JUSTIFIED CONTINUING TO WITHHOLD ANY PORTION OF THE COMEY MEMOS UNDER EXEMPTIONS 7(E) OR 7(A)

As with Exemptions 1 and 3, the FBI has plainly failed to justify continuing to redact the Comey Memos under Exemptions 7(E) or 7(A).

**Redaction Blocks 16-17**:  As discussed, this set of blocks would purportedly reveal whether the FBI obtained a FISA warrant to surveil Flynn.  As CNN has explained, this disclosure is less significant than the FBI suggests, because the public already knows the FBI obtained records reflecting the "exact words" that Flynn used in his communications with the Russian Ambassador.  Mot. 20-21.  The FBI responds that the documents released from the Flynn prosecution "do not reveal that the FBI has 'created or obtained' verbatim recordings," but rather "[t]hey reveal only that, in their interview with Lieutenant General Flynn, the FBI 'used the exact words' Flynn had used in his contact with the Russian Ambassador," and "the source of those 'exact words' is never identified."  Opp. 18.  Setting aside that the dictionary definition of "verbatim" is "exact words," the FBI misses the forest for the trees.  To carry its burden under Exemption 7(E), the FBI needs to explain how disclosing whether or not it obtained Flynn's

"exact words" *through a FISA warrant* could reasonably be expected to risk circumvention of the law.  The FBI has completely failed to do so here.

**Redaction Block 19:**  The FBI asserts that this redacted information makes "reference to an intelligence method and the information derived from it that is relevant to the pending [Russia] investigation."  Opp. 14-15.  As CNN has explained, the FBI's initial assertions of harm on this point were far too generalized to suffice.  Mot. 18-19.  The FBI responds that it can satisfy Exemption 7(A) "on a 'generic' basis."  Opp. 15.  But the D.C. Circuit has expressly stated that "it is not sufficient for the agency to simply assert that disclosure will interfere with enforcement proceedings; it must rather demonstrate *how* disclosure will do so."  *CREW v. Dep't of Justice*, 746 F.3d 1082, 1098 (D.C. Cir. 2014) (emphasis in original) (internal marks and citations omitted).  The FBI's laundry list of purported potential harms does not satisfy that requirement.  Rather, it is just like the "conclusory, boilerplate statements" that "appear designed to cover every scenario in which a plaintiff seeks the disclosure of records related to a law enforcement proceeding," which the court found insufficient to invoke Exemption 7(A) in *Gray v. U.S. Army Criminal Investigation Command*, 742 F. Supp. 2d 68, 75 (D.D.C. 2010).

As CNN also noted, when the FBI claimed that release of this information could "provide targets, potential targets, or others intent on interfering with the investigation with information that they could use to attempt to undermine the investigation," it assumed facts not in evidence, namely that such "targets, potential targets, or others intent on interfering with the investigation" do not have access to the information already.  Mot. 18-19.  CNN offered the example that if the FBI is concerned that releasing the information would allow President Trump or persons acting on his behalf to interfere with the investigation, its concerns about *public* release are misplaced given that President Trump himself already could view the redacted information at any time.  *Id.*

at 19.  Rather than address this fault in its argument, the FBI simply fights the hypothetical, asserting that "[t]here is no evidence that the FBI is solely (or even) concerned with allowing President Trump and persons acting on his behalf access to this information, and not public access generally, or that the President could or will seek access to the redacted information." Opp. 17 (internal marks omitted).  But the point still stands:  If the FBI cannot assure this Court that the individuals who might use this information to interfere with the investigation do not have access to it already, then the FBI has no basis under Exemption 7(A) to withhold it from the public.

## CONCLUSION

For the foregoing reasons and those addressed in CNN's initial brief, CNN respectfully requests that its renewed cross-motion for summary judgment be granted, that the FBI's motion for summary judgment on remand be denied, that the FBI be ordered to release the memos without redactions, and that CNN be awarded its costs and reasonable attorneys' fees.

Dated:  March 22, 2019                      Respectfully submitted,

                                            BALLARD SPAHR LLP

                                            /s/ *Charles D. Tobin*
                                            Charles D. Tobin (#455593)
                                            Adrianna C. Rodriguez (#1020616)
                                            Maxwell S. Mishkin (#1031356)
                                            1909 K Street, NW, 12th Floor
                                            Washington, DC 20006
                                            Telephone: (202) 661-2200
                                            Fax: (202) 661-2299
                                            tobinc@ballardspahr.com
                                            rodriguezac@ballardspahr.com
                                            mishkinm@ballardspahr.com

                                            *Counsel for Plaintiff Cable News Network, Inc.*