**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CABLE NEWS NETWORK, INC.,

       Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

       Defendant.

Case No. 1:17-cv-01167-JEB

**Oral Argument Requested**

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION FOR ACCESS TO SEALED JUDICIAL RECORDS**

BALLARD SPAHR LLP

Charles D. Tobin (#455593)
Adrianna C. Rodriguez (#1020616)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
rodriguezac@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Plaintiff Cable News Network, Inc.*

Dated:  March 22, 2019

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ....................................................................................................................................2

I.      THE CONSTITUTION REQUIRES RELEASE OF THE
        SEALED RECORDS..............................................................................................................2

        A.      The First Amendment Right Of Access Applies To
                The Sealed Records....................................................................................................3

        B.      The Government Has Not Overcome The First Amendment
                Right Of Access .........................................................................................................5

II.     THE COMMON LAW ALSO REQUIRES RELEASING
        THESE RECORDS.................................................................................................................6

CONCLUSION..................................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*In re Application of NBC*,
    653 F.2d 609 (D.C. Cir. 1981) ................................................................................................8, 9

*Conn. Nat'l Bank v. Germain*,
    503 U.S. 249 (1992) ...................................................................................................................9

*CREW v. Dep't of Justice*,
    746 F.3d 1082 (D.C. Cir. 2014) .................................................................................................9

*\*Dhiab v. Trump*,
    852 F.3d 1087 (D.C. Cir. 2017) .........................................................................................3, 4, 5

*Doe v. Pub. Citizen*,
    749 F.3d 246 (4th Cir. 2014) .................................................................................................3, 5

*EEOC v. Nat'l Children's Ctr., Inc.*,
    98 F.3d 1406 (D.C. Cir. 1996) ..................................................................................................9

*FTC v. Standard Fin. Mgmt. Corp.*,
    830 F.2d 404 (1st Cir. 1987) .....................................................................................................7

*Globe Newspaper Co. v. Super. Ct.*,
    457 U.S. 596 (1982) ..............................................................................................................4, 5

*In re Grand Jury Subpoena, Judith Miller*,
    438 F.3d 1138 (D.C. Cir. 2006) ................................................................................................2

*Hardaway v. D.C. Housing Authority*,
    843 F.3d 973 (D.C. Cir. 2016) ..................................................................................................8

*Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*,
    284 F. Supp. 2d 15 (D.D.C. 2003) ............................................................................................7

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006) ......................................................................................................5

*Lykins v. Dep't of Justice*,
    725 F.2d 1455 (D.C. Cir. 1984) ...........................................................................................9, 10

*Metlife, Inc. v. Fin. Stability Oversight Council*,
    865 F.3d 661 (D.C. Cir. 2017) ................................................................................................10

*\*Press-Enter. Co. v. Super. Ct.*,
    478 U.S. 1 (1986) ..............................................................................................................3, 5, 6

*Richmond Newspapers, Inc. v. Virginia*,
  448 U.S. 555 (1980)............................................................................................1

*Rushford v. New Yorker Magazine, Inc.*,
  846 F.2d 249 (4th Cir. 1988) ...............................................................................5

*\*United States v. Hubbard*,
  650 F.2d 293 (D.C. Cir. 1980) ...................................................................7, 8, 10

**Statutes**

5 U.S.C. § 552...............................................................................................1, 4, 5, 9

**Other Authorities**

U.S. Const. amend. I .................................................................................2, 3, 4, 5

**PRELIMINARY STATEMENT**

In its opposition ("Opp."), the FBI offers a series of arguments that the Supreme Court

and the D.C. Circuit have squarely rejected to support the continued sealing of this Court's basis

for denying CNN's FOIA request for the "Comey Memos."  The FBI mischaracterizes both the

D.C. Circuit's latest holding on the constitutional right of access to court records and the text of

the FOIA statute itself.  Moreover, the FBI's release of redacted copies of the *ex parte* filings

only illustrates that the FBI never had a proper basis for filing those declarations entirely under

seal in the first place.

The FBI strangely asserts that "it is crucial" to note CNN seeks copies of the Sealed

Records under the same rights of access available to the public at large, and that CNN "does not

assert any specific need for the [Sealed Records] in connection with the present litigation."

Opp. 7.  Of course, neither CNN nor the public is required to show a "specific need" to access

judicial records and proceedings.  In *Richmond Newspapers, Inc. v. Virginia*, the Supreme Court

noted the "nexus between openness, fairness, and the perception of fairness."  448 U.S. 555, 570

(1980).  The Court explained that access to courts provides "assurance that the proceedings [are]

conducted fairly to all concerned, and it discourage[s] perjury, the misconduct of participants,

and decisions based on secret bias or partiality."  *Id.* at 569.  As the Court concluded, "[p]eople

in an open society do not demand infallibility from their institutions, but it is difficult for them to

accept what they are prohibited from observing."  *Id.* at 572.  Transparency and confidence in

our courts is the "need" served by access to judicial records—in this case and any other case.

Here, the FBI did not "fully convince[]" this Court that releasing the memos would

interfere with the Special Counsel's investigation until the Court received representations from

the government at the *ex parte* proceeding and in the second *ex parte* filing.  *See* Memorandum

Opinion ("Mem. Op.") at 13-14, Feb. 2, 2018, Dkt. 49.  CNN does not, of course, know what

those representations were, but CNN just weeks after the Court issued its decision gained access

to the memos from Congress, and the Special Counsel's investigation proceeded without

apparent interruption.  *See* CNN's Motion for Access to Sealed Judicial Records ("Mot.") at 6-7

(detailing developments in the investigation following release of the memos).  CNN's interests in

the Sealed Records – both as a party to this case and as a representative of the public – are thus

the same interests that the Supreme Court recognized in *Richmond Newspapers* and its progeny.

As the D.C. Circuit has observed, "If the public is to see our reasoning, it should also see

what informed that reasoning."  *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1140

(D.C. Cir. 2006).  This Court has acknowledged that the Sealed Records informed its reasoning

for withholding the Comey Memos.  The public is now entitled to know what the FBI told the

Court to tip the scale, and both the First Amendment and common law guarantee a right of

access to the judicial records and proceedings that would provide the answer.  The Court should

grant CNN's motion for access and release the Sealed Records in full and without delay.

## ARGUMENT

## I.      THE CONSTITUTION REQUIRES RELEASE OF THE SEALED RECORDS

The FBI makes two principal mistakes in responding to CNN's constitutional argument.

First, the FBI misapplies the "experience and logic" test that determines whether court records

and proceedings are subject to the constitutional right of access as a threshold matter.  Properly

applied here, that test clearly favors access to the Sealed Records.  Second, the FBI fails to carry

its heavy burden in arguing that the records should remain sealed even if they are subject to the

constitutional right of access.  Under controlling case law, the Sealed Records should be released

because the FBI failed to show that continued secrecy is both essential to preserve any higher

value and is narrowly tailored to advancing that interest.

**A.** **The First Amendment Right Of Access Applies To The Sealed Records**

The FBI concedes that under the Supreme Court's "experience and logic" test, the

constitutional right of access applies to records and proceedings of a particular judicial process if

"the place and process have historically been open to the press and general public" and if access

"plays a significant positive role in the functioning of the particular process." *Press-Enter. Co.*

*v. Super. Ct.* ("*Press-Enterprise II*"), 478 U.S. 1, 8-9 (1986). As CNN has demonstrated, *see*

Mot. 10, courts applying this test have consistently held that the First Amendment access right

attaches to filings in support of or in opposition to motions for summary judgment, as well as the

proceedings related to such motions, because "summary judgment is an adjudication that serves

as a substitute for trial," *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014) (citation and

internal marks omitted).

Rather than confront these cases, the FBI attempts to short-circuit the "experience and

logic" test altogether. It does so by mischaracterizing in two ways the D.C. Circuit's latest

decision addressing the constitutional access right, *Dhiab v. Trump*, 852 F.3d 1087 (D.C. Cir.

2017), in which each member of the panel wrote separately and agreed only that the government

had carried its burden to overcome the First Amendment right of access even if the records at

issue were subject to that right of access as a threshold matter.

First, the FBI cites *Dhiab* for the proposition that "[t]he D.C. Circuit has found a

qualified right of access only to judicial proceedings that are part of the criminal trial process,"

quoting from Judge Randolph's opinion that "[u]nlike Dhiab's case, which was civil in nature,

the underlying action in *Press-Enterprise II* was a criminal prosecution [and this] distinction

makes a difference." Opp. 8 (quoting *Dhiab*, 852 F.3d at 1092). The FBI fails to mention that

this statement comes from Part II of Judge Randolph's opinion, which no other member of the

panel joined.  Rather, Judge Rogers stated that "the experience and logic test does *not* limit the

right of access to criminal proceedings," and that "[e]fforts to sow doubt about this conclusion

and the conclusion of our sister circuits are unpersuasive because they fail, in part, to

acknowledge an important distinction between a criminal defendant's rights and the public's role

in advancing observance of those rights."  *Dhiab*, 852 F.3d at 1098-99 (Rogers, J.) (emphasis

added).  Judge Williams similarly noted that while the D.C. Circuit has "never *found* a qualified

First Amendment right outside the criminal context," it has "never categorically ruled it out

either," adding that "many other circuits have concluded that such a right exists in civil and even

administrative matters."  *Id.* at 1104 (Williams, J.).  Judge Williams thus concluded that the civil

nature of court records or proceedings poses "no obstacle to use of the experience-and-logic

framework" in addressing a motion for access.  *Id.*  In sum, *Dhiab* actually rejects the notion that

the constitutional access right should be applied differently to civil and criminal proceedings.

     Second, the FBI attempts to restrict the "experience" analysis to whether there is a history

of access "to *in camera* or *ex parte* proceedings *in a FOIA case*," Opp. 8, citing *Dhiab* for the

proposition that the "'experience' prong" of the constitutional access test is not satisfied in a

"habeas case involving classified information because 'there is no tradition of publicizing secret

national security information involved in civil cases, or for that matter, in criminal cases,'" *id.*

(quoting *Dhiab*, 852 F.3d at 1094).  But that quote also comes from Part II of Judge Randolph's

opinion.  As Judge Williams recognized to the contrary, *see Dhiab*, 852 F.3d at 1091-92

(Williams, J.), the Supreme Court rejected that very approach to analyzing the experience prong

in *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982).  There, the Commonwealth of

Massachusetts argued that although there is a right of access to criminal trials, that right should

not extend to criminal trials involving sex crimes against minors, purportedly because "criminal

trials have not always been open to the press and general public during the testimony of minor

sex victims." 457 U.S. at 605 n.13. As the Court explained, it had already "discerned a First

Amendment right of access to criminal trials based in part on the recognition that as a general

matter criminal trials have long been presumptively open." *Id.* The threshold question of

whether the right of access applies to "any particular criminal trial, such as a murder trial . . . or a

rape trial" therefore did not depend on "the historical openness of *that type* of criminal trial." *Id.*

(emphasis added); *see also Dhiab*, 852 F.3d at 1102 (Rogers, J.) (the Supreme Court "crafted a

test where the threshold First Amendment question is whether 'the particular process in question'

passes the experience and logic test, not whether the records submitted in that proceeding contain

classified information.") (citation omitted).

The threshold question, therefore, is whether the constitutional access right applies to

summary judgment records and proceedings *generally*, regardless of whether the case happens to

involve a claim under the APA, *see Pub. Citizen*, 749 F.3d at 252, 268-69 (finding right of access

to summary judgment records), the RICO Act, *see Lugosch v. Pyramid Co. of Onondaga*, 435

F.3d 110, 113, 124-26 (2d Cir. 2006) (same), or FOIA. No matter the underlying cause of

action, "summary judgment adjudicates substantive rights and serves as a substitute for a trial,"

*Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). The same

"experience and logic" analysis that led to the well-settled right of access to trials thus leads to

the conclusion that the right of access must apply to summary judgment records and proceedings

as well. The First Amendment right of access accordingly applies to the Sealed Records.

**B.      The Government Has Not Overcome The First Amendment Right Of Access**

Since the First Amendment right of access applies as a threshold matter, the Sealed

Records may not be withheld unless the FBI provides the basis for "specific, on the record

findings . . . demonstrating that closure is essential to preserve higher values and is narrowly

tailored to serve that interest." *Press-Enterprise II*, 478 U.S. at 13-14 (citations and internal

marks omitted).  The FBI concedes it has the burden to show that: (1) there is a substantial

probability of prejudice to a compelling interest if the right is not limited; (2) there is no

alternative to a limitation of the access right that will adequately protect against the threatened

harm; (3) restricting access will effectively protect against the threatened harm; and (4) the

restriction on access is narrowly tailored to minimize the harm to the public's access rights.  *See*

Opp. 9 (citing Mot. 11).

The FBI has failed this test.  On prongs 1 and 4, the FBI offers only *ipse dixit* to argue

that access to more of the *ex parte* filings or any amount of the *ex parte* proceeding would harm

the Special Counsel's investigation.  Opp. 9.  That provides the Court with no basis whatsoever

to make the "specific, on the record findings" required to overcome the constitutional access

right.  On prongs 2 and 3, moreover, the FBI does not even *attempt* to show there are no

alternatives to sealing that would protect the investigation, and it completely fails to argue, let

alone demonstrate, that sealing will actually be effective at protecting the investigation.[1]

The constitutional access right applies to the Sealed Records, and the FBI has not carried

its burden to overcome that right.  The Court should therefore release the Sealed Records in full.

## II.     THE COMMON LAW ALSO REQUIRES RELEASING THESE RECORDS

The Sealed Records also should be released pursuant to the common law right of access.

Like the constitutional right of access, the common law access right requires courts to conduct a

two-step analysis, first asking whether the right of access applies to the records at issue, then

---

[1] Instead of making these showings on the record, as the Supreme Court requires, the FBI asks for leave to submit yet another "*in camera* and *ex parte*" filing to discuss "issues involved in withholding this material in more detail."  Opp. 7.  In other words the FBI now wants to make new secret arguments about its old secret arguments that were themselves offered in support of keeping the Comey Memos secret.  The Court should deny this facially unreasonable request.

determining whether that right of access is overcome.  The FBI concedes that the common law

right of access applies to the Sealed Records.  Opp. 10-11.  The Sealed Records therefore must

be released unless the FBI overcomes that right of access.

The FBI plainly fails to do so under the six-factor common law access test set out in

*United States v. Hubbard*: (1) the need for public access to the documents at issue; (2) the extent

of previous public access to the documents; (3) the fact that someone has objected to disclosure,

and the identity of that person; (4) the strength of any property and privacy interests asserted;

(5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the

documents were introduced during the judicial proceedings.  650 F.2d 293, 317-22 (D.C. Cir.

1980).

The FBI does not even address CNN's arguments that factors 1 and 2 favor disclosure,

and thus it concedes them.  *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp.

2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a [party] files an

opposition to a dispositive motion and addresses only certain arguments raised by the [movant],

a court may treat those arguments that the [party] failed to address as conceded."), *aff'd*, 98 F.

App'x 8 (D.C. Cir. 2004).  The remaining factors likewise weigh in favor of disclosure.

**Factor 3:** The fact that the party objecting to disclosure here is the FBI makes the case

for access stronger, not weaker.  As the D.C. Circuit has recognized, the importance of access to

court records is further "accentuated" where the government is a party, because "in such

circumstances, the public's right to know what the executive branch is about coalesces with the

concomitant right of the citizenry to appraise the judicial branch."  *FTC v. Standard Fin. Mgmt.*

*Corp.*, 830 F.2d 404, 410 (1st Cir. 1987), *cited with approval by EEOC v. Nat'l Children's Ctr.,*

*Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

**Factor 4**: The FBI combines factors 4 and 5 in asserting a generalized "risk" that releasing the Sealed Records "could harm the investigation," Opp. 10, but these factors present two distinct inquiries. Factor 4 asks about "the strength of any property and privacy interests asserted" by the party favoring secrecy, while Factor 5 addresses "the possibility of prejudice to those opposing disclosure." In *Hubbard*, for instance, the D.C. Circuit did not dispute that the Church of Scientology had property and privacy interests in "documents [that] were seized from non-public areas of Church premises." 650 F.2d at 320. Likewise, in *Hardaway v. D.C. Housing Authority*, the D.C. Circuit recognized that the individual objecting to access "possesses a strong privacy interest in keeping the details of her disability confidential." 843 F.3d 973, 980 (D.C. Cir. 2016). Here, the FBI – a government agency – has no comparable "property and privacy interests" in the Sealed Records, other than at most ensuring that information in those records personally identifying lower-level FBI employees is properly redacted prior to release.

**Factor 5**: The FBI's generalized assertion that releasing the Sealed Records "*could* harm the investigation," Opp. 10 (emphasis added), is not enough to tip this factor in its favor. For one, it is implausible that releasing the FBI's *rationale* for keeping the memos secret could harm the investigation given that the government recognized months ago that releasing the memos *themselves* would not harm the investigation. Fifth Hardy Decl. ¶ 13. For another, it is not enough for the FBI to assert that releasing the Sealed Records creates some possibility of generalized prejudice – it must also demonstrate that alternative measures could not adequately redress that potential harm. For instance, in *In re Application of NBC*, the D.C. Circuit held that the "right to inspect and copy" judicial records outweighed concerns that release might prejudice defendants' fair trial rights by tainting a future jury pool, because "voir dire has long been recognized as an effective method of rooting out such bias." 653 F.2d 609, 613-17 (D.C. Cir.

1981).  Here, the FBI does not even address whether it has any means of mitigating the undefined "risk of harm" short of continuing to seal judicial records of surpassing public interest and importance.  *See CREW v. Dep't of Justice*, 746 F.3d 1082, 1093 (D.C. Cir. 2014) (recognizing importance of records that "shed light on how the FBI and the DOJ handle the investigation and prosecution of crimes that undermine the very foundation of our government").

**Factor 6:**  CNN demonstrated in its initial brief that Factor 6 favors disclosure because the Sealed Records were introduced for the purpose of persuading this Court to grant the government's motion for summary judgment, and because the Sealed Records played a dispositive role in its decision.  *See Nat'l Children's Ctr.*, 98 F.3d at 1409 ("there is a need for public access in those instances where the documents at issue are specifically referred to in the trial judge's public decision") (citation and internal marks omitted).

The FBI responds by mischaracterizing the text of the FOIA statute itself.  As the FBI correctly notes, FOIA "expressly provides that a court 'may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section.'"  Opp. 10-11 (quoting 5 U.S.C. § 552(a)(4)(B)).  But the FBI mischaracterizes this passage as "expressly contemplat[ing] that some withholdings might not be able to be sufficiently *explained* on the public record."  Opp. 11 (emphasis added).  That is incorrect on its face: the text of FOIA anticipates *in camera* review of records themselves, not *ex parte* arguments about those records.  *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").  The D.C. Circuit has consistently respected this distinction by favoring *in camera* review of requested records and disfavoring *ex parte* arguments about those records.  *See Lykins*

*v. Dep't of Justice*, 725 F.2d 1455, 1465 (D.C. Cir. 1984) (questioning "[t]he legitimacy of accepting *in camera* affidavits (as opposed to *in camera* review of withheld documents)" and holding that "a trial court should not use *in camera* affidavits unless necessary and, if such affidavits are used, it should be certain to make the public record as complete as possible").

Indeed, the Sealed Records are subject to the "strong presumption" of access under the common law, *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017), and the FBI has failed to rebut that presumption under the *Hubbard* test.  The Court should therefore release the Sealed Records in full pursuant to the common law right of access.

## CONCLUSION

For the foregoing reasons and those stated in its opening brief, CNN respectfully requests that the Court (1) unseal in full the First Archey Declaration, Third Archey Declaration, and a transcript of and any other records relating to the proffer proceeding; (2) place copies of those fully unsealed records on the public docket in this matter; and (3) grant any other relief that the Court finds just and proper.

Dated:  March 22, 2019          Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Adrianna C. Rodriguez (#1020616)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
rodriguezac@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Plaintiff Cable News Network, Inc.*