# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Civil Action No. 1:17-cv-01167-JEB |

## DEFENDANT'S MOTION PURSUANT TO RULE 59(e) TO AMEND THE COURT'S OPINION AND ORDER OF JUNE 7, 2019

Defendant respectfully moves pursuant to Federal Rule of Civil Procedure 59(e) for the Court to amend its Opinion and Order of June 7, 2019.  The grounds for this motion are set forth in the accompanying memorandum of points and authorities.  A proposed order is also submitted.

Dated:  July 5, 2019

Respectfully submitted,

HASHIM M. MOOPPAN
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Civil Division

*/s/Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Civil Action No. 1:17-cv-01167-JEB |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION PURSUANT TO RULE 59(e) TO AMEND THE COURT'S OPINION AND ORDER OF JUNE 7, 2019**

Defendant the Federal Bureau of Investigation ("FBI") files this Motion pursuant to Federal Rule of Civil Procedure 59(e) to amend this Court's opinion and order of June 7, 2019 (ECF Nos. 85 & 86). Specifically, the FBI seeks to amend the Court's opinion to reflect that the FBI effectively asserted that the redactions in the First Archey Declaration fall within the scope of Exemption 3 of the Freedom of Information Act ("FOIA"). The Court should then find that this exemption is properly asserted over these redactions, consistent with its findings regarding the applicability of Exemption 3 to the material in the Comey Memos themselves. The Court should therefore also amend its opinion and judgment to uphold the redactions in the First Archey Declaration on this basis and to deny Plaintiff's Motion for Access to Judicial Records (ECF No. 72).

## LEGAL STANDARD

Rule 59(e) permits motions to amend or alter a judgment. Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C.2001).

However, relief may be granted under Rule 59(e) where "there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Johnson v. Penn Camera Exchange*, 583 F. Supp. 2d 81, 85 (D.D.C. 2008). Motions to alter or amend a judgment "are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law." *Hammond v. Kempthorne*, 448 F. Supp. 2d 114, 118 (D.D.C. 2006).

## ARGUMENT

### THE COURT ERRED IN FAILING TO CONSTRUE THE FBI AS ASSERTING FOIA EXEMPTION 3 OVER THE REDACTIONS IN THE FIRST ARCHEY DECLARATION

This motion is directed to Part III.B.1 of the Court's June 7, 2019, decision (pp. 25-30) (ECF No. 86). This part of the decision addressed Plaintiff's right, if any, under the common-law right of access to the material redacted from the First Archey Declaration. *See* ECF No. 81. Before discussing the parameters of the common-law right of access, the Court first addressed whether the National Security Act preempted the common-law right. The Court addressed the applicability of the National Security Act under a preemption analysis because it viewed the FBI as "appear[ing] to argue . . . that this statute's strictures obviate the need to consider the applicability of the public's right to records; simply put, [that] the Act supersedes this common-law right." ECF No. 86, at 26.

In the filing referenced by the district court—the Sixth Hardy Declaration (ECF No. 81-1)—the FBI did not offer legal argument regarding the relationship between the National Security Act and the common-law right of access. Rather, the FBI's representative stated that, even after the conclusion of the investigation by the Special Counsel's Office, "certain discrete information" in the First Archey Declaration "needed to remain redacted in order to protect FBI

law enforcement interests" in this FOIA litigation. Sixth Hardy Decl. ¶ 6 (ECF No. 81-1). The FBI pointed to two bases for its redactions. First, it explained that the information "reveals non-public information about intelligence methods, including methods related to intelligence sources," which the FBI was "obligated to protect under the National Security Act of 1947, regardless of the conclusion of the investigation or whether the information is classified." *Id.* Second, the FBI asserted that "some of these same redactions" relate to information that the "FBI would typically redact under Exemption (b)(7)(E)." *Id.*

After concluding that the National Security Act does not supersede the common-law right of access, the Court turned to whether a different statute—FOIA—preempts the common-law right of access. ECF No. 86, at 28. The Court explained that "when a plaintiff employs the common-law right in a FOIA suit to seek information that FOIA itself denies," as CNN did here, there may be "some room for FOIA to supersede the common-law right in certain contexts." *Id.* at 29. The Court went on to address the merits of the application of Exemption 7(E), although it found the FBI's invocation of this exemption to be equivocal and held that the FBI had not met its burden to establish that Exemption 7(E) applied. *Id.*

The Court should have similarly deemed the FBI to have asserted that Exemption 3 protects the remaining redactions to the First Archey Declaration from compelled disclosure in this litigation. Although the FBI did not expressly mention "Exemption 3," its assertion that the redactions would reveal information about intelligence sources and methods are the same substantive assertions made when the FBI formally asserts Exemption 3 in a FOIA case based on the National Security Act. *Compare* Fifth Hardy Decl. ¶¶ 40-44 (ECF No. 69-2). Thus, the substance of an Exemption 3 assertion was in the Sixth Hardy Declaration even though the words "Exemption 3" were not. And while the FBI did use the words "Exemption (b)(7)(E)," it

3

did not expressly assert that exemption either, but rather said that some of the redactions in the declaration "could, if lifted, expose information that the FBI would typically redact under Exemption (b)(7)(E) in a FOIA case . . . ." Sixth Hardy Decl. ¶ 6. The Court nonetheless addressed the merits of Exemption 7(E). The FBI used this language because Plaintiff had not submitted a FOIA request for the declaration and FOIA exemptions did not, therefore, technically apply. Moreover, the FBI had already formally asserted Exemption 3 over material in the Comey Memos, based on the National Security Act, and, in the context of that assertion, had explained the legal reasoning. *See* Fifth Hardy Decl. ¶¶ 40-44.

In contrast to the Court's finding on the merits of Exemption 7(E), the FBI has clearly met its burden to show that Exemption 3 applies to the redactions to the declaration. Specifically, the FBI asserted that the redacted information reveals "information about intelligence methods, including methods related to intelligence and sources, relied upon in the investigation into Russian interference in the 2016 Presidential election," Sixth Hardy Decl. ¶ 6, and this Court recognized that the National Security Act's "protection of sources and methods is a 'near-blanket FOIA exemption.'" ECF No. 86, at 10. Just as with the similar information in the Comey Memos, this redacted information concerns "the Bureau's possible reliance on particular intelligence methods . . . ." *Id*. at 11. Likewise, therefore, the Court should hold as to the redactions in the First Archey Declaration as well that "[t]he Court's conclusion that the Act is a qualifying statute whose plain language covers the Bureau's redactions thus settles the matter." *Id.* at 13. Because this exemption would protect the information redacted from the First Archey Declaration if it were sought pursuant to a FOIA request, Plaintiff cannot invoke the common-law right of access to gain access to the information when it is submitted to a court in a FOIA suit (for the very purpose of explaining why information is exempt from disclosure under

that statute).  And, as discussed in Defendant's earlier brief opposing Plaintiff's Motion for Access to Sealed Records (ECF No. 76), there is no First Amendment right of access here.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion and amend its opinion to reflect that the FBI effectively and properly asserted that the redactions in the First Archey Declaration fall within the scope of FOIA Exemption 3 and should amend its opinion and judgment to deny Plaintiff's Motion for Access to Judicial Records.

Dated:  July 5, 2019

Respectfully submitted,

HASHIM M. MOOPPAN
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Civil Division

*/s/Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Civil Action No. 1:17-cv-01167-JEB |

**[PROPOSED] ORDER**

Upon consideration of Defendant's Motion Pursuant to Rule 59(e) to Amend the Court's Opinion and Order of June 7, 2019, any response thereto, and the entire record herein, and for good cause shown, it is hereby

**ORDERED** that:

1. Defendant's Motion is **GRANTED**;

2. the Court's June 7, 2019, Opinion (ECF No. 86) is **AMENDED** to reflect that the FBI effectively and properly asserted that the redactions in the First Archey Declaration fall within the scope of FOIA Exemption 3 and that the redactions in the First Archey Declaration (ECF No. 81-1) are upheld on this basis;

3. the Court's June 7, 2019, Order (ECF No. 85) is **AMENDED** to state that Plaintiff's Motion for Access to Judicial Records (ECF No. 72) is **DENIED**.

So ordered on this _____ day of _____, 2019.

_____
James E. Boasberg
United States District Judge