IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Case No. 1:17-cv-01167-JEB |

**PLAINTIFF CNN'S OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO RULE 59(e) TO AMEND THE COURT'S OPINION AND ORDER OF JUNE 7, 2019**

Clearly, the Government is severely unhappy with this Court's Memorandum Opinion and Order granting CNN's motion for access to a declaration that the Government filed *in camera*. So much so that the Government belatedly asserts an argument for maintaining the seal that it confesses (1) it never made, and (2) is premised on a statute, the Freedom of Information Act, that it concedes does not even apply to that judicial record.

The Defendant's Rule 59(e) motion fails to meet the standard of that rule, as it articulates no change in the controlling law, no newly available evidence, no clear error by the Court and no manifest injustice. The motion also defeats itself, given the Government's admissions that it essentially asks the Court to rewrite the history of this litigation and the law of access to judicial records. Accordingly, the Court should deny the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The present motion involves a small piece of the long and convoluted history of CNN's efforts to let the American public see for itself former FBI Director Comey's contemporaneous

recounting of his meetings with President Donald J. Trump.  The FBI has now moved for the Court to amend its judgment with respect to a judicial record: the First Archey Declaration, which the FBI submitted *in camera* to justify its withholding the Comey Memos.  Mem. in Supp. of Def.'s Mot. Pursuant to Rule 59(e) to Amend the Court's Op. and Order of June 7, 2019 at 1 (Dkt. 87-1).  This Court held that the First Archey Declaration was a judicial record subject to the common-law access right and that the government's asserted interest in secrecy did not outweigh the public interest in disclosure.  Dkt. 86 at 31-35.[1]  The Court rejected the FBI's "apparent" argument that the First Archey Declaration's redactions should be upheld because they contain "non-public information about intelligence methods" protected under the National Security Act.  *Id.* at 26.  Citing *Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661 (D.C. Cir. 2017), this Court held that, as with the statute in *Metlife*, the National Security Act does not bind the *courts* and therefore does not supersede the common-law access doctrine, the controlling body of law for access to judicial records.  *Id.* at 27-28.

The Court then addressed the FBI's contention that the redactions should remain in place because they shielded information the agency typically would redact under FOIA Exemption 7(E).  *Id.* at 28.  Again citing *Metlife*, the Court noted the D.C. Circuit held that FOIA also does not preempt the common-law access right to judicial records.  *Id.*  While allowing for the possibility that there may be "some room for FOIA to supersede the common-law right in certain contexts," the Court went on to hold that the Government had not shown that it should apply in this instance.  *Id.* at 29.  Because the FBI's "hopelessly equivocal" arguments did not suffice to show FOIA Exemption 7(E) applied to the First Archey Declaration, FOIA was no obstacle to

---

[1] Because the common-law right granted access to the Archey Declaration, the Court did not reach CNN's arguments regarding the constitutional access right.  Dkt. 86 at 26.

revealing what was redacted from it. *Id.* at 29-30.

The Court's analysis did not end there. The Court noted that while the National Security Act did not supersede the common law, it "is something to be considered *in* that analysis; it is not a way *around* the inquiry." *Id.* (emphasis in original). The Court observed that while the "National Security Act's protection for 'intelligence sources and methods' – which the FBI says applies to the redactions here . . . – favors withholding," "the Government does nothing to address the strength of the interests at play." *Id.* at 33. Further, the Court stated that the need for secrecy was not "self-evident" on the face of the First Archey Declaration, and the Government's conclusory invocation of national security was insufficient to overcome the common-law access right. *Id.* at 34.

On July 5, 2019 – only after CNN pressed the Government to comply with the Court's clear and unequivocal instruction – the FBI filed its motion pursuant to Rule 59(e) to amend the court's opinion and order. For the reasons discussed in the section that follows, the motion is entirely without merit, and the Court should deny it.

## ARGUMENT

The Government concedes, as it must, that Rule 59(e) motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." Dkt. 87-1 at 1 (quoting *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)). Those "extraordinary circumstances include an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation omitted). The Court must find the final judgment was "dead wrong" to constitute clear error. *Bond v. U.S. DOJ,* 286 F.R.D. 16, 21 (D.D.C. 2012). Also, "'manifest injustice' must entail more than just a clear and

certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Slate v. ABC*, 12 F. Supp. 3d 30, 35-36 (D.D.C. 2013).

Motions to amend judgments are held to "a very exacting standard." *Lightfoot v. D.C.*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005) (citation omitted). A Rule 59(e) motion "is not a vehicle to present a new legal theory that was available prior to judgment . . . or 'a chance for [a party] to correct poor strategic choices.'" *Slate*, 12 F. Supp. 3d at 35 (citations omitted); *see also Piper v. U.S. DOJ*, 312 F. Supp. 2d 17, 21 (D.D.C. 2004) ("Rule 59(e) motions are not granted if the court suspects the losing party is using the motion as an instrumentality of arguing the same theory or asserting new arguments that could have been raised prior to final judgment.")

The present motion is a clear attempt by the FBI to forestall compliance with the Court's order. And at best, at face value, it constitutes a contention that although the FBI failed to make a cogent argument supporting these redactions, the Court should have made that argument for it. The Government stunningly asserts that: *"The Court should have . . . deemed the FBI to have asserted that [FOIA] Exemption 3 protects the remaining redactions to the first Archey Declaration."* Dkt. 87-1 at 3 (emphasis added). In the very next sentence, the FBI readily acknowledges, as it must, that it "did not expressly mention 'Exemption 3'" in its briefing. *Id.* In other words, the FBI is unabashedly asking the Court to pretend that the Government made an argument that it could have made, but did not.[2]

Digging itself deeper into this rhetorical hole, the FBI then acknowledges that it "did not expressly assert" that FOIA Exemption 7(E) supported the redactions "because Plaintiff had not submitted a FOIA request for the declaration and *FOIA exemptions did not, therefore,*

---

[2] Indeed, the FBI has now gone from asking the Court to be its "loyal sidekick," Dkt. 86 at 19, to insisting that the Court should have acted as its lead counsel.

*technically apply.*" *Id.* at 4 (emphasis added).  Thus, the core of the FBI's argument is that this Court should amend the judgment to apply a statute that does not apply, based on an argument that the FBI affirmatively chose not to make.

Moreover, even if the Court were to entertain the FBI's Exemption 3 argument, it would be unavailing.  FOIA's Exemption 3 covers information that is exempt from disclosure by statute – in this instance, the FBI argues, by the National Security Act.  Dkt. 87-1 at 4.  But the Court carefully considered and rejected the FBI's arguments that the National Security Act barred release of the redacted information in the Archey Declaration.  *See* Dkt. 86 at 26-28, 33-34.  The Court ruled that the FBI did not meet its burden to show either that the National Security Act overrode the common-law access right or that the national security interests protected by the Act were sufficient to overcome the presumption of openness.  *Id.*  As such, simply shifting the justification for the redactions from the National Security Act itself to FOIA's protection of information protected by the National Security Act merely paves a different road to the same dead end.

Even setting aside all of those flaws, the FBI's motion should be denied for the fundamental reason that the Government does not even attempt to show *why*, under the Federal Rules, its motion should be granted.  The Government does not claim any of the requisite "extraordinary circumstances" exist that would warrant exercising the Court's discretion to grant Rule 59(e) relief, nor could it.  The law has not changed.  There is no new evidence.  And the FBI cannot credibly claim that the Court's adverse ruling on this issue was clear error or a manifest injustice.

At bottom, the FBI's motion reduces to the proposition that it should be rewarded with another bite at the apple because it failed to properly make its case the first time around.  Quite

simply, the law does not work that way.

## CONCLUSION

For all of the foregoing reasons, CNN respectfully requests that this Court enter an Order denying the FBI's motion to amend the judgment pursuant to Rule 59(e).

Dated:  July 19, 2019

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Adrianna C. Rodriguez (#1020616)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
rodriguezac@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Plaintiff Cable News Network, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused the foregoing to be filed and served electronically via the Court's ECF System upon counsel of record.

Dated:  July 19, 2019                                    /s/ *Charles D. Tobin*
                                                                        Charles D. Tobin

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Case No. 1:17-cv-01167-JEB |

**[PROPOSED] ORDER**

WHEREAS, this matter came before the Court on Defendant's Motion Pursuant to Rule 59(e) to Amend the Court's Opinion and Order of June 7, 2019; and

CONSIDERING the Federal Rules of Civil Procedure and the arguments of the parties;

It is hereby ORDERED that the Motion is DENIED.

**SO ORDERED** this _____ day of _____, 2019.

_____
United States District Judge