IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Case No. 1:17-cv-01167-JEB |

**PLAINTIFF CNN'S MOTION FOR A DETERMINATION OF DEFENDANT FBI'S LIABILITY FOR CNN'S REASONABLE ATTORNEYS' FEES AND COSTS**

Plaintiff Cable News Network, Inc. ("CNN"), by and through undersigned counsel, respectfully requests that this Court enter an Order pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E), and Federal Rule of Civil Procedure 54(d) declaring that Defendant Federal Bureau of Investigation ("FBI" or the "Government") is liable for payment of CNN's reasonable attorneys' fees and costs in this action and setting a briefing schedule regarding the amount of fees and costs to be awarded.

**INTRODUCTION**

After two years of litigation, three opinions by this Court and a remand from the D.C. Circuit, CNN has substantially prevailed: the documents known as the Comey Memos are available to the public almost in their entirety, and this Court has ordered the FBI to remove many of the remaining redactions. *See generally* Mem. Op. (Dkt. 86) (filed June 7, 2019). This Court has held that the FBI improperly withheld from the public versions of the Comey Memos information that should have been released pursuant to FOIA. *Id.* at 20, 24. This lawsuit, through which CNN vindicated the public's right to know the contents of public records of

historical significance, is precisely the kind of "meritorious FOIA litigation" the fee-shifting provision was meant to encourage. *Nat'l Sec. Counselors v. Cent. Intelligence Agency*, 811 F.3d 22, 24 (D.C. Cir. 2016).

Therefore, CNN respectfully requests that this Court enter an order declaring that the FBI is liable to CNN for an award of its reasonable attorneys' fees and costs and setting a briefing schedule regarding the amount of that award.

## FACTUAL AND PROCEDURAL BACKGROUND

Because the Court is well acquainted with this case, only a brief recitation of its history is necessary. Shortly after news broke that former FBI Director James Comey had written a number of contemporaneous memoranda summarizing his conversations with President Donald J. Trump, CNN filed a FOIA request with the FBI to obtain the memos. *See* Compl. ¶¶ 7-13 (Dkt. 1). When the FBI failed to make the required determination about the documents' release within the statutory deadline, CNN filed this lawsuit. *Id.* ¶¶ 25-27.

Although the FBI invoked Exemptions 1, 3, 6, 7(A), 7(C) and 7(E) to justify withholding the Comey Memos in their entirety, this Court initially upheld the FBI's refusal to provide the records solely on the basis of Exemption 7(A), because their release could hamper the then-ongoing Special Counsel investigation of Russia's interference with the 2016 election and potential links to the Trump campaign. *CNN, Inc. v. FBI*, 293 F. Supp. 3d 59, 69 (D.D.C. 2018) ("*CNN II*"). After CNN appealed, the D.C. Circuit remanded the case to this Court after the Justice Department turned over redacted copies of the Comey Memos to Congress and the FBI then posted redacted versions of the memos on its website. Dkt. 86 at 3.

Ultimately, after the Special Counsel's investigation concluded, the FBI relied on Exemptions 1 and 3 to justify the 24 remaining redactions from the memos. *Id.* at 4-5. In its

Memorandum Opinion, this Court held that the FBI had not met its burden to show that Exemption 1 justified redactions 1-5, 7, 22 and 23, but the Bureau had supported the other redactions. *Id.* at 10-24. Although this Court's order mandated the release of the information withheld under redactions 1-5, 7, 22 and 23, did not include any stay, *see* Dkt. 85, and the Government has not requested a stay, the FBI still has not released the information. Instead, after CNN pressed the FBI to comply with the Court's order,[1] the FBI filed a dilatory motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), *see* Dkts. 87 & 87-1.[2]

## ARGUMENT

This Court should issue an order determining the FBI is liable to reimburse CNN for its reasonable attorney's fees and costs because CNN has obtained an Order requiring the FBI to release important public information it improperly withheld under FOIA.

Under the Federal Rules of Civil Procedure, in cases where a party may be awarded its attorneys' fees, "the court may decide issues of liability for fees before receiving submissions on the value of services." Fed. R. Civ. P. 54(d)(2)(C). Furthermore, FOIA provides that the Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). In this Circuit, courts deciding this issue follow a two-step analysis, determining first whether the plaintiff is eligible for fees and, if so, determining

---

[1] A true and correct copy of counsel for CNN's July 3 correspondence with counsel for the Government seeking compliance with the Court's Order of June 7 is attached hereto as Exhibit A. A true and correct copy of the response from counsel for the Government is attached hereto as Exhibit B.

[2] The FBI has told CNN that it is not required to comply with the Order because its Rule 59(e) motion deprives the judgment of its finality, citing *Derrington-Bey v. D.C. Dep't of Corr.*, 39 F.3d 1224, 1225 (1994). *See* Ex. B at 1.

whether the plaintiff is entitled to fees. *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011). CNN prevails under each step of the analysis.

### I. CNN Is Eligible for an Award of Its Reasonable Attorneys' Fees and Costs

A FOIA plaintiff is "eligible" for a fee award if it has "substantially prevailed" in the litigation, which the statute defines as obtaining some relief through "a judicial order, or an enforceable written agreement or consent decree," or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). Under the congressionally mandated "catalyst theory," a plaintiff is eligible for reimbursement of its reasonable fees "not only when [it] obtained an official disclosure order from a court, but also when [it] substantially caused the government to release the requested documents before a final judgment." *Brayton*, 641 F.3d at 524-25; *see also Davis v. U.S. Dep't of Justice*, 610 F.3d 750, 752 (D.C. Cir. 2010) ("FOIA plaintiffs [are] eligible for a fee award if the lawsuit substantially caused the agency to release the requested records.").

CNN has substantially prevailed because the Court's June 7 directive, requiring the FBI to release information it had improperly redacted from the Comey Memos, constituted a court-ordered change in the legal relationship between the parties that provided "some relief on the merits" of CNN's claim. *Davy v. CIA*, 456 F.3d 162, 165 (2006). That the Court did not grant CNN's motion for summary judgment in full is of no moment because "a FOIA requester can still 'substantially prevail' even when it obtains less-than-full relief." *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 67 (D.D.C. 2013). CNN's eligibility for a fee award, therefore, is not subject to reasonable dispute.

### II. CNN Is Entitled to an Award of Its Reasonable Attorneys' Fees and Costs

If the plaintiff has substantially prevailed and thus is eligible for fees, the Court then

moves to the "entitlement" prong and considers four non-exclusive factors: "(1) the public benefit derived from the case, (2) the commercial benefit to the requester, (3) the nature of the requester's interest in the information, and (4) the reasonableness of the agency's conduct." *Morley v. C.I.A.*, 719 F.3d 689, 690 (D.C. Cir. 2013) (per curiam).[3]  "Balancing these factors is a matter for the district court." *Judicial Watch, Inc. v. FBI,* 522 F.3d 364, 371 (D.C.Cir.2008).  In this case, all four of the factors tip the balance in CNN's favor.

Regarding the first factor, the public benefit of CNN's victory is clear.  A FOIA requester's success meets the public benefit threshold when it "is *likely* to add to the fund of public information that citizens may use in making vital political choices." *Elec. Privacy Info. Ctr. v. Nat'l Sec. Agency*, 87 F. Supp. 3d 223, 234 (D.D.C. 2015).  Here, given that the Court ordered the Government to unredact a record involving President Trump's interactions with foreign leaders and his then-FBI Director, the release of the information secured by CNN is *certain* to contribute additional information the public may use in making vital political choices.

The second and third factors can be considered together.  *Id.*  CNN is a news organization whose interest in the Comey Memos is to make them available to the public.  It is well settled in the D.C. Circuit that the second and third factors favor news media requesters, whose interests are "public rather than private." *Davy*, 550 F.3d at 1165.

Finally, the fourth factor, the agency's conduct, also counsels in favor of a fee award to

---

[3] Then-Judge Kavanaugh, in his concurrence in *Morley*, argued that "[w]e should ditch the four-factor standard" because it does not appear in the FOIA statute – and indeed, was apparently considered and rejected by Congress.  719 F.3d at 690-91 (Kavanaugh, J., concurring).  Instead, he advocated for the rule that applies in civil rights cases:  prevailing plaintiffs should receive attorneys' fees "with only a very narrow exception for 'special circumstances' such as bad faith by a prevailing plaintiff." *Id.* at 692.  CNN agrees this should be the standard and that the four-factor standard improperly limits the broad fee-shifting provision that Congress enacted.  This Court should apply both standards, since under either, CNN would prevail.

CNN. As an initial matter, "if the Government's position is correct as a matter of law, that will be dispositive." *Id.* at 1162. That is not the case here. Even after any potential justification for withholding the Comey Memos had passed once the Special Counsel's investigation concluded, the FBI unreasonably continued to cling to a number of redactions. The Court's holding that the FBI failed to meet its burden to show it properly invoked Exemption 1 for eight redactions means that the Government's position was not correct as a matter of law.

Moreover, the FBI has acted unreasonably during the course of this litigation. For example, this Court noted that the FBI supported withholdings under Exemption 1 with conclusory statements and then "redirect[ed] its fire at the Court, saying that its job is not to 'second guess' the Agency's opinion." Dkt. 86 at 19. As the Court observed,

> What Defendant seems to be asking for here is more than deference; it wants acquiescence. Such an approach would relegate the Court to the role of the Bureau's loyal sidekick, offering only affirmation of its decisions. That, plainly, is not how judicial review works.

*Id.* Further, as noted *supra* at 3 & n. 2, the FBI filed a meritless Rule 59(e) motion in a transparent attempt to evade its obligations under this Court's order, and FOIA, to release the improperly withheld material in the Comey Memos. CNN respectfully suggests that these tactics reflect precisely the type of "obdurate behavior" that supports a fee award. *Davy*, 550 F.3d at 1162.

Under the D.C. Circuit's four-factor analysis, CNN is entitled to an award of its reasonable attorneys' fees and costs in this litigation, and the Court should enter an order to that effect.

## **CONCLUSION**

For all of the foregoing reasons, CNN respectfully requests that this Court enter an order declaring that Defendant FBI is liable to Plaintiff CNN for an award of its reasonable attorneys'

fees and costs and setting a briefing regarding the proper amount of that award.

Dated:  July 19, 2019

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Adrianna C. Rodriguez (#1020616)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
rodriguezac@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Plaintiff Cable News Network, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I caused the foregoing to be filed and served electronically via the Court's ECF System upon counsel of record.

Dated:  July 19, 2019                    /s/ *Charles D. Tobin*
                                         Charles D. Tobin

# **Exhibit A**

**Ballard Spahr** LLP

———————————
1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Charles D. Tobin
Tel: 202.661.2218
Fax: 202.661.2299
tobinc@ballardspahr.com

July 3, 2019

*Via E-mail and USPS Express Mail (tracking #EL110272479US)*

Carol Federighi
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
carol.federighi@usdoj.gov

Re:   <u>Cable News Network, Inc. v. FBI</u>, No. 1:17-cv-1167 (JEB)

Dear Carol:

      As you know, Judge Boasberg's June 7, 2019 Memorandum Opinion (Dkt. 86) and Order (Dkt. 85) granted CNN's Motion for Access to Judicial Records and granted in part CNN's Motion for Summary Judgment in the above-captioned matter. No stay has been issued that would relieve the Government of its obligations under the Order.

      Accordingly, we expect that you will deliver to us no later than Wednesday, July 10, 2019, the records that Judge Boasberg ordered the Government to provide: The further unredacted Comey Memos, including the information previously withheld under redactions 1 through 5, 7, 22 and 23; and the unredacted Archey Declaration.

      Should you wish to discuss this matter further, you may reach me at 202-661-2218 or tobinc@ballardspahr.com. I look forward to receiving the documents the Court ordered released shortly.

Very truly yours,

*[signature: Charles D. Tobin]*

Charles D. Tobin

# **Exhibit B**

**From:** Federighi, Carol (CIV) <Carol.Federighi@usdoj.gov>
**Sent:** Wednesday, July 10, 2019 11:49 AM
**To:** Tobin, Charles D. (DC) <TobinC@ballardspahr.com>
**Cc:** Wallace, Rhonda (DC) <WallaceR@ballardspahr.com>
**Subject:** RE: Cable News Network, Inc. v. FBI, No. 1:17-cv-1167 (JEB)

⚠ **EXTERNAL**

Chuck –

Thank you for your letter of July 3, 2019. As you are aware, subsequent to your letter, defendant the Federal Bureau of Investigation ("FBI") filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to amend the Court's opinion and judgment. This motion has the effect of rendering the Court's June 7, 2019, judgment nonfinal. *See Derrington-Bey v. D.C. Dep't of Corrs.*, 39 F.3d 1224, 1225 (D.C. Cir. 1995) ("a timely Rule 59(e) motion deprives the judgment of finality"); *Int'l Ctr. for Tech. Assessment v. Leavitt*, 468 F. Supp. 2d 200, 206 (D.D.C. 2007) (concluding that "a timely filed Rule 59(e) motion suspends the finality of a judgment not just at the appellate level, but at the district court level as well"); Fed. R. Civ. P. 59(e) advisory committee's note to 1995 amendment (clarifying that motions to alter or amend a judgment "affect the finality of the judgment"). Furthermore, the Court's June 7 order did not include a deadline for production of the documents at issue. The Court was no doubt aware that the government would have sixty days after the decision within which to decide whether to appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), and yet it declined to enter a specific production schedule. For both of these reasons, the government does not believe it has an obligation to produce the documents immediately and will not be doing so until the time for appealing a final judgment has run, or until resolution of any appeal if the government appeals.

Regards,
Carol

Carol Federighi
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC.,<br><br>             Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>             Defendant. | Case No. 1:17-cv-01167-JEB |

**[PROPOSED] ORDER**

WHEREAS, this matter came before the Court on Plainitff CNN's Motion for a Determination of Defendant FBI's Liability for CNN's Reasonable Attorneys' Fees and Costs; and

CONSIDERING the Freedom of Information Act, the Federal Rules of Civil Procedure and the arguments of the parties;

It is hereby ORDERED and DECLARED that Defendant Federal Bureau of Investigation is liable to Plaintiff Cable News Network, Inc. for its reasonable attorneys' fees and costs in this litigation; and

It is further ORDERED that the parties shall meet and confer and report to the Court within 14 days regarding a proposed schedule for briefing regarding the amount of fees and costs to be awarded.

**SO ORDERED** this _____ day of _____, 2019.

_____
United States District Judge