**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

CABLE NEWS NETWORK, INC.,

      Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

</td><td>

Civil Action No. 1:17-cv-01167-JEB

</td></tr>
</table>

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION PURSUANT TO RULE**
**59(e) TO AMEND THE COURT'S OPINION AND ORDER OF JUNE 7, 2019**

**INTRODUCTION**

Plaintiff continues its no-hold-barred "quest for disclosure" (Mem. Op. 1, ECF No. 86) of

the very small scraps of information the Federal Bureau of Investigation ("FBI") still withholds,

now contending that the FBI's recent motion pursuant to Federal Rule of Civil Procedure 59(e)

does not meet the standards for such a motion set out in the rule and was only filed "to forestall

compliance with the Court's order."  Pl.'s Opp'n at 4 (ECF No. 88).  Plaintiff is wrong.  The

FBI's motion is not for the purpose of delay but legitimately seeks to clear up, and, indeed,

correct, an error of fact apparently made by the Court with regard to the grounds the FBI asserted

to protect the material at issue.  The correction is necessary to make the Court's decision with

regard to the FBI's assertion of National Security Act protection (which, in the Freedom of

Information Act ("FOIA") context, would permit the information to be withheld pursuant to

Exemption 3) consistent with its assertion of protection of that same information pursuant to

Exemption 7(E) of FOIA.  The FBI's motion should be granted and the Court should amend its

opinion to reflect that the FBI effectively and properly asserted that the redactions in the First

Archey Declaration fall within the scope of FOIA Exemption 3 and should amend its opinion and judgment to deny Plaintiff's Motion for Access to Judicial Records.

## **ARGUMENT**

In its Rule 59(e) motion, the FBI argued that, in the section on "Preemption" in the Court's Memorandum Opinion (ECF No. 86), the Court should have deemed the FBI to have asserted that FOIA Exemption 3 protects the remaining redactions to the First Archey Declaration from compelled disclosure in this litigation, just as the Court had recognized the FBI's more explicit claim that FOIA Exemption 7(E) protected those remaining redactions.  The Court should then have addressed the merits of the application of Exemption 3, just as it did for Exemption 7(E), to determine whether that FOIA exemption "supersede[d] the common-law right in [this] context[]."  Mem. Op. at 29.  The Court should have concluded that Exemption 3 is properly asserted and therefore does supersede the common-law right of access here, and should uphold the remaining redactions to the First Archey Declaration on this ground.

The FBI's motion is a proper motion pursuant to Rule 59(e) in that it seeks to correct the Court's misapprehension of the arguments made by the government, not, as Plaintiff contends, to reargue arguments it made, or could have made, in the original proceedings.  Motions to alter or amend a judgment "are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law."  *Hammond v. Kempthorne*, 448 F. Supp. 2d 114, 118 (D.D.C. 2006) (quoting *Indep. Petroleum Ass'n of Am. v. Babbitt*, 178 F.R.D. 323, 324 (D.D.C. 1998)).  Thus, Rule 59(e) motions may be granted when "the court has misapprehended the facts, *a party's position*, or the controlling law."  *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (emphasis added)).  Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) "allow[s]

a court to correct its own errors and avoid unnecessary appellate procedures." *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 190 (1st Cir. 2004).

The point of the FBI's motion is just that, to clear up any misapprehension in the Court's decision and avoid unnecessary appellate procedures.  By addressing the issue of preemption by the National Security Act separately from that by the Freedom of Information Act (*see* Mem. Op. at 26, 28), the Court has misapprehended the FBI's arguments.  As the Court itself recognized (*id.* at 10), the National Security Act is a "valid Exemption 3 statute," and the FBI's assertion of protection under the National Security Act should have been deemed to be an assertion of protection under FOIA Exemption 3 for the purposes of the preemption analysis applied by the Court.  Moreover, by divorcing the FBI's assertion of protection under the National Security Act from Exemption 3 in the FOIA context, the Court has inadvertently created a situation in which a FOIA requestor could easily do an end-run around Exemption 3 and the provisions of the National Security Act—the requestor can ensure that the agency is forced to provide explanation of its assertion of this exemption *in camera* and then obtain the information *from the court* that it could not obtain from the agency, based on the wording of the National Security Act discussed in the Court's opinion at pp. 27-28.  This could not have been what the Court, or Congress, had in mind.

Plaintiff asserts that the Court "carefully considered and rejected the FBI's arguments that the National Security Act barred the release of the redacted information in the Archey Declaration" in pages 33-34 of the Court's opinion.  Pl.'s Opp'n at 5.  Those pages contain the Court's analysis of the *Hubbard* factors as applied to the information at issue.  However, in view of the mandatory terminology of the National Security Act regarding protection of "intelligence sources and methods," and the Freedom of Information Act's 'categorical' protection for this

information (Mem. Op. 9), together creating a "near-blanket FOIA exemption" (*id.* at 10), the national security considerations militate against weighing the propriety of disclosure of this information by the *Hubbard* balancing test, in favor of holding that common-law right of access is preempted for this information.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's Motion Pursuant To Rule 59(E) to Amend the Court's Opinion and Order of June 7, 2019, and should amend its opinion and judgment to deny Plaintiff's Motion for Access to Judicial Records.

Dated:  August 2, 2019

Respectfully submitted,

HASHIM M. MOOPPAN
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Civil Division

*/s/Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendant*