**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC.,<br><br>　　　Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　Defendant. | Civil Action No. 1:17-cv-01167-JEB |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE
THE COURT'S ORDER OF JUNE 7, 2019, AND IN SUPPORT OF DEFENDANT'S
MOTION, IN THE ALTERNATIVE, FOR A STAY**

**INTRODUCTION**

Plaintiff Cable News Network's ("CNN's") Motion to Enforce the Court's Order of June 7, 2019, in this Freedom of Information Act ("FOIA") should be denied. CNN is not seeking to enforce the Order as written but rather to add an additional term to it in the form of an immediate deadline for production. The addition of an immediate deadline is not warranted and would be prejudicial to defendant Federal Bureau of Investigation ("FBI") because requiring the FBI to make production now would undisputedly moot its opportunity to appeal. If CNN's arguments were correct, the government would have to seek an emergency stay of every adverse FOIA decision in order to protect its right to determine whether to appeal. Should the Court, however, agree with CNN that an immediate deadline is warranted, requiring the FBI to produce the documents immediately, the FBI respectfully moves for a stay pending the FBI's consideration of whether to seek appellate review and, should appeal be authorized, pending appeal. The FBI satisfies all the elements required for issuance of a stay.

If, however, the Court grants CNN's motion to enforce and denies the FBI's motion for a stay pending appeal, the FBI respectfully requests that it be given a 14-day administrative stay in order to allow the FBI the opportunity to seek appropriate relief from the Court of Appeals.

## BACKGROUND

On June 7, 2019, the Court issued a decision on the parties' cross-motions for summary judgment, granting and denying each motion in part. *See* Mem. Op., ECF No. 86. Of relevance here, the Court denied the FBI's claims for withholding the redactions labeled 1-5, 7, 22, and 23 in the Comey Memos, and the remaining redactions in the First Archey Declaration. The Court did not set a deadline for disclosure of this material. *See* ECF No. 85.

Subsequently, the FBI filed a timely motion to amend the Court's decision pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 87). The Court denied that motion on August 12, 2019 (ECF No. 95), which started the sixty-day deadline for the parties to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B), (a)(4)(A)(iv). The Court's decision denying the motion also did not set a production deadline. *See also* August 12, 2019, Order (ECF No. 94).

Two days later, on August 14, 2019, CNN filed a motion (ECF No. 96) seeking immediate production of the redacted material that the Court directed be disclosed, which it styles as a motion to "enforce" the Court's order.

## ARGUMENT

### I. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO ENFORCE

The Court's Order (ECF No. 85) requiring disclosure of certain redacted material did not set a deadline for production of this material. In effect, therefore, CNN is not seeking to enforce the Order as written but rather to add additional terms to it, specifically, to add a deadline for production. This request should be denied, as there is no reason to add a deadline, and an

2

immediate deadline would prejudice defendant FBI. The government is still considering whether to appeal—a decision that is made by the Solicitor General—and its notice of appeal is not due until October 11, 2019. *See* Fed. R. Civ. P. 4(a)(1)(B), (a)(4)(A)(iv). Requiring the FBI to make production during this period of time would moot the FBI's ability to appeal. *See Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 217 F. Supp. 2d 58, 58 (D.D.C. 2002), (explaining that, in FOIA cases, "disclosure … would effectively moot any appeal").

This Court could have imposed a specific deadline for disclosure and, if that deadline were sooner than the time for taking an appeal, the government would have had to seek a stay in order to preserve the ability of the Solicitor General to determine whether to authorize appeal. But this Court did not impose such a deadline, much less require disclosure within a matter of days after the Court's disposition of the government's timely motion for reconsideration. CNN's position, if accepted, would require the government to routinely move for emergency stays in FOIA cases whenever similar disclosure orders are issued, simply in order to preserve the government's ability to engage in the consultative and deliberative process necessary for the Solicitor General to determine whether to authorize appeal. That outcome would be highly burdensome for the government and for the courts, and should not be countenanced. CNN's motion to "enforce" the Court's Order should be denied.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD STAY ITS JUNE 7, 2019, ORDER PENDING THE GOVERNMENT'S DETERMINATION AS TO WHETHER TO APPEAL AND, IF APPEAL IS AUTHORIZED, PENDING APPEAL

In the alternative, the FBI moves for a stay of the disclosure obligations set forth in the Court's June 7, 2019, Order, pending the government's determination of whether to seek appellate review and, should the Solicitor General authorize appeal, pending appeal.

A party seeking a stay pending appeal must justify such a stay with reference to four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985). "[C]ourts often recast the likelihood of success factor as requiring only that the movant demonstrate a serious legal question on appeal where the balance of harms strongly favors a stay." *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 193 n.5 (D.D.C. 2005) (citations omitted).

Here, the FBI meets all the requirements for a stay. First, the FBI will be irreparably harmed absent a stay, for a simple, compelling reason: once the information contained in these documents is released to CNN, it is effectively released for good. This is particularly true here, as CNN routinely immediately tweets details of any release. *See, e.g.*, https://twitter.com/CNN/status/1125902774523371520 (May 7, 2019, release discussing proffer transcript provided to CNN's counsel that day). Disclosure would therefore moot the FBI's claims that the information should be withheld. A stay of any obligation to produce the material at issue is therefore necessary to preserve the FBI's right to meaningful appellate review on the merits of this case.

For this reason, the Supreme Court has repeatedly granted stays of disclosure orders in FOIA cases pending appeal. *See Dep't of Health & Human Servs. v. Alley*, 556 U.S. 1149 (2009) (ordering stay of district court's order that directed agency to disclose records to plaintiff pending final disposition of appeal); *U.S. Dep't of Commerce v. Assembly of State of Cal.*, 501 U.S. 1272 (1991) (same); *U.S. Dep't of Justice v. Rosenfeld*, 501 U.S. 1227 (1991) (same); *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1308-09 (1989) (Marshall, J., in chambers)

(issuing stay in FOIA action and observing that disclosure of documents would moot defendant's ability to appeal, thereby resulting in irreparable injury). Lower courts have done the same. *See Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. The status quo could never be restored"); *People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) (stay necessary "to avoid irreparable injury to [the government] by having to release documents prior to having the opportunity to seek meaningful appellate review"); *Ctr. for Int'l Envtl. Law v. Office of the U.S. Trade Representative*, 240 F. Supp. 2d 21, 22 (D.D.C. 2003) (concluding "defendants have made a strong showing of irreparable harm because disclosure of the documents in question will render any appeal moot"); *Ctr. for Nat'l Sec. Studies*, 217 F. Supp. 2d at 58 ("[S]tays are routinely granted in FOIA cases.").

      As to the public interest factor, to be sure, the Court has already recognized that "there is enormous public interest in the Comey Memos and documents related to their disclosure." Mem. Op. at 32. However, given that the stay presently requested would be of relatively short duration, the public interest argues more strongly in favor of a stay as the information at issue includes classified information (the redactions in the Comey Memos), the release of which the government believes could reasonably be expected to harm national security. A stay would ensure that the government is given adequate opportunity to appeal if it judges those interests sufficiently at stake here. The public would benefit from a short stay allowing the FBI this opportunity.

      On the other hand, the effect upon CNN of a stay would be minimal because a stay would merely postpone briefly the date of disclosure if the government ultimately decides not to appeal.

Moreover, the vast majority of the documents at issue (the Comey Memos and the First Archey Declaration) have already been disclosed and only a very small amount of information is still at issue. CNN cannot show that it would be significantly harmed by waiting for the limited amount of remaining information. *See John Doe Agency*, 488 U.S. at 1309 (holding that requestor's "interest in receiving the [records] immediately, while significant if [their] interpretation of the FOIA is correct, poses no threat of irreparable harm" to them); *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 514 F. Supp. 2d 7, 8 (D.D.C. 2007) (rejecting the notion that mere delay in disclosing documents would irreparably harm Judicial Watch's ability to provide information to the public, particularly where the media had already extensively covered the event). The balance of harms therefore weighs in favor of a stay here. *See John Doe Agency*, 488 U.S. at 1308; *Providence Journal*, 595 F.2d at 890 ("Weighing this latter hardship [of a stay upon plaintiff] against the total and immediate divestiture of appellants' rights to have effective review in this court, we find the balance of hardship to favor the issuance of a stay.").

Where the movant has established substantial irreparable harm and the balance of harms weighs heavily in its favor, as the FBI has done here, it need only raise "serious legal questions going to the merits" to obtain a stay. *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986) (quoting *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)); *see Providence Journal*, 595 F.2d at 890 (where "the denial of a stay will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to appellee, appellants need not show an absolute probability of success in order to be entitled to a stay"). Here, of course, while no appeal is yet pending, if the Solicitor General ultimately authorizes an appeal, this case would likely present serious legal questions. These questions include, among others, issues concerning the proper classification of

information and public access to *in camera, ex parte* declarations in FOIA suits, the latter a significant issue of first impression.

In sum, the government faces irreparable harm if it were denied the opportunity to appeal the Court's Order, there are national security issues potentially at stake from disclosure of the some of the information at issue, any injury to CNN from a limited postponement of disclosure would be relatively minor, and serious legal questions might be raised if appeal is authorized. For these reasons, a stay should be granted pending the government's determination as to whether to appeal, if the Court would be otherwise inclined to set a deadline for production that precedes the appeal deadline, and, if appeal is authorized, pending appeal.

## CONCLUSION

For these reasons, the Court should deny CNN's Motion to Enforce the Court's Order of June 7, 2019.  In the alternative, it should stay the disclosure obligations of its June 7, 2019, order pending the government's determination as to whether to appeal and, if appeal is authorized, pending appeal.  Lastly, if the Court grants CNN's motion and denies the FBI's motion, the FBI respectfully requests that the Court grant a 14-day administrative stay in order to allow the FBI the opportunity to seek relief from the Court of Appeals.

Dated:  August 26, 2019	Respectfully submitted,

HASHIM M. MOOPPAN
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Civil Division

*/s/Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Civil Action No. 1:17-cv-01167-JEB |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion to Enforce the Court's Order of June 7, 2019 (ECF No. 96), it is hereby

**ORDERED** that Plaintiff's Motion is **DENIED**.

So ordered on this _____ day of _____, 2019.

_____
James E. Boasberg
United States District Judge