## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC., <br><br>    Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br>    Defendant. | Civil Action No. 1:17-cv-01167-JEB |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A DETERMINATION OF DEFENDANT'S LIABILITY FOR REASONABLE ATTORNEYS' FEES AND COSTS**

**INTRODUCTION**

Weeks before the Court's June 7, 2019, judgment in this Freedom of Information Act ("FOIA") case becomes final, plaintiff Cable News Network ("CNN" or "Plaintiff") filed a motion seeking an order that defendant Federal Bureau of Investigation ("FBI" or the "Government") is liable for payment of CNN's reasonable attorneys' fees and costs, with the amount of fees and costs to be determined at a later date. *See* Pl.'s Mot. Attys' Fees (ECF No. 89). Plaintiff's motion is premature. The FBI's time to appeal the Court's judgment has not yet run. Until there is a final, nonappealable judgment in CNN's favor, CNN cannot establish that it has "substantially prevailed" in the case and therefore cannot show it is eligible for fees. And, until the case has concluded and the information at issue has been conclusively ordered released, CNN cannot show that a sufficient public benefit accrued from the lawsuit to establish its entitlement to fees, nor can CNN show that the government's position on the withholdings was unreasonable. Plaintiff's motion should therefore be denied, without prejudice to its renewal at a more suitable time.

**BACKGROUND**

The background of this case is set forth in the Court's prior decisions and will not be recounted in detail here. *See Cable News Network, Inc. v. FBI,* 384 F. Supp. 3d 19 (D.D.C. 2019); *Cable News Network, Inc. v. FBI*, 298 F. Supp. 3d 124, 125-27 (D.D.C. 2018); *Cable News Network, Inc. v. FBI,* 293 F. Supp. 3d 59, 65-57, 69-60 (D.D.C. 2018); *Cable News Network, Inc. v. FBI*, 271 F. Supp. 3d 108, 110 (D.D.C. 2017).  In brief, CNN submitted a FOIA request to the FBI on May 16, 2017, seeking "all records of notes taken by or communications sent from FBI Director James Comey regarding or documenting interactions (including interviews and other conversations) with President Donald Trump[] … between January 20, 2017 and May 10, 2017." Compl. ¶¶ 1, 19 & Ex. A (ECF No. 1).  These records are included within the set of documents commonly referred to as the "Comey Memos."  When CNN deemed that it had not received a timely response to its request, it filed the instant lawsuit.

The ensuing litigation can be divided into two parts.  In Part 1, the FBI withheld the Comey Memos responsive to CNN's request in full, pursuant to FOIA Exemptions 1, 3, 6, 7(A), 7(C), and 7(E), and CNN challenged the bases for these withholdings. *CNN,* 384 F. Supp. 3d at 26.  On the parties' cross-motions for summary judgment, the Court granted the FBI's motion for summary judgment, upholding the withholding of the Memos in full based on Exemption 7(A) only, without passing on the merits of the FBI's other claimed exemptions. *Id.*  CNN appealed. *Id.*

On April 19, 2018, while CNN's appeal was pending, the Department of Justice provided the Comey Memos in redacted form to the Chairman of the Senate Select Committee on Intelligence and the Chairmen of the House Committee on the Judiciary, House Committee on Oversight and Government Reform, and House Permanent Select Committee on Intelligence. *See*

Fifth Hardy Decl. ¶ 12 (ECF No. 69-2).  Congress subsequently disclosed copies of the memos

to the media, and the media published them.  *Id.*; *see also CNN,* 384 F. Supp. 3d at 26-27.  As a

result of these events, on May 4, 2018, the FBI released its own redacted copies of the Comey

Memos by publishing them on the FBI's electronic reading room, The Vault, at

https://vault.fbi.gov/director-comey-memoranda-of-communications-with-president-trump/.

*CNN,* 384 F. Supp. 3d at 27.

In light of these developments the D.C. Circuit remanded the case to this Court for further

proceedings without deciding the merits of CNN's appeal.  *See Cable News Network, Inc. v. FBI*,

No. 18-5041, 2018 WL 3868760, at *1 (D.C. Cir. Aug. 8, 2018).  On remand—Part 2 of the

case—the parties again cross-moved for summary judgment, with the FBI asserting exemptions

1, 3, and 7(E) to protect the remaining redactions in the Comey Memos.  CNN also filed a separate

motion (ECF No. 72) seeking access to two *in camera*, *ex parte* declarations from Part 1 of the

case (the First and Third Archey Declarations) and to the transcript of a sealed, *ex parte*

proceeding that the Court relied upon in Part 1.  In response to CNN's access motion and other

unrelated outside events, the FBI eventually released the proffer transcript and Third Archey

Declaration in full and the First Archey Declarations with redactions.  *CNN,* 384 F. Supp. 3d at

39.

On June 7, 2019, this Court granted in part CNN's motion for summary judgment

regarding the redactions in the Comey Memos, ordering that redactions 1-5, 7, 22, and 23 be

lifted.  *CNN,* 384 F. Supp. 3d at 38.  The Court also granted CNN's motion for access to the

remaining redactions in the First Archey Declaration.  *Id.* at 44.  The Court ordered both sets of

information to be released.  ECF No. 85.

The FBI subsequently filed a timely motion (ECF No. 87) pursuant to Federal Rule of Civil Procedure 59(e) to amend the Court's June 7, 2019, opinion and order, which the Court denied on August 12, 2019 (ECF No. 95).  In the meantime, CNN filed the present Motion for a Determination of Defendant's Liability for Reasonable Attorneys' Fees and Costs on July 19, 2019 (ECF No. 89).  The FBI's notice of appeal, should the government decide to appeal, is due on or before October 11, 2019.

## LEGAL STANDARD

CNN seeks a determination that the FBI is liable for payment of CNN's reasonable attorneys' fees and costs, but not an award of an actual amount of money for fees and costs. Section 552(a)(4)(E) of the FOIA permits a district court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  The courts have determined this provision to require a two-step inquiry to determine liability for fees. *See Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 587 (D.C. Cir. 1981).  The first determination is whether the plaintiff is *eligible* to receive attorneys' fees.  *Id*.  The second determination is whether the plaintiff is *entitled* to attorneys' fees.  *Id*.

To establish "eligibility," the complainant must "substantially prevail," which means that the institution and prosecution of litigation caused the agency to release responsive documents. *Church of Scientology of Cal.*, 653 F.2d at 587 (citing *Cox v. U.S. Dep't of Justice*, 601 F.2d 1, 6 (D.C. Cir. 1979)). A complainant may "substantially prevail" by obtaining relief through a "judicial order, or an enforceable written agreement or consent decree" or by obtaining a "voluntary or unilateral change in position" by the agency.  5 U.S.C. § 552(a)(4)(E)(ii)(I)–(II); *see also Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 218 F. Supp. 3d 27, 38 (D.D.C.

2016).   Whether a plaintiff has "substantially prevailed" is "a question of fact for the District

Court."  *Terris, Pravlik, & Millian, LLP v. Ctrs. for Medicare & Medicaid Servs.*, 794 F. Supp.

2d 29, 34 (D.D.C. 2011).

If the court finds that a plaintiff is eligible for fees, the court must then, "in the exercise

of its discretion, determine whether the plaintiff is 'entitled' to attorney's fees."  *Calypso Cargo*

*Ltd. v. U.S. Coast Guard,* 850 F. Supp. 2d 1, 3 (D.D.C. 2011), *aff'd*, No. 12-5165, 2012 WL

10236551 (D.C. Cir. 2012).   In making this determination, courts consider "(i) the public benefit

from the case; (ii) the commercial benefit to the plaintiff; (iii) the nature of the plaintiff's interest

in the records; and (iv) the reasonableness of the agency's withholding of the requested

documents."  *Morley v. CIA*, 894 F.3d 389, 391 (D.C. Cir. 2018) (citing *Davy v. CIA*, 550 F.3d

1155, 1159 (D.C. Cir. 2008)).   "No one factor is dispositive," *Davy*, 550 F.3d at 1159, and

entitlement is "a matter of district court discretion," *Tax Analysts v. U.S. Dep't of Justice*, 965

F.2d 1092, 1094 (D.C. Cir. 1992).

If the Court finds that a plaintiff is entitled to fees, plaintiff must then establish that the

fees requested are reasonable.   The burden is on the party seeking fees to demonstrate, with

sufficient evidence, that the hours worked and rates claimed are reasonable.  *Hensley v. Eckerhart*,

461 U.S. 424, 433 (1983); *see also Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C.

Cir. 2004).

## ARGUMENT

I.      **CNN IS NOT ELIGIBLE FOR FEES BECAUSE IT HAS NOT OBTAINED
THE RELEASE OF ADDITIONAL MATERIALS RESPONSIVE TO ITS
REQUEST**

As explained above, to establish that that it is "eligible" for a fees award in a FOIA case,

a plaintiff must show that the institution and prosecution of litigation caused the agency (either

voluntarily or through a court order) to release responsive documents.  CNN cannot make this showing here because, to date, it has not obtained, through this litigation, any additional releases of material responsive to its FOIA request, that is, any additional releases of information in the Comey Memos.

First, the Court has already recognized that the release of the redacted Comey Memos themselves was in response to independent, "outside circumstances" and not a result of this lawsuit.  *CNN*, 384 F. Supp. 3d at 26.  This release therefore does not render CNN a prevailing party eligible for fees. *See Poulsen v. Dep't of Def.*, No. 17-cv-03531, 2019 WL 256888, at *4 (N.D. Cal. June 21, 2019) (finding plaintiff ineligible for fees because the government's change in position was a result of the President's independent decision to declassify certain materials, "which was wholly unrelated to the existence of this or any of the related FOIA litigation"): *Mullen v. U.S. Army Crim. Invest. Command*, No. 1:10cv262, 2012 WL 2681300, at *8 (E.D. Va. July 6, 2012) (determining that closure of administrative investigation and not FOIA lawsuit led to release of documents originally withheld under Exemption 7(A)); *Weisner v. Animal & Plant Health Inspection Serv.*, No. 10-568, 2012 WL 2525592, at *3 (E.D.N.C. June 29, 2012) (concluding plaintiff not eligible for fees when defendant released records withheld pursuant to Exemption 7(A) after exemption no longer applied); *Tchefuncta Club Estates v. U.S. Army Corps of Eng'nrs*, No. 10-1637, 2011 WL 2037667, at *2 (E.D. La. May 24, 2011) (finding release of information after Exemption 4 was no longer applicable did not create change in agency position). Indeed, despite taking credit in the opening line of its brief for the Comey Memos being "available to the public almost in their entirety," CNN does not argue in the eligibility portion of its brief

that they are eligible for fees based on the release of the Memos themselves.  *See* Pl.'s Mot. Attys'

Fees, at 4.[1]

Second, although the Court's June 7, 2019, decision has ordered some of the redactions

in the released Memos lifted, the FBI's time to appeal this decision has not yet run, and therefore

the Court's decision is not final in the sense that it could be reversed by a higher court.  Pl.'s Mot.

Attys' Fees, at 4.  CNN will not be a prevailing party as to the redactions addressed in this decision

and accompanying judgment until the Court's judgment is final and nonappealable.  To be sure,

the D.C. Circuit has recognized that fees may be awarded on an interim basis in some

circumstances in FOIA cases.  *See Clemente v. FBI*, 867 F.3d 111, 120 (D.C. Cir. 2017).  But

CNN is not seeking a specific award of fees on an interim basis; it only wishes to establish *liability*

for fees.  In the absence of an immediate need for funds, the usual justification for interim awards,

it would be premature, inefficient, and unnecessary for the Court to address CNN's eligibility

(and entitlement) to an award in advance of a final, nonappealable judgment in the case.  The

Court risks having to reconsider its determination, on new briefing from the parties, should the

FBI (or CNN) appeal, and should the outcome change on appeal.  CNN provides no reason for

the Court to proceed in this inefficient manner.  *See Allen v. FBI*, 716 F. Supp. 667, 669-72

(D.D.C. 1989) (noting that addressing fees on an interim basis "would result in speculative,

piecemeal litigation" that "is not the most desirable method of relief"); *see also Batton v. Evers*,

598 F.3d 169, 184 (5th Cir. 2010) (remanding case to district court and determining that "issue

of plaintiff's entitlement to fees and costs is not yet ripe for review"); *Beltranena v. Clinton*, 770

---

[1] If, and when, plaintiff files a request for a determination of the *amount* of an award of attorney's fees, the FBI notes that it is likely that the request should be pared down quite a bit, as CNN should not be entitled to the fees it expended on Part 1 of the lawsuit.

F. Supp. 2d 175, 187 (D.D.C. 2011) (finding request for fees "premature" where plaintiff has "not articulated any need for an interim award of fees"); *Hussain v. U.S. Dep't of Homeland Sec.*, 674 F. Supp. 2d 260, 272-273 (D.D.C. 2009) (concluding motion for fees premature where final judgment was not yet entered).

Third, although CNN does not address this ground, the FBI further notes that its voluntary release of some of the supporting materials it had filed with the Court to justify its redactions, specifically, the Third Archey Declaration and proffer transcript, and the majority of the First Archey Declaration, does not render CNN a prevailing party for the purposes of the FOIA statute. The FOIA statute does not make a plaintiff eligible for attorneys' fees if it prevails on *any* dispute within a case.   Instead, plaintiffs are eligible only if they "obtain[] relief," 5 U.S.C. §552(a)(4)(E)(ii), which has been interpreted as the "release [of] documents pursuant to the legal mandate of FOIA." *Campaign for Responsible Transplantation v. Food & Drug Admin.*, 511 F.3d 187, 195 (D.C. Cir. 2007).  The Archey Declarations and proffer transcript, generated solely for the purpose of this litigation to support the FBI's redactions, were not released pursuant to FOIA, as Plaintiff never filed a FOIA request for this material.  Rather, this supporting material can be compared to *Vaughn* indices, as the purpose of both types of information is "to facilitate the litigation process."  *Id.* at 196.  In this circuit, however, the courts have held that materials such as "*Vaughn* indices are not properly understood as relief on the merits for a FOIA plaintiff." *Id.*; *see also Conservation Force v. Jewell*, 160 F. Supp. 3d 194, 207 (D.D.C. 2016) (citing *Campaign for Responsible Transplantation*, 511 F.3d at 196); *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 83 F. Supp. 3d 297, 305 (D.D.C. 2015) (disagreeing that defendant's provision of "more fulsome explanations" for certain withholdings meant that plaintiff substantially prevailed, stating that "[t]he sin quo non of eligibility is the release of

tangible records" and "the FBI's release of information regarding the reasons for its withholdings does not meet the litmus test for eligibility"), *overruled on other grounds as recognized in Nat'l Sec. Counselors v. CIA*, 811 F.3d 22, 29 (D.C. Cir. 2016).  Therefore, the release of this material is irrelevant to a determination as to whether CNN is eligible for fees, and CNN does not argue otherwise.

**II.      CNN IS NOT ENTITLED TO FEES BECAUSE THE LITIGATION PRODUCED NO PUBLIC BENEFIT AND THE FBI'S WITHHOLDINGS WERE REASONABLE**

Even were the Court to conclude that CNN is eligible for fees, at least pending further developments in the case, CNN is not entitled to fees.  As stated above, in determining whether a plaintiff is entitled to fees, the courts apply a four-factor test.  Both the first (public benefit) and fourth (the basis for the government's withholding) factors weigh against finding CNN entitled to fees here, as the tiny bit of information released as a result of this lawsuit will not benefit the public and the government had a reasonable basis in law for withholding the information at issue.  Although the government does not contest that the second and third factors weigh in favor of CNN here, balancing those factors against the minimal public benefit, and the reasonableness of the government's position, dictates that CNN be found not entitled to fees.

First, the public benefit factor weighs against finding CNN entitled to fees here.  The public benefit factor "speaks for an award [of attorney fees] when the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices." *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (quoting *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir. 1979)).  Such a determination entails an evaluation of the nature of the specific information disclosed.  *Cotton*, 63 F.3d at 1120.  A claim that "the release of any government document benefits the public by increasing its knowledge of its government" will not suffice.  *Id.*

9

Notably, the release of the redacted Comey Memos was not a result of the lawsuit, and therefore the public benefit obtained from publication of the bulk of the Comey Memos as a whole is not relevant to the analysis here. The only information released from the Comey Memos as a result of the lawsuit (should the Court's current judgment become the final judgment) would be the information in the very limited redactions 1-5, 7, 22 and 23. Plaintiff's claim that "the release of the information secured by CNN is *certain* to contribute additional information the public may use in making vital political choices," Pl.'s Mot. Attys' Fees, at 5, before even knowing what the information actually says, rings hollow. It is doubtful that this very small bit of information regarding the President's view of certain countries and leaders two years ago, will contribute meaningfully to the "fund of information that citizens may use in making vital political choices." *See Cotton*, 63 F.3d at 1120 (finding lack of public benefit where no evidence exists that the release of the two non-exempt documents will contribute to the public's ability to make vital political choices); *Bryant v. CIA*, 818 F. Supp. 2d 153, 157 (D.D.C. 2011) (finding lack of public benefit "crucial defect" in request for fees when only two documents pertaining to airborne encounters with unidentified flying objects were turned over); *Terris, Pravlik & Millian, LLP*, 794 F. Supp. 2d at 39 (finding no public benefit in disclosures where "[t]here is nothing about the information that would advance public dialogue"). Again, the mere fact that CNN, or even the public, would be interested in the released material, is not the test. Nor is it relevant that the information is classified; the test for classification, whether disclosure of the information would cause harm to national security, is different from the public benefit test courts look at in the fees context—so information can pertain to national security (*e.g.*, technical details of weapons manufacture) without necessarily providing the public with information it could use in making political choices.

Second, the fourth factor, the reasonableness of the government's legal position and conduct, also weighs against an award of fees here.  The government withheld the information in question because it was classified pursuant to Executive Order 13526.  The information was procedurally properly classified, and the Court did not find otherwise.  *See CNN*, 384 F. Supp. 3d at 33-34.  The Court did disagree with the FBI's conclusion the information at issue met the substantive requirements for classification, finding that the government did not provide a plausible rationale articulating a line between the withheld information and harm to foreign relations.  However, to preclude an award of fees, the government need not prove that its position was legally correct, as CNN asserts (Pl.'s Mot. Attys' Fees, at 6), "only that the Government 'had a reasonable basis in law for concluding that the information in issue was exempt and that it had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.'"  *LaSalle Extension Univ. v. FTC*, 627 F.2d 481, 486 (D.C. Cir. 1980) (quoting *Fenster*, 617 F.2d at 744).

Thus, the government need only have "a colorable basis in law" for it to satisfy this part of the balancing test.  *Chesapeake Bay Found., Inc. v. U.S. Dep't of Agric.*, 11 F.3d 211, 216 (D.C. Cir. 1993).  For the redactions at issue here, the government cited three cases holding in various contexts that official confirmation of sensitive information can adversely affect foreign relations, given the "niceties of international diplomacy" and "face-saving" considerations.  *See* ECF No. 69-1, at 15.  These cases establish that the government's position, even if deemed not correct by the Court, had a colorable basis in law.  *See Dorsen v. U.S. Securities & Exchange Comm'n,* 15 F. Supp. 3d 112, 125 (D.D.C. 2014) (holding that defendant had established a colorable basis in law and citing cases)*; see also Menasha Corp. v. U.S. Dep't of Justice*, No. 11-

C-682, 2012 WL 1034933, at \*7 (E.D. Wis. Mar. 26 2012) (stating court "cannot conclude the government's withholding was entirely unreasonable or without basis" "given the lack of case law on point").  Indeed, the Court did not disagree with the government's statement of the law and upheld some of the redactions of similar classified material.  *CNN*, 384 F. Supp. 3d at 36 (discussing redactions 6, 20, 21, and 24).

As indicated above, under this prong, courts also look at whether the government has been "recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior." *Fenster,* 617 F.2d at 744.  CNN cites the government's Rule 59(e) motion as evidence of the government's recalcitrance.  Pl.'s Mot. Attys.' Fees at 6.  But this motion was directed only to the part of the Court's decision addressing access to the First Archey Declaration, not to the materials at issue in the FOIA request (*i.e.*, the Comey Memos).  Thus, the Rule 59(e) motion's purpose could not have been "to evade [the government's obligations] under this Court's Order, and FOIA to release the improperly withheld material *in the Comey Memos.*"  *Id.*  Nor was the motion was filed for the purpose of delay, as CNN asserts.  Nothing in the Court's opinion denying the motion, including the Court's characterizing the FBI's position as "chutzpah," ECF No. 95 at 1, suggests that the FBI's purpose in filing it was to evade its obligations under the Court's June 7 order or FOIA.  Therefore, it does not represent unreasonable or obdurate behavior by the government in this case, and certainly not with regard to the FOIA aspects of this case.

## CONCLUSION

For the foregoing reasons, CNN is neither eligible for nor entitled to attorneys' fees and cost and its Motion for a Determination of Defendant's Liability for Reasonable Attorneys' Fees and Costs should be denied, without prejudice to its renewal at a more appropriate time.

Dated:  August 26, 2019

Respectfully submitted,

HASHIM M. MOOPPAN
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Civil Division

*/s/Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>        Defendant. | Civil Action No. 1:17-cv-01167-JEB |

## [PROPOSED] ORDER

Upon consideration of Plaintiff CNN's Motion for a Determination of Defendant FBI's

Liability for CNN's Reasonable Attorneys' Fees and Costs (ECF No. 89), it is hereby

**ORDERED** that Plaintiff's Motion is **DENIED** without prejudice to renewal at a later

date.

So ordered on this _____ day of _____, 2019.

_____
James E. Boasberg
United States District Judge