**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CABLE NEWS NETWORK, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　　Defendant. | Case No. 1:17-cv-01167-JEB |

**REPLY IN SUPPORT OF PLAINTIFF CNN'S MOTION
FOR A DETERMINATION OF DEFENDANT FBI'S
LIABILITY FOR CNN'S REASONABLE ATTORNEYS' FEES AND COSTS**

In response to CNN's motion for a ruling on the FBI's liability to CNN for its reasonable fees and costs, the FBI largely relies on its own foot-dragging.  The FBI argues, in bootstrap fashion, that because it has yet to produce any documents despite the Court's June 7, 2019 Order, CNN is neither entitled to nor eligible for any fees.  The FBI compounds what the Court characterizes as the bureau's "chutzpah" with the meritless argument that there was no public benefit to litigating the release of more details contemporaneously recorded by the FBI Director, before he was abruptly fired, about his conversations with the President.

The FBI's arguments here are more excuses for prolonging this litigation.  This Court should enter an order that CNN has established its entitlement and eligibility for reasonable attorneys' fees and costs in this FOIA litigation, in an amount to be determined later.

## I.　　THE FBI DOES NOT MEANINGFULLY DISPUTE CNN'S ELIGIBILITY FOR FEES

To be clear, the FBI does not argue that CNN is ineligible to fees under FOIA law, but that CNN is not eligible <u>yet</u> because the FBI has not complied with this Court's Order of June 7.

Opp. at 6.  Indeed, nowhere does the FBI offer any argument that CNN is not the prevailing

party pursuant to that Order and FOIA.  Thus, this Court should treat the question of eligibility

*vel non* as conceded.[1]

Instead, the FBI spends multiple pages arguing that CNN is not entitled to fees for

winning the portion of the Court's Order releasing the First Archey Declaration and other *ex

parte* portions of the sealed court proceedings.  CNN has not even asked the Court for fees for

that portion of the case.  CNN's entire request is grounded in a request for fees under FOIA.

Dkt. 89 at 3 (requesting an order determining FBI's liability for fees and costs "because CNN

has obtained an Order requiring the FBI to release important public information it improperly

withheld under FOIA").  Indeed, while devoting much of the Opposition to straw-man

arguments, the FBI concedes that "CNN does not argue in the eligibility portion of its brief that

they are eligible for fees based on the release of the Memos themselves."  Opp. at 6-7.

CNN has not requested an interim fee award, or at this juncture, any dollar-specific fee

award, at all.  The Court has made its final determination that the FBI wrongfully withheld

public records under FOIA, and has underscored that determination in strongly rejecting the

FBI's dilatory Rule 59(e) motion.  CNN simply asks that the Court, having made that final

determination, hold that the FBI is liable for its fees under FOIA.  Litigation about the amount

can and should wait until another day.

## II.    CNN'S ENTITLEMENT TO A FEE AWARD IS CLEAR

The FBI does not dispute that two of the four factors supporting entitlement to a fee

award tip in CNN's favor.  Opp. at 9.  Its arguments regarding the other two factors do not

---

[1] To the extent the FBI's Opposition is really another request that the Court stay
consideration of the liability portion of CNN request for fees and costs, the Court has already
rejected that request in the telephone hearing with Chambers on August 27, 2019.

survive reasonable scrutiny.

The FBI initially asserts that there has been no public benefit from CNN's FOIA litigation because it has not complied yet with the Court's order. *Id.* at 9-10. But, as with its similar argument regarding eligibility, the FBI cannot evade its liability for CNN's fees by engaging in stalling tactics. The Court has already determined that "there is enormous public interest in the Comey Memos and documents related to their disclosure." Dkt. 86 at 32.

The government further claims that when the improperly redacted information is released, it will not "contribute meaningfully" to the information available for citizens to use in making political choices. *Id.* The FBI's argument ignores that the President frequently comments on foreign countries, their people and their political leaders in favorable and unfavorable terms. The release of this same type of information, which the FBI characterizes here as "the President's view of certain countries and leaders two years ago," *id.* at 10, will most certainly help the American people make political decisions.

In fact, the D.C. Circuit has already rejected the FBI's assertion of an extraordinarily high public benefit bar. In *Davy v. CIA*, it affirmed a fee award to a requester despite complaints by the government and the panel's dissenting member that the information released regarding the assassination of President Kennedy was of little value. 550 F.3d 1155, 1159-60 (D.C. Cir. 2008). As Judge Tatel explained in his concurrence:

> So long as the information sought was of a type the public might want to know, we should consider the objective underlying this element of our test met. Davy's suit sought records regarding the assassination of an American president; we need know nothing more to find that the first factor favors him.

*Id.* at 1164 (Tatel, J., concurring). Here, the FBI unlawfully withheld information about the current President in memos written by an FBI Director the President fired in the midst of a probe into his campaign and his potential obstruction of justice. That is more than enough to show the

public benefit of its release.

Lastly, the FBI asserts that it had a colorable basis in law for its withholdings and therefore the fourth factor of the balancing test, the reasonableness of its conduct, tips in its favor.  Opp. at 11-12.  But, as the FBI admits, "courts also look at whether the government has been 'recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.'" *Id.* at 12 (quoting *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir. 1979)).  Here, after dragging out this litigation for years, and losing a portion of the FOIA litigation, the government continues to engage in the type of "obdurate behavior" the D.C. Circuit disfavors, most recently reflected by the FBI's baseless Rule 59(e) motion.  To briefly recap the timeline, as CNN laid out in its Motion (Dkt. 89 at 3,6):  On July 3, nearly a month after this Court's June 7 Order, counsel for CNN wrote to counsel for the FBI to seek compliance with that order.  Only two days later, and waiting until the last possible day under the rules, the FBI filed its motion to amend judgment. Counsel for the FBI then responded to CNN's request for compliance by asserting it was under no obligation because its Rule 59(e) motion had stopped the clock. The Court firmly rejected that motion, noting that it "does not come close" to the Rule 59(e) standard.  *See* Mem. Op. at 8 (Dkt. 95).  On top of the two years of delaying a resolution of this litigation, the FBI has now assured at least another few months' delay, at a minimum, in releasing the public accounting of the President's behavior as the Court ordered.

No one factor is dispositive of the entitlement analysis, which is "a matter of district court discretion."  *Tax Analysts v. U.S. Dep't of Justice*, 965 F.2d 1092, 1094 (D.C. Cir. 1992).  Here, however, all four factors decisively point in CNN's favor.  CNN respectfully requests that this Court exercise its discretion and determine that CNN is eligible for and entitled to an award of its reasonable attorneys' fees and costs.

**<u>CONCLUSION</u>**

For all of the foregoing reasons, and for all of the reasons stated in its Motion, CNN respectfully requests that this Court enter an order declaring that Defendant FBI is liable to Plaintiff CNN for an award of its reasonable attorneys' fees and costs.

Dated:  September 3, 2019             Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Matthew E. Kelley (#1018126)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
kelleym@ballardspahr.com

*Counsel for Plaintiff Cable News Network, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I caused the foregoing to be filed and served electronically via the Court's ECF System upon counsel of record.

Dated:  September 3, 2019                    /s/ *Charles D. Tobin*
                                            Charles D. Tobin